1 Family of McCandlish Trust
2 2700 Caples Avenue #2441
3 Vancouver. Washington. 98661-9998.
4 Grantors Office
5 (360) 634-2299 phone
6 (360) 634-2331 - fax
7 grantor1drop@pm.me
8 _____
9
10

Pro Per Sui Juris

_____ FILED _____ LODGED
_____ RECEIVED

AUG 28 2025

CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT TACOMA
BY_____ DEPUTY

11 **UNITED STATES DISTRICT COURT**
12 **WESTERN DISTRICT OF WASHINGTON**

| | |
|---|---|
| Victoria Diane McCandlish (formerly: Heacock), Plaintiff, vs. NEWREZ LLC d/b/a Shellpoint Mortgage Servicing, Baron Silverstein: CLEAR RECON CORP, Monica Chavez; Clark County Clerk, Scott G. Weber; Bank of America, N.A., Alastair M. Borthwick; HSBC Holdings, Pam Kaur; Stewart Title Corporation Defendants. | Case No.  3:25-cv-05553-DGE<br><br>Plaintiff' Verified First Amended Complaint<br><br>**Noting Date: August 27, 2025**<br>Word Count: 5835 |

13 **VERIFIED FIRST AMENDED COMPLAINT FOR:**

14       (1) Declaratory Judgment / Quiet Title; (2) Cancellation of False Instruments; (3) Fraud
15 in the Inducement (Rule 9(b)); (4) Negligence / Interference with Possessory Rights; (5) Unjust
16 Enrichment; (6) Permanent Injunction; and (7) Other Relief in Law or Equity– Jury Trial
17 Demanded
18
19                     INTRODUCTORY STATEMENT

20       COMES NOW Plaintiff, Victoria Diane McCandlish ("Plaintiff"), pro se, sui juris, and
21 files this Verified First Amended Complaint against the above-named Defendants.

22 Plaintiff is the fee simple owner of the real property commonly known as 7100 NE 151st Circle,
23 Vancouver, Washington 98686 (Clark County Parcel No. 196320005 & 196319005), which she
24 occupies and uses solely as her private dwelling.

25 On or about April 19, 2007, at Stewart Title's Vancouver, Washington office, Defendants and
26 their agents presented Plaintiff with documents purporting to create a mortgage loan secured by a
27 deed of trust on this Property. These instruments were prepared, executed, and recorded without
28 lawful authority, without consideration, and under false pretenses. Defendants have since sought
29 to enforce those instruments, causing a persistent cloud on Plaintiff's title, wrongful foreclosure
30 attempts, and continuing emotional, reputational, and financial injury.

31 This action arises under federal law, including the Truth in Lending Act (TILA), 15 U.S.C. §
32 1601 et seq.; the Real Estate Settlement Procedures Act (RESPA), 12 U.S.C. § 2601 et seq.; and
33 the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692 et seq. The Court also has
34 supplemental jurisdiction over Plaintiff's state-law and equitable claims.

35 Plaintiff has exhausted available administrative remedies, including service of a Notice of Claim
36 for Trespass: Negligence and False Claims (Exhibit 1-A), which Defendants failed to rebut.

1 Plaintiff verifies the factual allegations in this complaint under penalty of perjury and seeks
2 declaratory, injunctive, compensatory, statutory, and punitive relief to remedy Defendants'
3 unlawful acts, to cancel false filings, and to restore her title free and clear of void encumbrances.

4 ## Parties
5

6 1. Plaintiff Victoria Diane McCandlish (formerly Heacock) ("Plaintiff") is an individual and
7    the recorded owner of the real property commonly known as 7100 NE 151st Circle,
8    Vancouver, Washington (Parcel No. [196320005 & 1963190005]). Plaintiff brings this
9    action pro per sui juris and owns and occupies the Property as a private, non-commercial
10   dwelling. A copy of the tax parcel/deed of trust record is attached as Exhibit
11   RF222430974.0001-A - RF222430974.0002-B.

12 2. Defendant NEWREZ LLC d/b/a Shellpoint Mortgage Servicing. NEWREZ LLC (herein
13    as "NEWREZ/Shellpoint) is a mortgage servicer, unlicensed for-profit debt collector, and
14    loan-related entity that conducts business in the State of Washington and that is identified
15    in loan/servicing records and public filings relating to the Property. Plaintiff sues
16    NEWREZ LLC for acts and omissions arising from its role in servicing, servicing
17    communications, and the loan/assignment/recording chain identified in this Complaint.
18    (See Exhibits RF222430974US.0003-C)

19 3. Defendant Baron Silverstein. Baron Silverstein (herein as "Silverstein") is a corporate
20    officer of NEWREZ LLC who oversees all origination, servicing, and other
21    enterprise-wide corporate functions. According to public corporate filings and materials,
22    he holds executive authority at NEWREZ. Mr. Silverstein is named to the extent
23    corporate acts, ratification, or policies under his control are alleged in this Complaint.

