UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| VICTORIA DIANE MCCANDLISH,<br><br>　　　　　　　　Plaintiff,<br><br>　v.<br><br>NEWREZ LLC et al.,<br><br>　　　　　　　　Defendant. | CASE NO. 3:25-cv-05553-DGE<br><br>ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER (DKT. NO. 25) |

Before the Court is Plaintiff's motion for a temporary restraining order ("TRO") to restrain a trustee's sale by Defendants of one parcel of real property currently scheduled for October 10, 2025. (Dkt. No. 25.) Per the Court's order directing a response (Dkt. No. 27), Defendants responded in opposition the motion (Dkt. Nos. 29, 30), and Plaintiff replied (Dkt. No. 31). For the foregoing reasons, Plaintiff's motion is DENIED without prejudice.

Plaintiff seeks an immediate restraining order and is asking for injunctive relief, which is an extraordinary remedy, "never awarded as of right." *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008). A TRO "should not be granted unless the movant, by a *clear showing*,

carries the burden of persuasion." *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (quotation marks and citation omitted).

A party seeking a TRO must establish (1) a likelihood of success on the merits; (2) a likelihood of irreparable harm in the absence of preliminary relief; (3) a balancing of equities tips in favor of a TRO; and (4) an injunction is in the public interest. *Winter,* 555 U.S. at 20. Alternatively, a plaintiff may obtain relief if they (1) demonstrate a serious question going to the merits has been raised; (2) the balance of hardships tips sharply in plaintiff's favor; (3) irreparable harms is likely to occur; and (4) relief is in the public interest. *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1134–1135 (9th Cir. 2021). Under Washington Revised Code § 61.24.130(1), a guarantor with interest in a subject property may restrain a trustee's sale "on any proper legal or equitable ground."

Even if the Court assumes, without deciding, that Plaintiff can establish the element of irreparable harm if she loses her property to foreclosure, in order to restrain the sale, Plaintiff must establish[1] that she is likely to succeed on the merits, that the balance of equities tip in her favor, and that injunctive relief is in the public interest. Plaintiff has not met this burden.

Regarding her likelihood of success, Plaintiff states that "[a]s pled in the First Amended Complaint, Defendants lacked lending authority, consideration, and lawful standing to enforce the Deed of Trust. Constructive trespass and fraud in the inducement are plausibly pled under Rule 12(b)(6) and Rule 9(b)." (Dkt. No. 25 at 2) (citation omitted). In her reply brief, Plaintiff alleges the notice of trustee's sale is "not competent evidence of standing or lawful authority." (Dkt. No. 31 at 1.) Neither Plaintiff's motion nor her reply brief establish Plaintiff's likely

---

[1] Defendants also point out that Plaintiff failed to submit proof of timely service of the trustee as required under Washington Revised Code § 61.24.130(2). (Dkt. No. 30 at 3.)

ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER (DKT. NO. 25) - 2

success on the merits or demonstrate a serious question going to the merits. They fail to identify facts and legal argument supporting success on the merits or demonstrating a serious question. It is not the Court's task to comb through the record to find facts and arguments that would support Plaintiff's motion. *See United States v. Dunkel*, 927 F.2d 955, 956 (7th Cir. 1991) ("Judges are not like pigs, hunting for truffles buried in [the record].").

Nor do the balance of equities tip in Plaintiff's favor. Plaintiff simply writes that "Defendants will suffer no prejudice from a temporary injunction maintaining the status quo, whereas Plaintiff will lose her home absent relief." (Dkt. No. 25 at 2.) She further asserts that the "[b]alance of hardships and public interest favor maintaining the status quo for a short period to require proof of authority and lawful process." (Dkt. No. 31 at 4.) Plaintiff does not cite to any authority or anything in the record to support this assertion.

The final factor is the public interest. While it is true that the public has an interest in ensuring that foreclosures are done properly, Plaintiff has made no showing whatsoever that any impropriety occurred in this case. On the other hand, it is abundantly clear that the public has a broad interest in resolving the unfortunately vast array of in-default loans adversely affecting home values and banks throughout the country. Enjoining facially legitimate foreclosure sales is not in the public interest; in fact, just the opposite is true.

Therefore, Plaintiff's motion for a temporary restraining order (Dkt. No. 25) is DENIED, and the hearing scheduled for October 8, 2025 is STRICKEN.

Plaintiff also requested an "immediate pretrial conference" and "expedited pre-trial schedule" under Federal Rule of Civil Procedure 16 and 54. (Dkt. No. 25 at 2.) These requests are DENIED.

Dated this 7th day of October, 2025.

David G. Estudillo
United States District Judge