UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| VICTORIA DIANE MCCANDLISH,<br><br>　　　　　　　　Plaintiff,<br>　　v.<br><br>NEWREZ LLC et al.,<br><br>　　　　　　　　Defendant. | CASE NO. 3:25-cv-05553-DGE<br><br>ORDER GRANTING MOTION TO DISMISS (DKT. NO. 33) |

　　This matter involves the foreclosure of residential real property owned by Plaintiff Victoria McCandlish.  She brings a myriad of claims against Defendants, stemming from a mortgage she obtained that was secured by her residential property.  Plaintiff seeks to invalidate the mortgage and remain as owner of the real property free of any encumbrances.  Defendants move to dismiss all of Plaintiff's claims filed in this matter.  For the reasons stated herein, Defendants' motion to dismiss (Dkt. No. 33) is GRANTED.

ORDER GRANTING MOTION TO DISMISS (DKT. NO. 33) - 1

# I  BACKGROUND[1]

Plaintiff alleges that on or about April 19, 2007, Defendants presented Plaintiff with documents "purporting to create a mortgage loan secured by a deed of trust on" her property. (Dkt. No. 24 at 1.) However, Plaintiff contends "[t]hese instruments were prepared, executed, and recorded without lawful authority, without consideration, and under false pretenses." (*Id.*)

Plaintiff filed suit against Defendants on June 23, 2025. (Dkt. No. 1.) Defendants include Bank of America, N.A. ("BANA"); Alastair M. Borthwick, BANA's chief financial officer; Newrez LLC ("Newrez"), a mortgage company; Baron Silverstein, a "corporate officer" of Newrez; Clear Recon Corp., "acting as trustee on behalf of HSBC Bank"; Monica Chavez, the "authorized representative of Clear Recon Corp.;" Scott G. Weber, the Clark County Clerk; Stewart Title Corp. ("Stewart Title"), a title insurer; HSBC Holdings; and Pam Kaur, Group Chief Financial Officer of HSBC Holdings. (Dkt. No. 24 at 2–3.) On August 7, 2025, Defendants BANA, Borthwick, and Chavez moved to dismiss the complaint for failure to state a claim. (Dkt. Nos. 5, 7.) Subsequently, on August 28, 2025, Plaintiff filed a motion to amend her complaint (Dkt. No. 15), which the Court granted (Dkt. No. 18). Plaintiff's first amended complaint asserts the following causes of action: (1) lack of borrower capacity, (2) lack of lending authority, (3) fraud in the inducement, (4) absence of lawful consideration or exchange, (5) improper application to private property, (6) violation of public policy and constitutional protections, and (7) trespass by negligence and false claims. (Dkt. No. 24 at 4–11.) Defendants BANA and Borthwick move to dismiss all of Plaintiff's claims pursuant to Federal Rule of Civil Procedure 12(b)(6). (Dkt. No. 33.) Defendants Chavez, HSBC Holdings, Kaur, Newrez, and Silverstein moved to join the motion to dismiss. (Dkt. Nos. 37, 46.)

---

[1] The factual allegations in Plaintiff's complaint are taken as true for purposes of this motion.

## II  LEGAL STANDARD

Federal Rule of Civil Procedure 12(b) motions to dismiss may be based on either the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacifica Police Dep't.*, 901 F.2d 696, 699 (9th Cir. 1988). Material allegations are taken as admitted and the complaint is construed in the plaintiff's favor. *Keniston v. Roberts*, 717 F.2d 1295, 1300 (9th Cir. 1983). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554–55 (2007) (internal citations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true [even if doubtful in fact]." *Id*. at 555. The complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Id*. at 547. "The court need not, however, accept as true allegations that contradict matters properly subject to judicial notice or by exhibit. Nor is the court required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir.), *opinion amended on denial of reh'g*, 275 F.3d 1187 (9th Cir. 2001) (internal citation omitted).

Federal Rule of Civil Procedure 9(b) provides that "[i]n allegations of fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." To satisfy the rule, a plaintiff must allege the "who, what, where, when, and how" of the charged misconduct. *Cooper v. Pickett*, 137 F.3d 616, 627 (9th Cir. 1997). In other words, "the circumstances constituting the alleged fraud must be specific enough to give defendants notice of

the particular misconduct so that they can defend against the charge and not just deny that they have done anything wrong." *Vess v. Ciba–Geigy Corp. U.S.A.*, 317 F.3d 1097, 1106 (9th Cir. 2003). By contrast, "[m]alice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Fed. R. Civ. Pro. 9(b). Moreover, "[i]n the context of a fraud suit involving multiple defendants, a plaintiff must, at a minimum, identif[y] the role of [each] defendant[ ] in the alleged fraudulent scheme." *Swartz v. KPMG, LLP*, 476 F.3d 756, 765 (9th Cir. 2007) (quoting *Moore v. Kayport Package Express, Inc.*, 885 F.2d 531, 541 (9th Cir. 1989)).

