The Honorable David G. Estudillo

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| VICTORIA DIANE MCCANDLISH (formerly: Heacock),<br><br>Plaintiff,<br><br>v.<br><br>NEWREZ LLC d/b/a SHELLPOINT MORTGAGE SERVICING; SPECIALIZED LOAN SERVICING LLC, its successors and assigns; CLEAR RECON CORP; and DOES 1-10, inclusive,<br><br>Defendants. | Civil Action No. 3:25-cv-05553-DGE<br><br>DEFENDANT NEWREZ'S RESPONSE TO ORDER TO SHOW CAUSE REGARDING BANKRUPTCY STAY |

Defendant NewRez, by and through its undersigned counsel of record, hereby submits this response to the Court's January 7, 2026 Order to Show Cause Regarding Bankruptcy Stay.

**I.     INTRODUCTION**

The present action, filed by Plaintiff Victoria McCandlish, should not be stayed under the automatic stay promulgated by 11 USC § 362(a). The automatic bankruptcy stay is inapplicable to pre-petition suits brought by a debtor; were the stay applicable, Defendant would be unable to protect its legal rights. As such, this matter should proceed in due course.

**II.     FACTUAL BACKGROUND**

As summarized in the Court's most recent Order, Plaintiff previously filed a notice of

DEFENDANT NEWREZ'S RESPONSE TO ORDER TO SHOW CAUSE REGARDING BANKRUPTCY STAY - 1

Case No. 3:25-cv-05553-SKV

KLINEDINST PC
1325 Fourth Avenue, Suite 1335
Seattle, Washington 98101
(206) 672-4400

bankruptcy and the Court ordered the parties to show cause as to whether this action could proceed in light of the automatic bankruptcy stay. [1]

Before the Court could rule on the parties' briefing regarding whether the automatic stay was applicable, Plaintiff voluntarily dismissed her bankruptcy petition.[2]

On December 29, 2025, Plaintiff renewed her bankruptcy petition, filing another notice with the Court.[3]

As a result, this Court issued the immediate Order to Show Cause regarding the stay and whether this matter should proceed.[4]

### III.    ARGUMENT AND AUTHORITY

This matter should proceed for the same reasons as previously briefed by the parties: the automatic stay does not affect a debtor's pre-petition suits; for good reason—defendants must be able to appropriately assert their legal rights.

#### A.    Absent an Action Against the Debtor or Acts to Exercise Control of the Bankruptcy Estate, the Stay Is Inapplicable

This action should not be subject to the automatic bankruptcy stay set forth in 11 USC § 362(a), and Plaintiff's supplemental response concedes as much.[5]

The automatic stay applies to actions against the debtor, and serves to allow the debtor a breathing spell from creditors. The Ninth Circuit has found that the stay does not, however, halt or otherwise prevent a plaintiff-debtor from continuing to prosecute a pre-bankruptcy lawsuit initiated by the debtor. *In re Merrick*, 175 B.R. 333, 337 (B.A.P. 9th Cir. 1994) (citing *Merchants & Farmers Bank of Dumas v. Hill*, 122 B.R. 539, 541 (E.D. Ark. 1990). Nor does the stay "prevent a defendant from protecting its interests against claims brought by the debtor." *In re*

---

[1] Dkt. No. 56.
[2] *Id.*
[3] Dkt. No. 53; Dkt. No. 55.
[4] Dkt. No. 56.
[5] Dkt. No. 57.

