UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| VICTORIA DIANE MCCANDLISH,<br><br>                        Plaintiff,<br>     v.<br><br>NEWREZ LLC et al.,<br><br>                        Defendant. | CASE NO. 3:25-cv-05553-DGE<br><br>ORDER REGARDING BANKRUPTCY STAY |

On December 29, 2025, Plaintiff filed notice that she had filed for bankruptcy.[1] (Dkt. No. 53.) The Court ordered the Parties to show cause as to whether the provisions of 11 U.S.C. § 362 or another bankruptcy statute places an automatic stay on this matter or allows the Court to proceed. (Dkt. No. 56.) The Parties submitted responses, both concluding the stay does not prevent the Court from proceeding with the adjudication of Plaintiff's claims against Defendants. (*See* Dkt. Nos. 57 at 2; 58 at 2.)

---

[1] Plaintiff refiled her notice of bankruptcy on January 5, 2026 to include her signature. (Dkt. No. 55.)

ORDER REGARDING BANKRUPTCY STAY - 1

Section 362(a)(1) provides in relevant part:

(a) Except as provided in subsection (b) of this section, a petition filed under section 301, 302, or 303 of this title . . . operates as a stay, applicable to all entities of—
(1) the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding *against the debtor* that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title.

(Emphasis added.) The automatic stay is applicable only to proceedings against the debtor. *See Parker v. Bain,* 68 F.3d 1131, 1136 (9th Cir. 1995) ("'[S]ection 362 should be read to stay all appeals in proceedings that were originally brought against the debtor ....'") (emphasis omitted) (alteration in original) (parallel citation omitted) (quoting *Ingersoll–Rand Fin. Corp. v. Miller Mining Co.,* 817 F.2d 1424, 1426 (9th Cir.1987)); *see also In re Merrick*, 175 B.R. 333, 336 (9th Cir. BAP 1994) ("While restraint of a defendant in a suit subject to prosecution by the estate arguably could contribute to an orderly processing of estate assets, we could find no case that supports the proposition that the automatic stay prevents a defendant from continuing to defend against a pre-bankruptcy lawsuit. To the contrary, there is substantial authority that the stay is inapplicable to postpetition defensive action in a prepetition suit brought by the debtor.").

Plaintiff initiated her lawsuit before filing for bankruptcy. (*Compare* Dkt. No. 1 *with* Dkt. No. 53.) Therefore, this action is merely a continuation of a pre-petition lawsuit brought by the bankruptcy debtor. The bankruptcy stay does not apply, and the case shall proceed.

Dated this 21st day of January, 2026.



David G. Estudillo
United States District Judge

ORDER REGARDING BANKRUPTCY STAY - 2