The Honorable David G. Estudillo

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| VICTORIA DIANE MCCANDLISH (formerly: Heacock),<br><br>Plaintiff,<br><br>v.<br><br>NEWREZ LLC d/b/a SHELLPOINT MORTGAGE SERVICING; SPECIALIZED LOAN SERVICING LLC, its successors and assigns; CLEAR RECON CORP; and DOES 1-10, inclusive,<br><br>Defendants. | Civil Action No. 3:25-cv-05553-DGE<br><br>DEFENDANT NEWREZ'S MOTION TO DISMISS SECOND AMENDED COMPLAINT<br><br>NOTED FOR HEARING: MARCH 10, 2026 WITHOUT ORAL ARGUMENT |

## I.   INTRODUCTION

Defendant NewRez, by and through its undersigned counsel of record, hereby moves this Court for dismissal of Plaintiff's Second Amended Complaint. This motion is made pursuant to FRCP 12(b)(6) and based upon the records and pleadings herein.

## II.   STATEMENT OF FACTS

On April 12, 2007, Victoria McCandlish signed and executed a promissory note (the "Note") in an amount of $584,000.00.[1] The Note is secured by a deed of trust ("Deed of Trust") for real property commonly known as 7100 NE 151st Circle, Vancouver, Washington 98686 (the

---

[1] *See Plaintiff's Second Amended Complaint*, at ¶ 18.

DEFENDANT NEWREZ'S MOTION TO DISMISS PLAINTIFF'S
SECOND AMENDED COMPLAINT - 1

Case No. 3:25-cv-05553-SKV

KLINEDINST PC
1325 Fourth Avenue, Suite 1335
Seattle, Washington 98101
(206) 672-4400

"Property").[2]

In May and June of 2022, Plaintiff sent written communications to the executive financial officer for Specialized Loan Servicing, Toby Wells.[3] Each of these purported communications were sent to 6200 S Quebec Street, Greenwood Village, Colorado.[4][5]

On June 23, 2025, Plaintiff filed the original complaint in this action, which was later amended on September 29, 2025.[6]

On November 13, 2025, this Court granted Defendants' Motion to Dismiss and permitted Plaintiff to replead.

On December 1, 2025, Plaintiff filed her Second Amended Complaint, alleging four causes of action for violations of the Fair Debt Collection Practices Act ("FDCPA"), Real Estate Settlement Procedures Act ("RESPA"), Washington's Consumer Protection Act ("CPA"), Breach of Contract, and Declaratory/Injunctive Relief.

### III.    ARGUMENT AND AUTHORITY

Plaintiff's Second Amended Complaint, much like its antecedents, is void of any discernable facts capable of sustaining a plausible claim for relief. Indeed, her assertions that the pending foreclosure is somehow wrongful has no basis, nor has she pleaded any. Her assertions that Defendant committed various statutory violations prior to the foreclosure are meritless and unsupported by any pleaded factual matter. Despite her attempts to reclassify her ill-fated claims, dismissal remains appropriate because there are no facts capable of sustaining the allegations she proffers to this Court.

**A.    Legal Standard**

Dismissal of a complaint is warranted when a plaintiff fails to state a claim upon which

---

[2] *Id*.
[3] *Id*., at ¶¶ 29, 36, 41, 47, and 54.
[4] *Id*., at Exs. B, C, D, E, and F.
[5] Defendant notes that Exhibits B and C to the Second Amended Complaint appear to have been mailed to "Unit 630147", while Exhibits D, E, and F appear to have been mailed to "Suite 300".
[6] Dkt. 1 and 24.

DEFENDANT NEWREZ'S MOTION TO DISMISS PLAINTIFF'S
SECOND AMENDED COMPLAINT - 2

Case No. 3:25-cv-05553-SKV

KLINEDINST PC
1325 Fourth Avenue, Suite 1335
Seattle, Washington 98101
(206) 672-4400

1  relief can be granted. FRCP 12(b)(6). A court must assess whether a complaint contains sufficient factual matter to state a claim for relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)). For a claim to have facial plausibility, a plaintiff must plead sufficient "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, at 678. While factual allegations must be accepted as true, a court need not accept legal conclusions or "formulaic recitations of the elements of a cause of action." *Chavez v. United States*, 683 F.3d 1102, 1108 (9th Cir. 2012).

**B.  Every Cause of Action Should Be Dismissed Because McCandlish Does Not Plead Any Facts Capable of Sustaining Her Errant Claims**

Victoria McCandlish incorrectly concludes that NewRez violated the FDCPA, RESPA, Washington's CPA, and breached the contract controlling her home loan. Each meritless claim in the matter at bar is founded upon McCandlish's written correspondence sent to an improper address. Despite her wanton attempt to reclassify her alleged claims, her most recent endeavor is as equally ill-fated as her prior two attempts.

1.  <u>The second amended complaint's scant factual nature warrants dismissal</u>.

