The Honorable David G. Estudillo

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

VICTORIA DIANE MCCANDLISH
(formerly: Heacock),

Plaintiff,

v.

NEWREZ LLC d/b/a SHELLPOINT
MORTGAGE SERVICING; SPECIALIZED
LOAN SERVICING LLC, its successors and
assigns; CLEAR RECON CORP; and DOES
1-10, inclusive,

Defendants.

Civil Action No. 3:25-cv-05553-DGE

DEFENDANT NEWREZ'S REPLY IN
SUPPORT OF MOTION TO DISMISS
SECOND AMENDED COMPLAINT

Defendant NewRez, by and through its undersigned counsel of record, hereby submits this Reply supporting its pending Motion to Dismiss Plaintiff's Second Amended Complaint.

## I.   INTRODUCTION

Plaintiff Victoria McCandlish's Response opposing Defendant's Motion to Dismiss proffers exactly zero citations to any controlling legal authority, nor even a logical rationale for the court to allow the case to proceed. Instead, she relies upon an unpersuasive red herring in connection with the parties' Rule 26(f) conference and milquetoast arguments unsupported by both Washington and federal law.[1] Unquestionably, her claims remain untenable and should

---

[1] While not a substantive argument for purposes of the motion pending before the Court, Defendant notes that Ms. McCandlish's position regarding the parties' discovery conference

DEFENDANT NEWREZ'S REPLY IN SUPPORT OF MOTION TO
DISMISS SECOND AMENDED COMPLAINT - 1

Case No. 3:25-cv-05553-SKV

KLINEDINST PC
1325 Fourth Avenue, Suite 1335
Seattle, Washington 98101
(206) 672-4400

accordingly be dismissed.

## II.    ARGUMENT AND AUTHORITY

Plaintiff's Response willfully misconstrues the present motion as a bad-faith attempt to dismiss this lawsuit on a technicality. Recognizing the shortcoming of her position, she opportunistically disregards Defendant's remaining substantive arguments. Understandably so, as that is the best hope her Second Amended Complaint has at surviving dismissal, but the court should instead follow the law.

### A.    The Response Illustrates the Shortcomings of the Second Amended Complaint

As a preliminary matter, Plaintiff's Response contradicts her own Second Amended Complaint. The Second Amended Complaint avers that McCandlish never received a substantive response from Specialized Loan Servicing ("SLS") in connection with her written correspondence.[2] Now, she attaches a ***substantive response from SLS*** detailing the then-due amount owed, the then-current principal balance of the loan, amounts held in suspense and escrow accounts, as well as identifying the original and current creditors for the loan.[3] Should the Court consider this extraneous exhibit, the SLS correspondence unequivocally ruinates McCandlish's claims.

1.    <u>The Second Amended Complaint Fails to Allege Sufficient Facts</u>.

Each and every cause of action asserted in the Second Amended Complaint is based upon SLS' failure to respond to McCandlish's alleged qualified written requests and the later-in-time initiation of nonjudicial foreclosure. The failure to aver sufficient facts for each of her newly-minted claims, however, necessitates dismissal of this matter.

---

seems to misconstrue defense counsel's statements. Notwithstanding the foregoing, such position is inapplicable at this stage.

[2] *See* Dkt 50, at ¶¶ 35, 40, 45, 46, and 53.

[3] Defendant notes that the exhibit attached to Plaintiff's Response is neither referenced in or integral to the Second Amended Complaint, and should either be excluded or, alternatively, convert the pending motion to a motion for summary judgment pursuant to FRCP 12(d).

DEFENDANT NEWREZ'S REPLY IN SUPPORT OF MOTION TO
DISMISS SECOND AMENDED COMPLAINT - 2

KLINEDINST PC
1325 Fourth Avenue, Suite 1335
Seattle, Washington 98101
(206) 672-4400

Case No. 3:25-cv-05553-SKV

Despite the assertions raised in her Response, the Second Amended Complaint merely recites the elements of her alleged causes of action—a far cry from the pleading standard required to survive a motion to dismiss. *See Chavez v. United States*, 683 F.3d 1102, 1008 (9th Cir. 2012). The Second Amended Complaint does not "document the May 2, 2025 Shellpoint Delinquency Notice and the 2025 Notice of Trustee's Sale."[4] Indeed, the Second Amended Complaint does not contain a single allegation in which "2025" can be found—or any other conduct supposedly alleged to have occurred post-2022. The only allusions to any factual matter in connection with any defendants' post-2022 conduct are that defendants supposedly used unfair means—without providing any detail as to what those means actually were—to collect a debt by proceeding toward foreclosure.

