UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| VICTORIA DIANE MCCANDLISH,<br><br>Plaintiff,<br>v.<br><br>NEWREZ LLC et al.,<br><br>Defendants. | CASE NO. 3:25-cv-05553-DGE<br><br>ORDER GRANTING MOTION TO DISMISS SECOND AMENDED COMPLAINT (DKT. NO. 64) |

Before the Court is Defendant NewRez LLC's ("NewRez") motion to dismiss[1] (Dkt. No. 64) Plaintiff Victoria McCandlish's second amended complaint (Dkt. No. 50) for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).  For the foregoing reasons, the Court GRANTS NewRez's motion to dismiss.

---

[1] On February 18, 2026, Defendant Clear Recon Corp. and Monica Chavez filed notice of joinder.  (Dkt. No. 65.)  The Court notes that Chavez is not named in Plaintiff's second amended complaint.

# I    BACKGROUND

On December 1, 2025, Plaintiff filed a second amended complaint. (Dkt. No. 50.) She alleged that in 2007, she executed a promissory note in favor of Countywide Bank, FSB in the principal amount of approximately $584,000.00, secured by a Deed of Trust against real property located at 7100 NE 151st Circle, Vancouver, Washington 98686 (the "Property"). (*Id.* at 4.) The Deed of Trust granted Countrywide Home Loans, Inc. a security interest in the Property to secure repayment of the note. (*Id.*) After origination, the loan was transferred for servicing to Defendant Specialized Loan Servicing LLC ("SLS"), and "subsequently or concurrently," to NewRez. (*Id.*)

In 2022, SLS acted as the mortgage loan servicer for Plaintiff's loan and sent Plaintiff periodic billing statements and escrow disclosures. (*Id.*) Plaintiff "identified discrepancies and irregularities in SLS's accounting" and began sending SLS "detailed written notices disputing the debt, requesting validation, and demanding an accurate accounting of the Loan." (*Id.* at 4–5.) Between May 20, 2022 and July 5, 2022, Plaintiff sent five written notices to SLS' executive finance officer, Toby Wells, regarding alleged discrepancies to the loan. (*Id.* at 5–7.) Plaintiff sent her written notices to Toby Wells at 6200 South Quebec Street, Greenwood Village, Colorado 80111.[2] (*Id.* at 30–37.)

"Notwithstanding Plaintiff's multiple written disputes, validation requests, and designated payments," SLS and NewRez "continued to send billing statements and collection communications asserting Plaintiff was in default[.]" (*Id.* at 7.) Plaintiff alleged Defendant Clear Recon Corp. "proceeded with or threatened nonjudicial foreclosure proceedings under the

---

[2] Plaintiff varied between sending the notices to "Unit 630147" or "Suite 300." (*See* Dkt. No. 50 at 30–37.)

Washington Deed of Trust Act . . . based on accountings and default calculations that Plaintiff has repeatedly disputed and that Defendants had failed to validate or correct." (*Id.*)  Plaintiff further contended that Defendants' collection and foreclosure communications "did not disclose, and in some instances affirmatively obscured, the identity of the true owner, investor, or beneficiary of the Loan." (*Id.* at 8.)  Thus, Plaintiff alleges to have suffered "the imminent threat of losing her home through wrongful disclosure," "damage to her credit profile and creditworthiness," "out-of-pocket expenses," and "significant emotional distress, anxiety, and mental anguish[.]" (*Id.*)

Plaintiff asserts five causes of action against Defendants: (1) violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*; (2) violations of the Real Estate Settlement and Procedures Act ("RESPA") and Regulation X, 12 U.S.C. § 2605; 12 C.F.R. § 1024; (3) violations of the Washington Consumer Protection Act ("WCPA"), Washington Revised Code § 19.86; (4) breach of contract and breach of the implied covenant of good faith and fair dealings, and (5) declaratory and injunctive relief.  (Dkt. No. 50 at 2.)