24 4. Defendant Clear Recon Corp. Clear Recon Corp. (herein as "Clear Recon") is acting as
25    trustee on behalf of HSBC Bank (or an HSBC affiliate) and is purporting to act as the
26    current beneficiary with respect to the deed of trust recorded against the Property. Clear
27    Recon, by and through its agent Monica Chavez, initiated foreclosure proceedings and
28    caused the Property to be posted on Zillow as a foreclosure/sale listing. Copies of the
29    relevant recorded trustee/foreclosure filings and the Zillow listing screenshot are attached
30    as Exhibit RF222430974.0004-D and Exhibit RF222430974.0005-E, respectively.

31 5. Defendant Monica Chavez. Monica Chavez (herein as "Chavez") is an agent, trustee, or
32    authorized representative of Clear Recon Corp. who has signed and/or caused to be filed
33    the instruments attached as Exhibit D. Plaintiff names Ms. Chavez to the extent she acted
34    as a signing agent, trustee, or record-filing representative for Clear Recon Corp. (see
35    Exhibit RF222430974.0006-F)

36 6. Defendant Scott G. Weber. Scott G. Weber (herein as "Weber") is the Clark County Clerk
37    (or the person serving in that office) and is named in connection with duties as custodian
38    of public recording records for Clark County. Plaintiff seeks correction of public
39    recordings and injunctive and declaratory relief that may require cooperation by the Clark
40    County Clerk.

41 7. Defendant Bank of America, N.A.. Bank of America, N.A. (herein as "BANA") is
42    identified in public records and corporate disclosures as a creditor, servicer, assignee, or
43    otherwise a party in the chain of title (formerly Countrywide Home Loans) and loan
44    servicing for the loan referenced in this Complaint. BANA is sued for actions and
45    omissions related to alleged recordings, assignments, and other acts that cloud title or
46    otherwise harmed Plaintiff. (See Exhibit RF222430974US.0002-B- &
47    RF222430974US.0007-G.)

48 8. Defendant Alastair M. Borthwick. Alastair M. Borthwick (herein as "Borthwick") is
49    Chief Financial Officer of Bank of America, N.A., and is named to the extent corporate
50    policies, authorizations, or ratifications allegedly relevant to the challenged conduct are

1    attributable to corporate decisionmakers. Mr. Borthwick is sued only to the extent his
2    individual or official acts are alleged and supported by the factual record.

3    9. Defendant HSBC Holdings. HSBC Holdings (herein as "HSBC") is a global banking and
4      financial services holding company identified in public filings and corporate disclosures
5      as an entity connected to the loan, assignment, or transfer chain affecting the Property.
6      HSBC is named to the extent records or discovery show that HSBC, or a specific HSBC
7      affiliate or business unit, holds, claims, or transferred an interest in the promissory note,
8      deed of trust, or related instruments encumbering the Property. Plaintiff will amend to
9      identify the precise HSBC entity implicated as discovery and record review permit. (see
10     Exhibit RF222430974US.0005-E & RF222430974US.0006-F)

11   10. Defendant Pam Kaur. Pam Kaur (herein as "Kaur") is identified in public filings as
12      Group Chief Financial Officer of HSBC Holdings. Kaur is named in her official capacity
13      only, and only to the extent corporate policies, approvals, or ratifications within her
14      authority are alleged and supported by the factual record. Plaintiff does not assert
15      personal liability against Ms. Kaur except to the extent that discovery yields facts
16      sufficient to state an individual claim.

17   11. Defendant Stewart Title Corporation. Stewart Title Corporation (herein as "Stewart
18      Title") is a title insurer and closing/escrow agent that provided title and closing services
19      in connection with the mortgage origination or subsequent transfers involving
20      Countrywide Home Loans, interests later acquired by Bank of America, N.A. Plaintiff
21      alleges Stewart Title acted as agent and prepared or caused to be recorded documents in
22      the chain of title affecting the Property. Stewart Title is named only to the extent its
23      actions or omissions contributed to the cloud on title; Plaintiff will supplement with
24      specific instrument numbers and recording dates as discovery identifies them. (see
25      Exhibit RF222430974US.0002-B & RF222430974US.0006-F)

26   12. Capacity and limits of pleadings. Where this Complaint alleges acts by a corporate
27      defendant, Plaintiff intends those allegations to be against the corporation; where the
28      Complaint alleges acts by a corporate officer or agent, Plaintiff intends those allegations
29      only to the extent supported by facts showing personal participation, direction,
30      ratification, or other individual conduct sufficient to state a claim against that person in
31      his or her individual or official capacity.