### III   ANALYSIS

#### A. Lack of Borrower Capacity

Plaintiff alleges that Stewart Title "drafted, notarized, and recorded a deed of trust falsely representing Plaintiff—a private woman with no separate legal entity—as a legally competent 'borrower,'" BANA "approved, funded, and booked the loan without performing the legally mandated capacity verification," and Newrez, through Silverstein, "later ratified and pursued collection on the void instrument, continuing the original violation." (Dkt. No. 24 at 5.) Plaintiff cites to Washington Revised Code § 62A.3-104(d), 7 U.S.C. § 1922, and 12 C.F.R. §204.1(c)-(d) in support of her assertion that banks can extend mortgage credit "only to corporations, trusts, partnerships, or other legally recognized entities capable of issuing negotiable instruments." (*Id.*) None of these citations relate to "borrower capacity." 7 U.S.C. § 1922 is a subsection of the Consolidated Farm and Rural Development Act, and "authorizes federal financial assistance for farmers who are 'unable to obtain sufficient credit elsewhere to finance their actual needs at reasonable rates and terms.'" *United States v. Kimbell Foods, Inc.*, 440 U.S. 715, 723 n.11 (1979) (quoting 75 Stat. 307, *as amended*, 7 U.S.C. § 1922 (1976 ed. Supp. III)). 12 C.F.R § 204.1(c)-(d) is part of Regulation D governing the reserve requirements for a depository

institution. Contrary to Plaintiff's citation, there is no subsection "(d)" and subsection (c) is titled "Scope" and details what depository institutions are required to maintain reserves. Washington Revised Code § 62A.3-104 defines negotiable instruments, and subsection (d) states, "A promise or order other than a check is not an instrument if, at the time it is issued or first comes into possession of a holder, it contains a conspicuous statement, however expressed, to the effect that the promise or order is not negotiable or is not an instrument governed by this Article." None of these citations support the assertion that banks could not create a mortgage obligation against Plaintiff. Furthermore, Plaintiff fails to plead facts explaining how she lacks the capacity to borrow or contract.

Plaintiff also references the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2605, and the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601, (Dkt. No. 24 at 5) but does not explain how Defendants violated these statutes. Because Plaintiff fails to state a claim, the Court DISMISSES without prejudice Plaintiff's first cause of action.

**B. Lack of Lending Authority**

Citing 12 U.S.C. § 371, Plaintiff alleges BANA "owed Plaintiff the duty to originate only those mortgage loans authorized by its charter and federal law," and "exceeded its lawful authority by presenting Plaintiff—a private woman with no commercial capacity—with mortgage loan documents purporting to create a federally regulated lien against her private dwelling." (Dkt. No. 24 at 6.) Plaintiff further alleges Newrez "assumed servicing rights and falsely represented that the loan was enforceable though it originated outside the scope of lawful authority," and Stewart Title "closed and recorded the transaction despite knowing or having reason to know that the originating lender lacked lawful capacity to extend the credit instrument under the controlling statutes." (*Id.*) 12 U.S.C. § 371(a) states, "Any national banking

association may make, arrange, purchase or sell loans or extensions of credit secured by liens on interests in real estate" subject to certain restrictions.  This statute provides a national bank with the authority to mortgage loans without regard to state law limitations.  *Wachovia Bank, N.A. v. Burke*, 414 F.3d 305, 312 (2nd Cir. 2005) (citations omitted).  Plaintiff fails to allege any facts as to how BANA, Newrez, and Stewart Title exceeded their lawful authority or prepared a mortgage loan that violated federal law.

Plaintiff further argues that pursuant to Washington Revised Code §§ 31.04.025(1) and 19.148.020, mortgage lenders must be duly licensed and must act within the scope of their authority.  (*Id.*)  Washington Revised Code. § 31.04.025(1) states, "Each loan made to a resident of or a person physically located in this state by a licensee, or persons subject to this chapter, is subject to the authority and restrictions of this chapter."  Washington Revised Code § 19.148.020 provides definitions of lender, loan, purchasing servicing agent, and person.  Neither of these statutes provide a cause of action for Plaintiff.