DEFENDANT NEWREZ'S RESPONSE TO ORDER TO SHOW
CAUSE REGARDING BANKRUPTCY STAY - 2

Case No. 3:25-cv-05553-SKV

KLINEDINST PC
1325 Fourth Avenue, Suite 1335
Seattle, Washington 98101
(206) 672-4400

1  *Palmdale Hills Prop., LLC*, 654 F.3d 868, 875 (9th Cir. 2011) (citing *Gordon v. Whitmore (In re Merrick)*, at 337-38). Indeed, "there is substantial authority that the stay is inapplicable to post petition defensive action in a prepetition suit brought by the debtor." *Id*., at 336. The statutory language of § 362 further supports this interpretation because it refers only to "the commencement or continuation… of a judicial, administrative, or other action or proceeding against the debtor[,]" actions to enforce judgments obtained pre-petition "against the debtor or against the property of the estate[,]" and acts "to obtain possession of property of the estate… or exercise control over the property of the estate[.]" *See generally* 11 USC § 362(a). This interpretation comports with the policy underlying the statute—to protect a bankruptcy estate from "being depleted by creditors' lawsuits and… [providing] the debtor breathing room to reorganize." *In re Palmdale Hills Prop., LLC*, at 874-75 (citing *White v. City of Santee (In re White)*, 186 B.R. 700, 704 (9th Cir. B.A.P. 1995)). Ultimately, bankruptcy courts "differentiate between actions for affirmative relief against the debtor's estate, which are stayed, and defensive actions, which are not. *In re Palmdale Hills Prop., LLC*, at 875. Here, there is no question that the action before the Court is the continuation of a pre-petition action brought by the bankruptcy debtor, necessitating defensive action by Defendant. Resultantly, this matter should proceed in due course.

### IV.   CONCLUSION

In the purview of applicable legal authority, there is no basis for staying this action. Likewise, proceeding forward in this matter does not run afoul of the policy considerations underlying the purpose of the automatic stay. Plaintiff's response similarly recognizes as much.

Based upon the foregoing, Defendant respectfully request this Court proceed with the adjudication of this matter.

DEFENDANT NEWREZ'S RESPONSE TO ORDER TO SHOW
CAUSE REGARDING BANKRUPTCY STAY - 3

Case No. 3:25-cv-05553-SKV

KLINEDINST PC
1325 Fourth Avenue, Suite 1335
Seattle, Washington 98101
(206) 672-4400

1   DATED this 15th day of January, 2026.        KLINEDINST PC

*/s/ Chancelor K. Eagle*
Gregor A. Hensrude, WSBA No. 45918
Chancelor K. Eagle, WSBA No. 60914
1325 4th Avenue, Suite 1335
Seattle, WA 98121
206-672-4400
ghensrude@klinedinstlaw.com
ceagle@klinedinstlaw.com

Attorneys for NewRez, LLC d/b/a Shellpoint Mortgage Servicing

DEFENDANT NEWREZ'S RESPONSE TO ORDER TO SHOW CAUSE REGARDING BANKRUPTCY STAY - 4

Case No. 3:25-cv-05553-SKV

KLINEDINST PC
1325 Fourth Avenue, Suite 1335
Seattle, Washington 98101
(206) 672-4400

CERTIFICATE OF SERVICE

I, Arielle N. Armstrong, hereby certify that on the date below, I served a true and correct copy of the foregoing document via CM/ECF e-service or if not opted in then via email, upon the following:

| *Plaintiff pro se* | *Attorney for Defendant Clear Recon Corp.* |
|---|---|
| Victoria D. McCandlish (fka Heacock)<br>2700 Caples Ave<br>Vancouver, WA 98661-9998<br>360-634-2299<br>grantor1drop@pm.me | Kimberly Hood, WSBA #42903<br>Aldridge Pite LLP<br>9311 SE 36th St., Ste 207<br>Mercer Island, WA 98040<br>206-707-9603<br>khood@aldridgepite.com |

DATED this 15th day of January, 2026, at Seattle, Washington.

/s/ Arielle N. Armstrong
Arielle N. Armstrong
Legal Assistant
Klinedinst PC
1325 Fourth Avenue, Suite 1335
Seattle, WA 98101
206-672-4400
aarmstrong@klinedinstlaw.com

DEFENDANT NEWREZ'S RESPONSE TO ORDER TO SHOW
CAUSE REGARDING BANKRUPTCY STAY - 5

Case No. 3:25-cv-05553-SKV

KLINEDINST PC
1325 Fourth Avenue, Suite 1335
Seattle, Washington 98101
(206) 672-4400