The only factual allegations that McCandlish offers in support of her claims are: (1) written correspondence, sent to an improper address and (2) that there were continued efforts to foreclose the Property. She does not allege that the home loan is not in default or that she has paid the outstanding balance of the loan; instead, she asserts only that "[t]hroughout the life of the Loan, [she] has attempted to remain current".[7]

Indeed, her pleadings are merely recitations of the statutory language. These bare-bones recitals are exactly the type of allegations warranting dismissal. *See Chavez v. United States*, 683 F.3d 1102, 1108 (9th Cir. 2012).

---

[7] Dkt. 24, at ¶ 23.

DEFENDANT NEWREZ'S MOTION TO DISMISS PLAINTIFF'S
SECOND AMENDED COMPLAINT - 3

Case No. 3:25-cv-05553-SKV

KLINEDINST PC
1325 Fourth Avenue, Suite 1335
Seattle, Washington 98101
(206) 672-4400

2. <u>McCandlish's written correspondence similarly supports dismissal of this action</u>.

To the extent McCandlish asserts causes of action based upon written correspondence mailed to Toby Wells, the Executive Financial Officer for Specialized Loan Servicing at the time, she cannot bring such claims when the Deed of Trust's terms expressly set forth that "[a]ny notice to Lender shall be given by delivering it or by mailing it by first class mail to Lender's address stated herein unless Lender has designated another address by notice to Borrower."[8] Here, the Deed of Trust signed by McCandlish provides the Lender's address as 1199 North Fairfax St., Ste. 500, Alexandria, Virginia.[9] Further, Regulation X provides that a servicer may "establish an address that a borrower must use to request information in accordance with the procedures in this section." 12 CFR § 1024.36(b). Such address must be the "same address for receiving notices of error pursuant to § 1024.35(c)." *Id*. Importantly, none of the correspondence relied upon by McCandlish in the Second Amended Complaint was sent to the address identified in the Deed of Trust. The decision to mail her purported notice requests to an incorrect address does not entitle her to relief; nor is it capable of sustaining her alleged causes of action.

Additionally, a borrower's qualified written request must be written correspondence that includes: (1) "the name and account of the borrower;" and (2) "a statement of the reasons for the belief of the borrower, to the extent applicable, that the account is in error or provides sufficient detail to the servicer regarding other information sought by the borrower." 12 USC § 2605(e)(1)(B). None of McCandlish's relied upon correspondence satisfy these requirements because they either fail to identify the loan's account number, fail to provide a statement of the reasons for her belief as to why the account is in error, or both.

3. <u>Maintaining escrow is required by the Deed of Trust, and is not a breach of contract</u>.

While the Second Amended Complaint falls short of the requisite factual pleading

---

[8] Dkt. 24, at Ex. 1 § 15.
[9] *Id*., at Ex. 1.

DEFENDANT NEWREZ'S MOTION TO DISMISS PLAINTIFF'S
SECOND AMENDED COMPLAINT - 4

Case No. 3:25-cv-05553-SKV

KLINEDINST PC
1325 Fourth Avenue, Suite 1335
Seattle, Washington 98101
(206) 672-4400

standard, the terms of the Deed of Trust highlight the fact that she has no viable causes of action for violating Washington's CPA or Breach of Contract. As support for her misguided assertions, she relies solely on the same written communications (sent to an improper address) and the alleged "mishandling or misapplying escrow and tax payments".[10]

In a cause of action for CPA violations, a plaintiff must establish five elements: (1) an unfair or deceptive act or practice, (2) occurring in trade or commerce, (3) affecting the public interest, (4) injury to a person's business or property, and (5) causation." *Young v. Toyota Motor Sales, U.S.A.*, 196 Wn.2d 310, 316, 472 P.3d 990, 994 (2020) (internal quotations and citations omitted). The Deed of Trust's terms expressly provide that "all payments accepted and applied by Lender shall be applied in the following order of priority: (a) interest due under the Note; (b) principal due under the Note; (c) amounts due under Section 3."[11] Relatedly, a cause of action for breach of contract requires there be: (1) a valid contract, (2) a defendant's breach of a duty imposed by that contract, and (3) damages caused by the breach. *Nw. Indep. Forest Mfrs. v. Dep't of Labor & Indus.*, 78 Wn. App. 707, 712, 899 P.2d 6 (1995).

Section 3 of the Deed of Trust sets forth, "Borrower shall pay Lender the Funds for Escrow Items unless Lender waives Borrower's obligation to pay the Funds…" and that "[a]ny such waiver may only be in writing."[12] McCandlish does not allege that such requirement was waived or that she received any written notice of waiver. Instead, she brings her claim because she requested the escrow requirement be waived and it was not. This, however, does not amount to an actionable claim.

The Second Amended Complaint makes clear that there has not been either a CPA violation or a breach of contract. If anything, McCandlish's newly-minted complaint illustrates her own breach by failing to comply with the Deed of Trust's terms.

C.    The Claims for Violations of the FDCPA and RESPA Should Be Dismissed

---

[10] *Id*. at ¶ 81.
[11] *Id.*, at Ex. 1 § 2.
[12] *Id*., at Ex. 1 § 3.