The Second Amended Complaint's allegations are entirely recitational in nature. It does not allege any facts regarding what conduct was unfair or deceptive; instead, it recites the elements for each alleged cause of action. The only factual matter asserted is, summarily, that McCandlish sent four letters to SLS in 2022, she continued to receive monthly billing statements in connection with her home loan, and a nonjudicial foreclosure was initiated. Her failure to satisfy requisite pleading standards requires dismissal of this action.

    2.    <u>McCandlish's Failure to Allege the Loan is Current Supports Dismissal</u>.

More to the point, her Response silently concedes that she has not alleged that the outstanding debt has been paid or that the loan is not in default. Certainly, the subject Deed of Trust expressly provides the beneficiary the authority to foreclose in the event of a default. Insofar as Ms. McCandlish's Response attempts to assert an FDCPA violation based on wrongful foreclosure, the Washington Deed of Trust act promulgates specific requirements to effectuate a nonjudicial foreclosure. *See* RCW 61.24.030 *et seq*. McCandlish's Second Amended Complaint is void of any factual matter that would suggest these requirements were not satisfied. If anything, the Response and the Second Amended Complaint highlights that these statutory

---

[4] Dkt 66, at 2:36 and 3:1-2.

DEFENDANT NEWREZ'S REPLY IN SUPPORT OF MOTION TO
DISMISS SECOND AMENDED COMPLAINT - 3

Case No. 3:25-cv-05553-SKV

KLINEDINST PC
1325 Fourth Avenue, Suite 1335
Seattle, Washington 98101
(206) 672-4400

requirements were wholly complied with. Furthermore, she contends—without citation to any legal authority—that holding funds in a suspense account is an unfair or deceptive act as contemplated by the FDCPA and CPA, as well as a breach of the implied covenant of good faith and fair dealing. Her contention, however, is inapposite to the truth. While she brushes upon the subject Deed of Trust's applicable terms, she conveniently ignores critical language therein. Notably, "Lender may accept any payment or partial payment insufficient to bring the Loan current…but Lender is not obligated to apply such payments at the time such payments are accepted." Further still, "Lender may hold such unapplied funds until Borrower makes payment to bring the Loan current."[5]

Even supposing the Second Amended Complaint established any factual matter, McCandlish's averments do not set forth any cognizable claim for which relief can be granted. Rather, pursuant to the Deed of Trust, McCandlish specifically and expressly authorized the lender and its agents to hold insufficient, unapplied payments.

3.    McCandlish Does Not Rebut the Insufficiency of the Letters Purported to Be Qualified Written Requests.

The Response similarly concedes in silence that the letters from 2022 do not amount to QWRs that would trigger the statutory requirement to respond. None of the correspondence relied upon in the Second Amended Complaint can be categorized as a QWR as defined by RESPA's statutory language. To constitute a QWR, a borrower's request must (1) reasonably identify the borrower's name and account, (2) state the borrower's reasons for the belief that the account is in error and (3) seeks information relating to the servicing of the loan. *Medrano v. Flagstar Bank, FSB*, 704 F.3d 661, 666 (9th Cir. 2012); *see also* 12 USC § 2605(e)(1)(A)-(B). "[L]etters challenging only a loan's validity or its terms are not qualified written requests that give rise to a duty to respond under [RESPA]." *Id.*, at 667. Nevertheless, as evidenced by the

---

[5] Dkt. 50, at Ex. A §§ 1-3.

DEFENDANT NEWREZ'S REPLY IN SUPPORT OF MOTION TO
DISMISS SECOND AMENDED COMPLAINT - 4

Case No. 3:25-cv-05553-SKV

KLINEDINST PC
1325 Fourth Avenue, Suite 1335
Seattle, Washington 98101
(206) 672-4400

exhibit attached to the Response, SLS responded.[6] As a consequence, the claims pertaining to violations of RESPA for any purported failure to respond should be dismissed.