In its motion to dismiss, NewRez asserts Plaintiff's claims each fail as a matter of law. (Dkt. No. 64 at 3.)  Specifically, NewRez argues Plaintiff's written notices to Toby Wells were sent to an improper address.  (*Id.* at 3–4.)  Plaintiff's Deed of Trust states that "[a]ll notices given by Borrower or Lender in connection with this Security Instrument must be in writing," and "[a]ny notice to Lender shall be given by delivering it or mailing it by first class mail to Lender's address stated herein unless Lender has designated another address by notice to Borrower." (Dkt. No. 50 at 21.)  The Deed of Trust identifies Lender's address as 1199 North Fairfax Street, Suite 500, Alexandria, Virginia 22314.  (*Id.* at 15.)  Alternatively, NewRez argues Plaintiff's FDCPA and RESPA claims are barred by the applicable statute of limitations.  (Dkt. No. 64 at

6.)  NewRez further contends that Plaintiff does not allege an actionable claim under either the WCPA or breach of contract.  (*Id.* at 5.)

In response, Plaintiff attaches a March 16, 2023 letter from SLS in which Plaintiff alleges SLS acknowledged receipt of Plaintiff's previous written notices and admitted to substantively responding to them.  (Dkt. Nos. 66, 66-1.)  However, when ruling on a Rule 12(b)(6) a motion to dismiss, district courts may only consider documents attached to the complaint, incorporated by reference in the complaint, or documents that can be judicially noticed.  *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003).  Plaintiff's exhibit does not fall within either of these three categories.  Thus, the Court cannot consider the March 16, 2023 letter attached to Plaintiff's response.

## II     LEGAL STANDARD

Federal Rule of Civil Procedure 12(b) motions to dismiss may be based on either the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory.  *Balistreri v. Pacifica Police Dep't.*, 901 F.2d 696, 699 (9th Cir. 1988).  Material allegations are taken as admitted and the complaint is construed in the plaintiff's favor.  *Keniston v. Roberts*, 717 F.2d 1295, 1300 (9th Cir. 1983).  "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554–555 (2007) (internal citations omitted).  "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)."  *Id.* at 555 (internal citations omitted).  The complaint must allege "enough facts to state a claim to relief that is plausible on

its face." *Id.* at 570. "The court need not, however, accept as true allegations that contradict matters properly subject to judicial notice or by exhibit. Nor is the court required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir.), *opinion amended on denial of reh'g*, 275 F.3d 1187 (9th Cir. 2001) (internal citation omitted).

## III DISCUSSION

### A. FDCPA

Plaintiff contends Defendants violated 15 U.S.C. § 1692g(b) by continuing to collect on the loan without providing the required validation of the debt after receiving the June 21, 2022 written notice. (Dkt. No. 50 at 8.)

The pertinent portion of 15 U.S.C. § 1692g requires a debt collector to "obtain verification of the debt" upon the request of the consumer, 15 U.S.C. § 1692g(a)(4), and to cease collection efforts until the debt collector obtains verification and mails it to the consumer, 15 U.S.C. § 1692g(b). However, Plaintiff's Deed of Trust indicates that "[a]ny notice to Lender shall be given by delivering it or mailing it by first class mail *to Lender's address stated herein* unless Lender has designated another address by notice to Borrower." (Dkt. No. 50 at 21) (emphasis added). The Deed of Trust identifies the Lender's address as 1199 North Fairfax St. Ste. 500, Alexandria, VA 22314. (*Id.* at 15.) Plaintiff did not send her written notices to this Virginia address, and instead sent them to an address in Colorado. (*See id.* at 30–37.) And Plaintiff does not allege that the Lender designated another address by which to receive written notices. Because Plaintiff's notices were sent to an address different than identified in the Deed

of Trust, there is no indication that Defendants' received Plaintiff's written notices. Thus, Defendants' statutory obligations under § 1692g were not triggered.[3]

Plaintiff further argues that Defendants violated 15 U.S.C. § 1692e by using false, deceptive, or misleading representations in connection with the collection of a debt and violated 15 U.S.C. § 1692f by using unfair or unconscionable means to collect or attempt to collect a debt. (Dkt. No. 50 at 8.) Plaintiff does not allege any facts tending to show that Defendants used false or deceptive representations or unfair means in connection with debt collection. Thus, the Court DISMISSES Plaintiff's claims under FDCPA.