32   13. Potential additional parties / Rule 19(a) candidates. Based on the documents presently
33      available to Plaintiff (recorded instruments, public recordings), the following categories
34      of persons may be required parties under Fed. R. Civ. P. 19(a) and will be joined if and
35      when they can be identified with sufficient accuracy and served:

36       a. The current holder or lawful owner of the promissory note and the beneficial
37        interest under any deed of trust or mortgage encumbering the Property (the "Note
38        Holder" or "Beneficiary");

39       b. The recorded trustee under any deed of trust or the trustee who executed trustee
40        sale or foreclosure-related instruments;

41       c. Any securitization trust, REMIC, certificate holder, investor, or other entity
42        claiming beneficial ownership of the loan at issue; and

43       d. Any additional servicer, assignor, or transferor shown in the recorded assignment
44        chain whose joinder is necessary to afford complete relief.

45   14. Rule 19(c) diligence and reasons for non-joinder at present. Plaintiff certifies that she has
46      undertaken a diligent review of the public recording records, and corporate disclosure
47      statements (see Exhibits RF222430974US.0002-B–RF222430974US.0006-F). Despite
48      those efforts, Plaintiff cannot at this time identify with certainty the full legal name and
49      service address of the Note Holder, certain trust or investor beneficiaries, and, in some

instances, the recorded trustee, because the public records identify nominee, custodian, or trustee names without publicized service addresses or list beneficial ownership in nominee form. For each such person or entity:

    a. If known, Plaintiff will add name and service address; if not known, Plaintiff will state "unknown at present."

    b. Reason not joined now: Plaintiff lacks sufficient identifying information or a reliable service address after diligent public-record searches and therefore cannot affect proper service. Plaintiff will promptly join any such person once identified by further record searches, discovery (including document subpoenas to named servicers), or other investigation, and requests leave to amend to add such parties when identified.

15. Effect of joinder on jurisdiction and venue. To Plaintiff's present knowledge, joinder of the persons identified in paragraph 11 will not deprive this Court of subject-matter jurisdiction or render venue improper. If factual development shows otherwise, Plaintiff will so state and will request appropriate relief from the Court (including, if necessary, transfer or other measures).

16. Relief requested to parties. Plaintiff seeks to name, join, and, where necessary, obtain relief against all persons who claim an interest in the Property or who hold or assert rights under the instruments that are the subject of this action. Plaintiff asks the Court to permit prompt joinder of any required party discovered during initial or subsequent discovery in accordance with Fed. R. Civ. P. 19 and to make any necessary Rule 19(b) determination if joinder proves infeasible.

17. Reservation and amendment. Plaintiff reserves the right to amend this Parties section to add or correct party names, capacities, addresses, or roles as additional facts and records become available through discovery, public records, or other investigation.

18. Plaintiff sues them as labeled and alleges below the specific acts attributable to each defendant.

## JURISDICTION & VENUE

19. Jurisdiction. This Court has subject-matter jurisdiction under 28 U.S.C. § 1331 because Plaintiff asserts claims arising under federal law, including the Truth in Lending Act (TILA), 15 U.S.C. § 1601 et seq., the Real Estate Settlement Procedures Act (RESPA), 12 U.S.C. § 2601 et seq., and the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692 et seq.

20. The Court has supplemental jurisdiction over Plaintiff's state-law claims under 28 U.S.C. § 1367.

21. The amount in controversy exceeds $75,000.

22. Venue. Venue is proper in the Western District of Washington under 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to the claims occurred in Clark County, Washington, and the real property that is the subject of this action is located in this District.

## COUNT I
## LACK OF BORROWER CAPACITY
(Against Stewart Title Company; Countrywide Home Loans, Inc. / Bank of America, N.A.; NEWREZ LLC d/b/a Shellpoint Mortgage Servicing; and Baron Silverstein)

23. On April 19 2007, while closing the purported mortgage transaction at Stewart Title's Vancouver, Washington office, (a) Stewart Title, as settlement agent, was bound by 12 U.S.C. § 2605(b)–(d) (RESPA) and its common-law fiduciary obligations to disclose material facts and prepare only lawful instruments; and (b) Countrywide Home Loans—now Bank of America, N.A. ("BANA")—owed parallel disclosure duties under the Truth in Lending Act, 15 U.S.C. § 1601 et seq., together with an affirmative duty to verify that any proposed borrower met all statutory eligibility requirements.

24. Federal lending statutes restrict federally regulated real-estate credit to juridical persons expressly authorized to incur such debts. See 7 U.S.C. § 1922; 12 C.F.R. § 204.1(c)–(d); RCW 62A.3-104(d). These provisions permit banks to extend mortgage credit only to corporations, trusts, partnerships, or other legally recognized entities capable of issuing negotiable instruments; they do not authorize the creation of a federally regulated mortgage obligation against a private woman lacking legal capacity to contract.