Therefore, the Court DISMISSES with leave to amend Plaintiff's second cause of action.

### C. Fraud in the Inducement

The nine elements of fraud are: (1) representation of existing fact, (2) materiality of the representation, (3) falsity, (4) the speaker's knowledge of its falsity, (5) the intent of the speaker that representation be acted upon by the plaintiff, (6) plaintiff's ignorance of its falsity, (7) plaintiff's reliance on the truth of the representation, (8) plaintiff's right to rely on the representation, and (9) resulting damages.  *Brummett v. Washington's Lottery*, 288 P.3d 48, 54 (Wash. Ct. App. 2012).

Plaintiff alleges Defendants improperly represented that Plaintiff "was a lawful, eligible borrower, and that the note and deed of trust were valid, enforceable mortgage contracts." (Dkt.

1   No. 24 at 7.)  Plaintiff argues these misrepresentations were material "because they went to the

2   core issue of whether a valid, enforceable contract existed," and she reasonably relied upon them

3   "by executing closing documents, permitting a deed of trust to be recorded, and refraining from

4   repudiating the transaction at inception." (*Id.*)  However, Plaintiff fails to plead facts tending to

5   show that Defendants' representations were false—i.e., that she was not an eligible borrower or

6   that the note and deed of trust were not enforceable mortgage contracts.

7         The Court DISMISSES with leave to amend Plaintiff's third cause of action.

8       **D. Absence of Lawful Consideration or Exchange**

9         Plaintiff argues the mortgage note and deed of trust are void because "no value passed

10  from lender to borrower." (Dkt. No. 24 at 8.)  Plaintiff alleges Defendants created a loan by

11  "monetizing Plaintiff's signed promissory note through internal book-entry credit, extending no

12  actual cash or Treasury-backed funds," and they failed to "disclose that the bank incurred no risk

13  or expense, and that Plaintiff's signature alone generated the ledger credit that was then re-

14  characterized as 'loan proceeds.'" (*Id.*)  Plaintiff fails to plead any facts relating to the

15  promissory note.  Furthermore, Plaintiff makes no allegations that would establish there has not

16  been valuable consideration exchanged for the transaction.

17        Therefore, the Court DISMISSES with leave to amend Plaintiff's fourth cause of action.

18      **E. Improper Application to Private Property**

19        Plaintiff alleges Defendants "presented, executed, and recorded a deed of trust treating

20  Plaintiff's private home as though it were property qualifying for commercial encumbrance," and

21  this "misclassification constituted the application of a commercial security instrument to a purely

22  private residence." (Dkt. No. 24 at 9.)  Citing 12 C.F.R. § 34.3(a) and RESPA, Plaintiff argues

23  the mortgage on her property is not legally authorized because she resides in a "private

24

residence" "solely used as a personal dwelling," and the property "was not commercial, income-producing, or subject to business use." (*Id.*) 12 C.F.R. § 34.3(a) enumerates a national bank's powers, stating a bank may "make, arrange, purchase, or sell loans or extensions of credit, or interests therein, that are secured by liens on, or interests in, real estate." Plaintiff fails to plead facts upon which relief could be granted. Thus, the Court DISMISSES with leave to amend Plaintiff's fifth cause of action.

### F. Violations of Public Policy and Constitutional Protections

Plaintiff alleges the nonjudicial foreclosure of the property violated the Fifth and Fourteenth Amendments to the United States Constitution, as well as Article I, § 3 of the Washington Constitution. (Dkt. No. 24 at 10.) The federal and Washington State constitution contain identical clauses prohibiting the state from depriving any person of life, liberty, or property, without due process of law. U.S. CONST. amend. XIV; WASH. CONST. art. I, § 3; *Carlstrom v. Hanline*, 990 P.2d 986 (Wash. Ct. App. 2000). To establish a violation of the due process clause, a person must identify state or governmental action that deprived them of a constitutionally protected interest in liberty or property. *Mathews v. Eldridge*, 424 U.S. 319, 332 (1976); s*ee also Castillo v. McFadden*, 399 F.3d 993, 1002 n.5 (9th Cir. 2005) (explaining that "[t]he Fifth Amendment prohibits the federal government from depriving persons of due process, while the Fourteenth Amendment explicitly prohibits deprivations without due process by the several States."). Plaintiff asserts this cause of action against BANA, Newrez, Stewart Title Company, Clear Recon Corp., and Chavez—none of whom are a government or state actor.