DEFENDANT NEWREZ'S MOTION TO DISMISS PLAINTIFF'S
SECOND AMENDED COMPLAINT - 5

Case No. 3:25-cv-05553-SKV

KLINEDINST PC
1325 Fourth Avenue, Suite 1335
Seattle, Washington 98101
(206) 672-4400

**Because They Are Barred by the Applicable Statutes of Limitations**

Substantively, McCandlish's claims fail because—at minimum—she did not comply with the Deed of Trust's terms when she utilized improper channels of communication. Notwithstanding that fact, her present complaint fails to circumvent the established limitations period for FDCPA and RESPA claims. As alleged, the communications forming the basis of her claims were sent on: (1) May 20, 2022; (2) May 31, 2022; (3) June 10, 2022; and (4) June 21, 2022.[13] Neither of these causes of actions were alleged until the most recent amended complaint was filed on December 1, 2025.

It is well-established that any claim for violations of the FDCPA must be brought within one year from the date on which the violation occurs. *Brown v. Transworld Sys., Inc.*, 73 F.4th 1030, 1040 (9th Cir. 2023). Similarly, RESPA sets forth that an action brought "pursuant to the provisions of section 2605, 2607, or 2608 of this title may be brought… within 3 years in the case of a violation of section 2605 of this title and 1 year in the case of a violation of section 2607 or 2608 of this title." 12 USC § 2614. Each alleged violation occurred—at the latest—in June of 2022. For these alleged claims to be timely, McCandlish would have needed to assert her FDCPA claim no later than June 21, 2023. Even assuming her RESPA claim was subject to the lengthier three-year period, she would have needed to assert such claim no later than June of 2025. As a consequence of her failure to assert these claims prior to June of 2025, these claims should be dismissed because they are time-barred.

**D.    McCandlish Cannot Seek Declaratory or Injunctive Relief**

McCandlish asserts declaratory and injunctive relief as a fifth cause of action. However, a claim for declaratory or injunctive relief is just that—a remedy, not a cause of action. *See McKee v. Gen. Motors Co.*, 601 F. Supp. 3d 901, 910 (W.D. Wash. 2022), *aff'd*, 22-35456, 2023 WL 7318690 (9th Cir. Nov. 7, 2023) (where the court applied Washington law in considering whether a plaintiff's claims for declaratory and injunctive relief were warranted after all other

---

[13] *See supra* note 3.

DEFENDANT NEWREZ'S MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT - 6

Case No. 3:25-cv-05553-SKV

KLINEDINST PC
1325 Fourth Avenue, Suite 1335
Seattle, Washington 98101
(206) 672-4400

causes of action had been dismissed). Further, because each the other alleged four causes of action are subject to dismissal, there is no justiciable controversy in which she can apply for declaratory relief. *See Diversified Indus. Dev. Corp. v. Ripley*, 82 Wn.2d 811, 815, 514 P.2d 137, 139 (1973) (citations omitted). As a result, dismissal of her fifth cause of action is warranted.

## IV.    CONCLUSION

Based upon the foregoing, Defendant NewRez respectfully requests this Court dismiss the Second Amended Complaint with prejudice and without leave to amend.

I certify that this memorandum contains 1,891 words, in compliance with Local Civil Rules.

DATED this 10th day of February, 2026.        KLINEDINST PC

*/s/ Chancelor K. Eagle*
Gregor A. Hensrude, WSBA No. 45918
Chancelor K. Eagle, WSBA No. 60914
1325 4th Avenue, Suite 1335
Seattle, WA 98121
206-672-4400
ghensrude@klinedinstlaw.com
ceagle@klinedinstlaw.com

Attorneys for NewRez, LLC d/b/a Shellpoint Mortgage Servicing

DEFENDANT NEWREZ'S MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT - 7

KLINEDINST PC
1325 Fourth Avenue, Suite 1335
Seattle, Washington 98101
(206) 672-4400

Case No. 3:25-cv-05553-SKV

# CERTIFICATE OF SERVICE

I, Arielle N. Armstrong, hereby certify that on the date below, I served a true and correct copy of the foregoing document via CM/ECF e-service or if not opted in then via email, upon the following:

*Plaintiff pro se*

Victoria D. McCandlish (fka Heacock)
2700 Caples Ave
Vancouver, WA 98661-9998
360-634-2299
grantor1drop@pm.me

*Attorney for Defendants Clear Recon Corp. and Monica Chavez*

Peter Salmon, WSBA #31382
Aldridge Pite LLP
3333 Camino del Rio South, Suite 225
San Diego, CA 92108
206-707-9603 / 858-750-7600
psalmon@aldridgepite.com

DATED this 10th day of February, 2026, at Seattle, Washington.

/s/ Arielle N. Armstrong
Arielle N. Armstrong
Legal Assistant
Klinedinst PC
1325 Fourth Avenue, Suite 1335
Seattle, WA 98101
206-672-4400
aarmstrong@klinedinstlaw.com

30273746.1

---

DEFENDANT NEWREZ'S MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT - 8

Case No. 3:25-cv-05553-SKV

KLINEDINST PC
1325 Fourth Avenue, Suite 1335
Seattle, Washington 98101
(206) 672-4400