**B.    McCandlish's Claims Should Be Dismissed Because She Cannot Circumvent the Applicable Statute of Limitations Periods**

McCandlish's Response incorrectly notes that the discovery conference "establishes the 'continuing violation' necessary to defeat any statute of limitations argument."[7] Notably, the FDCPA does not recognize the continuing violation doctrine. *Brown v. Transworld Sys., Inc.*, 73 F.4th 1030, 1044 (9th Cir. 2023) (where the Court explained that the FDCPA does not allow plaintiffs to "sweep in a series of component acts that comprise a claim, if one of those acts was within the limitations period."). To the extent she attempts to sustain her meritless claims by asserting that Defendant violated the FDCPA in pursuing a five-day jury trial, she is wrong. Victoria McCandlish brought the present lawsuit; to characterize the defense of a lawsuit that she initiated as an FDCPA violation does not make sense. The stated goal of the FDCPA is to eliminate abusive debt collection practices in order to protect consumers. This lawsuit—and Defendant's subsequently necessary presentment of a legal defense—is categorically not an act to collect a debt.

The statute of limitations for FDCPA claims is a hard-set limit of one year. *Brown v. Transworld Sys., Inc.*, at 1040. McCandlish has failed to allege facts capable of establishing that her FDCPA claim is not time-barred. Her claim for violations of RESPA—under either the one-year or three-year limitations period—is similarly time-barred. McCandlish has not, nor can she, establish any factual matter capable of saving these claims from being time-barred. As a consequence, each must be dismissed.

**III.    CONCLUSION**

Based upon the foregoing, Defendant respectfully requests this Court grant the present

---

[6] Dkt. 66, at Ex. A.

[7] Dkt. 66, at 2:28-29.

DEFENDANT NEWREZ'S REPLY IN SUPPORT OF MOTION TO
DISMISS SECOND AMENDED COMPLAINT - 5

KLINEDINST PC
1325 Fourth Avenue, Suite 1335
Seattle, Washington 98101
(206) 672-4400

Case No. 3:25-cv-05553-SKV

motion and dismiss Plaintiff's Second Amended Complaint with prejudice and without leave to amend.

I certify that this memorandum contains 1,401 words, in compliance with Local Civil Rules.

DATED this 9th day of March, 2026.        KLINEDINST PC


*/s/ Chancelor K. Eagle*
Gregor A. Hensrude, WSBA No. 45918
Chancelor K. Eagle, WSBA No. 60914
1325 4th Avenue, Suite 1335
Seattle, WA 98121
206-672-4400
ghensrude@klinedinstlaw.com
ceagle@klinedinstlaw.com

Attorneys for NewRez, LLC d/b/a Shellpoint Mortgage Servicing

DEFENDANT NEWREZ'S REPLY IN SUPPORT OF MOTION TO
DISMISS SECOND AMENDED COMPLAINT - 6

KLINEDINST PC
1325 Fourth Avenue, Suite 1335
Seattle, Washington 98101
(206) 672-4400

Case No. 3:25-cv-05553-SKV

CERTIFICATE OF SERVICE

I, Arielle N. Armstrong, hereby certify that on the date below, I served a true and correct copy of the foregoing document via CM/ECF e-service or if not opted in then via email, upon the following:

| | |
|---|---|
| ***Plaintiff pro se*** | ***Attorney for Defendants Clear Recon Corp. and Monica Chavez*** |
| Victoria D. McCandlish (fka Heacock) | |
| 2700 Caples Ave | Peter Salmon, WSBA #31382 |
| Vancouver, WA 98661-9998 | Aldridge Pite LLP |
| 360-634-2299 | 3333 Camino del Rio South, Suite 225 |
| grantor1drop@pm.me | San Diego, CA 92108 |
| | 206-707-9603 / 858-750-7600 |
| | psalmon@aldridgepite.com |

DATED this 9th day of March, 2026, at Seattle, Washington.

 /s/ Arielle N. Armstrong
Arielle N. Armstrong
Legal Assistant
Klinedinst PC
1325 Fourth Avenue, Suite 1335
Seattle, WA 98101
206-672-4400
aarmstrong@klinedinstlaw.com

Reply ISO MTD 2AC (4690-10110)(30517806.1)

DEFENDANT NEWREZ'S REPLY IN SUPPORT OF MOTION TO
DISMISS SECOND AMENDED COMPLAINT - 7

KLINEDINST PC
1325 Fourth Avenue, Suite 1335
Seattle, Washington 98101
(206) 672-4400

Case No. 3:25-cv-05553-SKV