## B. RESPA/ Regulation X

Plaintiff's second claim for relief alleges a violation 12 U.S.C. § 2605(e) and its corresponding regulations. (Dkt. No. 50 at 9.) Under RESPA, "[i]f any servicer of a federally related mortgage loan receives a qualified written request from the borrower (or an agent of the borrower) for information relating to the servicing of such loan, the servicer shall provide a written response acknowledging receipt of the correspondence within 5 days (excluding legal public holidays, Saturdays, and Sundays) unless the action requested is taken within such period."[4] 12 U.S.C. § 2605(e)(1)(A). As previously mentioned, Plaintiff does not allege she sent written notice to the address identified in the Deed of Trust.

---

[3] The Court acknowledges Plaintiff attached an exhibit to her response indicating that SLS received and responded to her previous written notices. (Dkt. No. 66-1.) The Court grants Plaintiff leave to amend her complaint to plead facts tending to rebut NewRez's argument that Plaintiff's notices were sent to an incorrect address. However, Plaintiff's exhibit may establish she did receive a response to her inquiries.

[4] A qualified written request is "a written correspondence, other than notice on a payment coupon or other payment medium supplied by the servicer, that: (i) includes, or otherwise enables the servicer to identify, the name and account of the borrower; and (ii) includes a statement of the reasons for the belief of the borrower, to the extent applicable, that the account is in error or provides sufficient detail to the servicer regarding other information sought by the

NewRez argues Plaintiff's RESPA claim is barred by the statute of limitations. (Dkt. No. 64 at 6.) RESPA sets forth that an action brought "pursuant to the provisions of section 2605, 2607, or 2608 of this title may be brought . . . within 3 years in the case of a violation of section 2605 of this title and 1 year in the case of a violation of section 2607 or 2608 of this title." 12 USC § 2614. Plaintiff contends Defendants failed to "timely acknowledge receipt of Plaintiff's notices, conduct reasonable investigations, and provide written responses," after receiving her June 21, 2022 written request. (Dkt. No. 50 at 9.) Plaintiff had until June 28, 2025 to bring forth her RESPA claim (5 days, excluding weekends, and three years after her written request); yet, she did not amend her complaint to bring this specific cause of action until December 1, 2025. (*See* Dkt. No. 50.) Thus, Plaintiff's RESPA claim is DISMISSED without leave to amend.

### C. WCPA and Breach of Contract

Plaintiff alleges Defendants engaged in unfair and deceptive acts under the WCPA, and separately breached the promissory note and Deed of Trust by: (1) misrepresenting or obscuring the character, amount, and status of Plaintiff's mortgage debt; (2) pursuing nonjudicial foreclosure based on unvalidated and disputed accountings; (3) failing to respond to Plaintiff's written disputes to provide an accurate accounting; and (4) mishandling or misapplying escrow and tax payments. (Dkt. No. 50 at 10–11.) As discussed above, Defendants' duty to validate Plaintiff's debt or otherwise respond to Plaintiff's disputes was not triggered. Furthermore, Plaintiff's allegations about Defendants "mishandling" her escrow account stem from the July 5, 2022 written notice sent to Toby Wells. (Dkt. No. 50 at 7.) Again, Plaintiff fails to show that Defendants received the July 5 letter, as it was sent to an address different than listed in the Deed

borrower." 12 U.S.C. § 2605(e)(1)(B). NewRez contends none of Plaintiff's written notices satisfy these requirements. (Dkt. No. 64 at 4.) Because the Court dismisses on statute of limitation grounds, it need not decide this issue.

of Trust. (*See* Dkt. No. 50 at 37.) The Court DISMISSES Plaintiff's WCPA and breach of contract claims with leave to amend.

### IV    CONCLUSION

Having considered NewRez's motion, the briefing of the parties, and the remainder of the record, and for the reasons stated herein, the Court finds and ORDERS that Defendant NewRez's motion to dismiss (Dkt. No. 64) is GRANTED. The Court grants Plaintiff leave to amend her complaint to correct the identified deficiencies. Any amended complaint must be filed no later than **April 14, 2026** and said amendments shall not include a RESPA claim. If an amended complaint is not filed by April 14, 2026, this case will be closed.

The Clerk is directed to calendar this event.

Dated this 24th day of March, 2026.

David G. Estudillo
United States District Judge