25. Breach. Despite those restrictions:
   a. Stewart Title drafted, notarized, and recorded a deed of trust falsely representing Plaintiff—a private woman with no separate legal entity—as a legally competent "borrower."
   b. Countrywide (now, BANA) approved, funded, and booked the loan without performing the legally mandated capacity verification.
   c. NEWREZ/Shellpoint, through its president Baron Silverstein, later ratified and pursued collection on the void instrument, continuing the original violation.

26. None of the Defendants informed Plaintiff that, under Title 12 and the above-cited regulations, she was not an eligible borrower; none explained that the note and deed of trust would be void ab initio for want of borrower capacity. This nondisclosure violated RESPA, TILA, and Defendants' fiduciary duties of candor.

27. Because Plaintiff lacked capacity, the note and deed of trust executed on April 19, 2007 constitute an ultra vires contract unenforceable as a matter of federal and Washington law. See Fed. Crop Ins. Corp. v. Merrill, 332 U.S. 380 (1947) (ultra vires contracts void); RCW 62A.3-104(d).

28. As a direct and foreseeable result of Defendants' capacity violation and the recording of the void deed of trust, Plaintiff has suffered:
   a. a persistent cloud on title inhibiting refinance or sale;
   b. out-of-pocket expenses exceeding $25,000 for legal consultations, record corrections, and foreclosure defense;
   c. emotional distress manifested by anxiety, loss of sleep, and medical consultations; and
   d. continuing exposure to unlawful foreclosure and credit impairment.

29. Plaintiff seeks (a) a declaration that the April 19, 2007 note and deed of trust are void ab initio for lack of borrower capacity; (b) cancellation and expungement of all related recorded instruments; (c) compensatory damages in an amount to be proven at trial, certified on a True Bill, but not less than $250,000; (d) costs and reasonable case preparation expenses under 12 U.S.C. § 2605(f) and 15 U.S.C. § 1640(a); and (e) any further relief the Court deems just and equitable.

**COUNT II**
**LACK OF LENDING AUTHORITY**
(Against Bank of America, N.A., (BANA);
NEWREZ LLC d/b/a Shellpoint Mortgage Servicing; and Stewart Title Company)

30. Under 12 U.S.C. § 371, only national banks chartered and authorized by federal law may make loans secured by real estate, and even then only within strict statutory limits. Washington law requires mortgage lenders to be duly licensed and to act solely within the scope of their regulated authority. See RCW 31.04.025(1); RCW 19.148.020. These statutes, together with federal banking law, embody a clear public policy that only lawfully chartered, supervised entities may originate, enforce, or service mortgage transactions involving dwellings.

31. At the April 19, 2007 closing in Vancouver, Washington, Bank of America, N.A. (successor to Countrywide) owed Plaintiff the duty to originate only those mortgage loans authorized by its charter and federal law. NEWREZ LLC, a later servicer not licensed in Washington at the time to originate residential mortgages, likewise had no lawful authority to present, enforce, or collect on such loan instruments. Stewart Title, as closing agent, owed a fiduciary duty not to facilitate or record instruments that were ultra vires or outside the chartered authority of the originating institution.

32. Breach.
   a. BANA/Countrywide exceeded its lawful authority by presenting Plaintiff—a private woman with no commercial capacity—with mortgage loan documents purporting to create a federally regulated lien against her private dwelling.
   b. NEWREZ LLC, with executive oversight by Baron Silverstein, assumed servicing rights and falsely represented that the loan was enforceable though it originated outside the scope of lawful authority.
   c. Stewart Title closed and recorded the transaction despite knowing or having reason to know that the originating lender lacked lawful capacity to extend the credit instrument under the controlling statutes.

33. The resulting transaction was ultra vires and void ab initio. See National Bank v. Matthews, 98 U.S. 621, 628 (1878) (acts beyond a bank's statutory lending authority are void). Washington courts likewise hold that deeds of trust executed outside statutory lending authority are unenforceable.

34. Plaintiff reasonably relied upon Defendants' representations that the loan and deed of trust were lawfully issued. In reliance, Plaintiff executed the documents, allowing a deed of trust to be recorded against her private dwelling. That false reliance caused:
   a. a continuing cloud on title;
   b. the initiation of foreclosure without legal foundation;
   c. expenditure of personal funds to contest the illegitimate enforcement; and
   d. severe emotional distress and uncertainty relating to the threatened loss of her home.

35. As a proximate result of Defendants' lack of lending authority, Plaintiff has suffered monetary losses in defending against invalid foreclosure threats, credit injury, reputational harm, and personal emotional distress.