Plaintiff also alleges Defendants violated Article I, § 16 of the Washington Constitution. (Dkt. No. 24 at 10.) According to the Washington Constitution, "No private property shall be taken or damaged for public or private use without just compensation having been first made."

WASH. CONST. art. I, § 16. "'To have a taking, the landowner must show some governmental activity was the direct or proximate cause of the landowner's loss.'" *Halverson v. Skagit Cnty.*, 983 P.2d 643, 650 (Wash. 1999) (quoting *Phillips v. King Cnty.*, 968 P.2d 871, 881 (Wash. 1998)). Again, Plaintiff does not plead any governmental activity.

Finally, Plaintiff alleges that Defendants owed her "duties not to encumber her residence under false pretenses, not to employ non judicial foreclosure absent lawful contractual foundation, and not to deprive her of her dwelling without affording due process of law." (Dkt. No. 24 at 10.) Plaintiff fails to plead how Defendants violated these duties.

The Court DISMISSES without leave to amend Plaintiff's federal and constitutional claims.[2] The Court further DISMISSES Plaintiff's "public policy" violations with leave to amend.

**G. Trespass by Negligence and False Claims**

"Trespass occurs when a person intentionally or negligently intrudes onto or into the property of another." *Jackass Mt. Ranch, Inc. v. S. Columbia Basin Irr. Dist.*, 305 P.3d 1108 (2013). "'Negligent trespass' requires proof of negligence (duty, breach, injury, and proximate cause)." *Pruitt v. Douglas Cnty.*, 66 P.3d 1111, 1115 (Wash. Ct. App. 2003) (quoting *Gaines v. Pierce Cnty.*, 834 P.2d 631, 634 (Wash. Ct. App. 1992)). Plaintiff fails to plead any facts that Defendants trespassed onto her property, negligently or otherwise. Therefore, the Court DISMISSES with leave to amend Plaintiff's seventh cause of action.

---

[2] In her response, Plaintiff argues that "the constitutional references were made to demonstrate public policy violations, not to pursue direct constitutional claims against private actors." (Dkt. No. 47 at 3.) She further states that she plans to amend this count to assert claims under the Washington Consumer Protection Act and wrongful foreclosure, therefore dismissal with prejudice is unnecessary. (*Id.*) Whether Plaintiff attempts to add new causes of action has no bearing on the Court's analysis of the allegations contained in the amended complaint and whether the current claims should be dismissed with prejudice.

## IV  CONCLUSION

Having considered Defendants' motion, the briefing of the parties, and the remainder of the record, and for the reasons stated herein, the Court finds and ORDERS that Defendants' motion to dismiss (Dkt. No. 33) and joinders (Dkt. Nos. 37, 46) are GRANTED.

Leave to amend is construed liberally in the Ninth Circuit: "A district court ordinarily must grant leave to amend when it dismisses claims under Rule 12(b)(6). But the district court need not grant leave if it 'determines that the pleading could not possibly be cured by the allegation of other facts.'" *Yagman v. Garcetti*, 852 F.3d 859, 867 (9th Cir. 2017) (quoting *Ebner v. Fresh, Inc.*, 838 F.3d 958, 963 (9th Cir. 2016)); *see also Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) ("[A] district court should grant leave to amend . . . unless it determines that the pleading could not possibly be cured by the allegation of other facts." (internal quotation marks omitted) (quoting *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995)). Plaintiff's claims regarding the Fifth and Fourteenth Amendments to the United States Constitution, as well as Article I, §§ 3 and 16 of the Washington Constitution suffer not only from factual deficiencies, but legal deficiencies as well. Thus, these claims cannot be cured by the allegations of other fact such that they could survive a motion to dismiss. *Yagman*, 852 F.3d at 867.

Accordingly, the Court orders that the state and federal constitutional violations in Count 6 are DISMISSED with prejudice and without leave to amend. The remaining claims are DISMISSED without prejudice.[3] Any amended complaint must be filed no later than **December**

---

[3] Should an amended complaint be filed, the Court admonishes Plaintiff to be clear and concise, and to identify only applicable statutes or regulations. The dismissed complaint included many statements with few alleged facts. It also identified statutes and regulations that clearly were not applicable to the allegations being asserted.

**1, 2025** and said amendments shall not include any claims that have been dismissed with prejudice. If an amended complaint is not filed by December 1, 2025, this case will be closed.

The Clerk is directed to calendar this event.

Dated this 13th day of November, 2025.

David G. Estudillo
United States District Judge

ORDER GRANTING MOTION TO DISMISS (DKT. NO. 33) - 11