36. Plaintiff seeks (a) a declaration that the April 19, 2007 loan and deed of trust were issued ultra vires and are void ab initio; (b) cancellation and expungement of all instruments

1    recorded in connection therewith; (c) compensatory damages of not less than $250,000,
2    plus punitive damages to deter future statutory violations; and (d) such other relief as the
3    Court deems just and proper, including costs under TILA and RESPA.
4

5                              **COUNT III**
6                       **FRAUD IN THE INDUCEMENT**
7          (Against Bank of America, N.A.; NWEREZ LLC d/b/a Shellpoint Mortgage Servicing;
8                      Stewart Title Company; Clear Recon Corp.; and Monica Chavez)

9    37. Under TILA (15 U.S.C. § 1631 et seq.), RESPA (12 U.S.C. § 2605), and common-law
10       fiduciary principles, lenders, servicers, and settlement agents must disclose all material
11       facts about a mortgage transaction and refrain from misleading statements at or before
12       closing. They must not misrepresent a borrower's eligibility or the enforceability of the
13       instruments being signed.
14

15   38. Who, what, when, where, how.
16          a.  Stewart Title's closing agent; a Countrywide/Bank of America loan officer; later,
17              NEWREZ LLC and its officer Baron Silverstein by servicing communications;
18              and Clear Recon Corp. through its agent Monica Chavez.
19          b.  Defendants represented—explicitly or by omission—that Plaintiff was a lawful,
20              eligible borrower, and that the note and deed of trust were valid, enforceable
21              mortgage contracts.
22          c.  April 19, 2007, at Stewart Title's Vancouver, Washington office
23              (origination/closing). Later, 2024–2025 foreclosure notices and filings in Clark
24              County, Washington.
25          d.  By failing to disclose that Plaintiff was ineligible under federal lending laws (7
26              U.S.C. § 1922; 12 C.F.R. § 204.1(c)), by concealing the ultra vires nature of the
27              loan, and by recording instruments that misrepresented a valid security interest.
28              Monica Chavez, acting for Clear Recon, signed and recorded foreclosure notices
29              relying on those false foundational representations.
30

31   39. These misrepresentations and omissions were material because they went to the core
32       issue of whether a valid, enforceable contract existed. Plaintiff reasonably relied upon
33       them by executing closing documents, permitting a deed of trust to be recorded, and
34       refraining from repudiating the transaction at inception.
35

36   40. Defendants knew, or had at minimum reckless disregard, that Plaintiff was not an eligible
37       borrower and that no enforceable mortgage could arise under federal lending laws. Their
38       concealment of these facts demonstrates either actual intent to deceive or constructive
39       fraud.
40

41   41. Fraud in the inducement renders the contract voidable and, where based on violations of
42       federal lending statutes, void ab initio. See Seeger v. Odell, 18 Cal. 2d 409 (1941)
43       (fraudulent inducement vitiates consent); TILA (15 U.S.C. § 1640) authorizing statutory
44       damages for nondisclosure fraud.
45

46   42. As a direct proximate cause of this inducement fraud:
47          a.  Plaintiff's title has been clouded and encumbered by a void deed of trust;
48          b.  Plaintiff has been subjected to foreclosure threats by Clear Recon Corp. acting for
49              Bank of America, N.A.;

c. Plaintiff has incurred legal fees and administrative expenses contesting the fraudulently induced encumbrance; and

d. Plaintiff has suffered emotional distress, loss of quiet enjoyment, and reputational harm in credit reporting.

43. Plaintiff seeks (a) rescission of the April 19, 2007 deed of trust and related note as fraudulently induced and void; (b) cancellation of all foreclosure filings initiated by Clear Recon Corp. / Monica Chavez; (c) compensatory damages not less than $250,000; (d) punitive damages to deter future fraudulent inducement by mortgage lenders and servicers; and (e) statutory damages, attorney-equivalent fees, and costs as permitted under TILA and RESPA.

## COUNT IV
## ABSENCE OF LAWFUL CONSIDERATION OR EXCHANGE
(Against Bank of America, N.A.; NEWREZ LLC d/b/a Shellpoint Mortgage Servicing; Stewart Title Company; and HSBC Holdings)

44. Under the Uniform Commercial Code and Washington's enactment, RCW 62A.3-303(a), an instrument is "issued for value" only when the issuer receives legally cognizable consideration. Basic contract doctrine likewise requires a bilateral exchange of tangible value for a promise to be enforceable.

45. At the April 19 2007 closing, Stewart Title and Bank of America, N.A. (then Countrywide) owed Plaintiff a duty under TILA (15 U.S.C. § 1631), RESPA (12 U.S.C. § 2605), and common-law fiduciary principles to disclose the true source of the loan proceeds and the consideration flowing to Plaintiff. NEWREZ LLC, as successor servicer, and HSBC Holdings, as self-proclaimed creditor, assumed the same disclosure duty when enforcing the instrument.

46. Breach.

a. Defendants created the so-called "loan" by monetizing Plaintiff's signed promissory note through internal book-entry credit, extending no actual cash or Treasury-backed funds.

b. They failed to disclose that the bank incurred no risk or expense, and that Plaintiff's signature alone generated the ledger credit that was then re-characterized as "loan proceeds."

c. HSBC Holdings subsequently claimed creditor status despite never advancing value to Plaintiff or to the originating lender. NEWREZ continued collection efforts while concealing the absence of lawful consideration.

d. HSBC Bank has since been identified as the alleged creditor in this matter, despite never issuing any actual credits or funds to Plaintiff in connection with the transaction.

47. Because no value passed from lender to borrower, the note and deed of trust are unsupported by consideration and void ab initio. See UCC § 3-303 (instrument unenforceable without value); Restatement (2d) of Contracts § 71 (consideration required). The transaction is also unconscionable under Washington law, lacking substantive fairness and meaningful disclosure.

48. As a proximate result of Defendants' failure to furnish or disclose lawful consideration:

a. Plaintiff's title has been clouded by an unenforceable deed of trust;

b.  Plaintiff has incurred more than $20,000 in fees and costs contesting an illusory debt;

c.  Plaintiff's credit reputation has been impaired by wrongful reporting of a loan that never existed in substance; and

d.  Plaintiff has suffered emotional distress and loss of peaceful enjoyment of her home.

49. Plaintiff seeks (a) a declaration that the April 19 2007 note and deed of trust are void for want of consideration; (b) cancellation and removal of all related recorded instruments; (c) disgorgement of all amounts collected by Defendants on the void obligation; (d) compensatory and punitive damages in an amount to be proven at trial, but no less than $250,000; and (e) costs and statutory damages under TILA and RESPA, together with such other relief as the Court deems just and equitable.

# COUNT V
## IMPROPER APPLICATION TO PRIVATE PROPERTY
(Against Bank of America, N.A.; NEWREZ LLC d/b/a Shellpoint Mortgage Servicing; and Stewart Title Company)

50. Plaintiff's home at 7100 NE 151st Circle, Vancouver, Washington (Clark County Parcel No. 196320005) is her private residence and is used solely as a personal dwelling. At all relevant times, the property was not commercial, income-producing, or subject to business use.

51. Federal banking law and regulations distinguish between commercial lending subject to federal preemption and purely private residential shelters. See 12 C.F.R. § 34.3(a) (authorizing real estate lending activities by national banks consistent with safe and sound practices and "real estate" definitions) and RESPA (12 U.S.C. §§ 2601–2617) (mandating consumer protection standards for "federally related mortgage loans"). Defendants owed Plaintiff the duty not to apply or record instruments beyond the statutory scope of property classification.

52. Duty.
   a.  Stewart Title, as the settlement agent, owed a fiduciary duty to ensure that instruments against Plaintiff's dwelling were legally authorized.
   b.  Bank of America/Countrywide owed duties under TILA, RESPA, and federal banking law to originate mortgage loans only within statutory lending authority.
   c.  NEWREZ LLC, later assuming servicing rights, owed a duty not to enforce unlawful encumbrances against non-qualifying property.

53. On April 19, 2007, Defendants presented, executed, and recorded a deed of trust treating Plaintiff's private home as though it were property qualifying for commercial encumbrance. This misclassification constituted the application of a commercial security instrument to a purely private residence. Defendants knowingly or negligently disguised the encumbrance as a lawful mortgage despite the property's private status.

54. The wrongful classification of Plaintiff's home as security for a commercial mortgage rendered the deed of trust void ab initio. Courts recognize that the misuse of commercial lending instruments against private property constitutes constructive fraud and is unenforceable in equity. See Frisbie v. Whitney, 76 U.S. 187 (1869) (title clouds created

without lawful authority are voidable in equity).

55. As a direct result of this improper lien:
    a.  Plaintiff's title has been clouded since 2007;
    b.  Plaintiff has faced repeated foreclosure threats initiated by parties lacking lawful authority;
    c.  Plaintiff has incurred legal expenses in excess of $75,000 in attempting to protect her dwelling; and
    d.  Plaintiff has suffered emotional distress, anxiety, and loss of quiet enjoyment of her home due to persistent insecurity in her title.

56. Plaintiff requests (a) a declaration that the April 19, 2007 deed of trust is void as an improper application to private property; (b) cancellation and expungement of the deed of trust and all subsequent related filings; (c) compensatory damages not less than $250,000; (d) punitive damages for knowing violation of Plaintiff's property rights; and (e) such further equitable relief as this Court may deem just and proper.

## COUNT VI
## VIOLATION OF PUBLIC POLICY
## AND CONSTITUTIONAL PROTECTIONS
(Against Bank of America, N.A.; NEWREZ LLC d/b/a Shellpoint Mortgage Servicing;
Stewart Title Company; Clear Recon Corp.; and Monica Chavez)

57. Congress has declared that the promotion of stable housing and the prevention of displacement are central objectives of federal policy. See 42 U.S.C. § 3531 (HUD policy mission) and 42 U.S.C. § 11311 (McKinney-Vento Homeless Assistance Act). These provisions embody a strong federal interest in safeguarding individuals from wrongful foreclosure and homelessness.

58. Constitutional protections.
    a.  The Fifth and Fourteenth Amendments to the United States Constitution secure Plaintiff's right to property and guarantee due process before any governmental or quasi-governmental deprivation of her home.
    b.  The Washington Constitution, Article I, §§ 3 and 16 likewise guarantees due process and that "no private property shall be taken or damaged for public or private use without just compensation."

59. Defendants owed Plaintiff duties not to encumber her residence under false pretenses, not to employ nonjudicial foreclosure absent lawful contractual foundation, and not to deprive her of her dwelling without affording due process of law. Stewart Title owed fiduciary duties at origination. Bank of America and NEWREZ owed statutory duties under TILA/RESPA to provide fair, clear, and lawful disclosures. Clear Recon Corp. and Monica Chavez owed a duty not to initiate foreclosure without first verifying lawful creditor authority.

60. Breach.
    a.  On April 19, 2007, Stewart Title closed and recorded a deed of trust under false pretenses of legality, contrary to national housing policy.

   b. Bank of America/Countrywide and NEWREZ enforced and serviced an
      instrument predicated on a void loan, issuing foreclosure threats without a lawful
      foundation.
   c. Clear Recon Corp., via Monica Chavez, initiated Washington's nonjudicial
      foreclosure process based on false filings that were unsupported by any valid
      creditor relationship.

61. The creation and attempted enforcement of the deed of trust undermines HUD's federal
    housing mission by destabilizing Plaintiff's shelter and threatening displacement without
    legal authority. Nonjudicial foreclosure under these circumstances constitutes
    constructive fraud and directly contradicts public housing policy.

62. By attempting to deprive Plaintiff of her home through nonjudicial foreclosure,
    Defendants caused a deprivation of property without due process: no valid creditor, no
    lawful contract, no proper judicial oversight. This deprived Plaintiff of notice, hearing,
    and meaningful opportunity to contest the taking of her residence, in violation of the U.S.
    Constitution (5th & 14th Amendments) and Washington Constitution Art. I §§ 3, 16.

63. As a result of Defendants' public-policy and constitutional violations:
    a. Plaintiff has suffered continuous insecurity and anxiety over losing her home;
    b. Defendants' actions placed a false lien clouding title since 2007;
    c. Plaintiff incurred litigation expenses to defend against these constitutional
       deprivations; and
    d. Plaintiff suffered emotional and reputational harm from the threat of losing her
       private dwelling.

64. Plaintiff requests:
    a. a declaration that the April 19, 2007 deed of trust and related foreclosure
       proceedings are void as contrary to public policy and due process guarantees;
    b. an injunction permanently barring Defendants from pursuing nonjudicial
       foreclosure against Plaintiff's dwelling;
    c. compensatory and punitive damages not less than $250,000; and
    d. all further relief in law or equity to protect Plaintiff's constitutional right to
       property and housing stability.

# COUNT VII
## TRESPASS BY NEGLIGENCE AND FALSE CLAIMS
(Against Bank of America, N.A.; NEWREZ LLC d/b/a Shellpoint Mortgage Servicing;
HSBC Holdings/HSBC Bank; Stewart Title Company; Clear Recon Corp.; and Monica Chavez)

65. At common law, no person or entity may encroach upon another's possessory interest in
    property without lawful standing. Washington law expressly prohibits the making or
    recording of false or unauthorized instruments purporting to affect title. See RCW
    40.16.030 (criminalizing false or forged filings) and RCW 7.28.230 (quiet title for
    wrongful encumbrances). As trustee and lenders/servicers, Defendants owed Plaintiff a
    duty to refrain from recording, enforcing, or threatening foreclosure absent verified
    lawful authority.

66. Breach – unlawful recordings.
    a. On April 19, 2007, Stewart Title, acting as settlement agent, prepared and
       recorded a deed of trust constituting an encumbrance against Plaintiff's dwelling

despite no lawful loan authorization, no valid consideration, and Plaintiff's ineligibility as borrower.

   b. Bank of America (successor to Countrywide) and HSBC Holdings/HSBC Bank subsequently claimed creditor or beneficial ownership status though no valid assignment or disbursement of funds was ever demonstrated.

   c. NEWREZ LLC assumed servicing of the purported loan and attempted to enforce payments and foreclosure without ever verifying lawful creditor status.

   d. Clear Recon Corp., through Monica Chavez, initiated foreclosure by recording trustee's notices that further transmitted false claims of creditor and beneficiary standing.

67. Defendants failed to conduct due diligence or verify the existence of a lawful debt, chain of title, or valid assignments before recording and enforcing instruments. Their actions introduced false claims into the public record, misrepresented creditor authority, and encroached upon Plaintiff's title and possession.

68. The recording, enforcement, and foreclosure threats constitute a constructive trespass — an unlawful intrusion upon Plaintiff's private dwelling and property rights by means of administrative instruments, not physical entry. Washington courts recognize that encumbrances filed without lawful authority constitute an actionable interference with possessory rights. See Jackass Mt. Ranch v. S. Columbia Basin Irr. Dist., 175 Wn. App. 374 (2013).

69. As a direct and proximate result of Defendants' negligent filings and false claims:

   a. Plaintiff's real property title has been clouded for over 18 years;

   b. Plaintiff has incurred substantial financial costs to investigate, respond to, and legally challenge the encumbrances;

   c. Plaintiff has suffered reputational harm due to wrongful credit reporting and public record distortions; and

   d. Plaintiff endured ongoing emotional distress, anxiety, and loss of quiet enjoyment of her home from the continuing threat of unlawful foreclosure.

70. Plaintiff seeks:

   a. Cancellation and expungement of all deeds of trust, assignments, and foreclosure instruments recorded against her dwelling since April 19, 2007;

   b. A declaratory judgment confirming her title free from any claim by Defendants;

   c. Compensatory damages in an amount not less than $250,000;

   d. Punitive damages for reckless disregard of Plaintiff's property rights; and

   e. All other equitable relief necessary to restore and protect Plaintiff's lawful title.

# PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Victoria Diane McCandlish, respectfully prays for judgment against Defendants, jointly and severally, and for the following relief:

71. A declaration that the April 19, 2007 promissory note and deed of trust are void ab initio for want of borrower capacity, absence of lawful lending authority, lack of consideration, and misapplication to private residential property.

72. A declaration that Defendants' recorded assignments, substitutions, and foreclosure filings are false instruments, invalid and without legal effect.

1  73. A declaration that Plaintiff is the sole lawful owner in fee simple of the real property located at
2      7100 NE 151st Circle, Vancouver, Washington (Clark County Parcel No. 196320005), free and
3      clear of any unlawful lien or encumbrance asserted by Defendants.
4  74. A permanent injunction prohibiting Defendants, their successors, assigns, agents, or trustees,
5      from initiating, maintaining, or recording any foreclosure, collection, or enforcement activity
6      against Plaintiff's Property absent valid judicial order.
7  75. An order quieting the title in Plaintiff's favor, directing the Clark County Clerk to expunge and
8      remove all false or unauthorized instruments recorded against the Property.
9  76. Compensatory damages in excess of $500,000, or such amount as proven at trial, for economic
10     losses, litigation expenses, impairment of credit reputation, and emotional distress resulting from
11     Defendants' unlawful acts.
12 77. Statutory damages as provided under the Truth in Lending Act (15 U.S.C. § 1640), RESPA (12
13     U.S.C. § 2605(f)), and the Fair Debt Collection Practices Act (15 U.S.C. § 1692k).
14 78. Restitution/disgorgement of all payments collected by Defendants, directly or indirectly, under
15     the void loan instruments.
16 79. An award of punitive damages sufficient to punish Defendants' reckless, willful, and fraudulent
17     conduct and to deter similar unlawful practices in the mortgage and servicing industry.
18 80. An order compelling Defendants to provide a full GAAP-compliant accounting of all
19     transactions, securitizations, assignments, and collections related to Plaintiff's note, deed of trust,
20     and property.
21 81. Production of all trust, securitization, and custodial records necessary to trace the claimed loan
22     obligations and beneficial interests.
23 82. Reasonable litigation costs allowed by law for self-represented litigants, including filing fees,
24     mailing/service expenses, and statutory recoverables.
25 83. Pre- and post-judgment interest as allowed by law.
26 84. Such other and further relief — legal or equitable — as this Court deems just, proper, and
27     consistent with the interests of justice, including early settlement options to resolve the dispute in
28     equity.

29 I, Victoria Diane McCandlish, declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that I am the
30 Plaintiff in this action, that I have read the foregoing Verified First Amended Complaint, and that the facts
31 stated therein are true and correct to the best of my knowledge and belief.

33          RESPECTFULLY SUBMITTED this 27th day of August, 2025.

38          Victoria Diane McCandlish (formerly Heacock)

42 Word count: 5834