Family of McCandlish Trust
2700 Caples Avenue #2441
Vancouver. Washington. 98661-9998.
Grantors Office
(360) 634-2299 phone
(360) 634-2331 - fax
grantor1drop@pm.me

Pro Per Sui Juris



UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

Victoria Diane McCandlish
  (formerly: Heacock),

              Plaintiff,

              vs.

NEWREZ LLC d/b/a
SHELLPOINT MORTGAGE SERVICING;
SPECIALIZED LOAN SERVICING LLC, its
successors and assigns;
CLEAR RECON CORP; and
DOES 1–10, inclusive,

              Defendants.

Case No.  3:25-cv-05553-DGE

PLAINTIFF'S NOTICE OF STATUS AS TO
DEFENDANT SPECIALIZED LOAN
SERVICING LLC

# PLAINTIFF'S NOTICE OF STATUS AS TO
# DEFENDANT SPECIALIZED LOAN SERVICING LLC

## I. INTRODUCTION

Plaintiff Victoria Diane McCandlish, in *propria persona, sui juris*, respectfully files this Notice of Status to place on the record that the pending Motion to Dismiss the Third Amended Complaint (Dkt. 72), filed April 27, 2026 by Klinedinst PC on behalf of Defendant NewRez LLC d/b/a Shellpoint Mortgage Servicing only, does not appear to have been joined by Defendant Specialized Loan Servicing LLC ("SLS"). Plaintiff seeks the Court's confirmation of SLS's appearance, answer, or motion-joinder status so that the record clearly reflects which Defendants are litigants on the present motion and which are not.

## II. RELIEF REQUESTED

Plaintiff respectfully requests that the Court:

(1) take notice of the procedural status of Defendant SLS as set forth below;

(2) clarify, sua sponte or upon request from any party, whether Defendant SLS has joined the pending Motion to Dismiss (Dkt. 72) or any concurrent filing;

(3) confirm that, in the absence of a motion or joinder by Defendant SLS, the operative Third Amended Complaint (Dkt. 70) remains pending against Defendant SLS regardless of the disposition of NewRez's motion; and

(4) preserve Plaintiff's right to seek entry under Fed. R. Civ. P. 55(a) if the record reflects that Defendant SLS has failed to plead or otherwise respond to the Third Amended Complaint within the time required by Fed. R. Civ. P. 12(a).

## V. STATEMENT OF STATUS

### A. Filings of record involving SLS

The Third Amended Complaint (Dkt. 70), filed April 13, 2026, names Specialized Loan Servicing LLC as a Defendant and pleads claims against SLS in Counts I (RESPA), II (FDCPA), III (Breach of Contract / Implied Covenant), and IV (Intentional Infliction of Emotional Distress).

The Motion to Dismiss the Third Amended Complaint (Dkt. 72), filed April 27, 2026, is captioned and signed only by Klinedinst PC as "Attorneys for NewRez, LLC d/b/a Shellpoint Mortgage Servicing." The motion's signature block at page 9 lists only Gregor A. Hensrude (WSBA No. 45918) and Chancelor K. Eagle (WSBA No. 60914), both of Klinedinst PC, on behalf of NewRez. The Certificate of Service at page 10 reflects service on Plaintiff and on Peter Salmon of Aldridge Pite LLP "as Attorney for Defendants Clear Recon Corp. and Monica Chavez," but lists no counsel for Defendant SLS.

The companion Request for Judicial Notice (Dkt. 72-1) is signed by the same Klinedinst attorneys on behalf of NewRez only, with no joinder by SLS.

### B. Appearance status as of the filing of this Notice

Per the public docket as of the morning of May 12, 2026 (final PACER re-pull on file): no notice of appearance has been filed by counsel for Defendant Specialized Loan Servicing LLC; no answer, motion to dismiss, or other responsive pleading has been filed by Defendant SLS in response to the Third Amended Complaint (Dkt. 70); and Defendant SLS has not joined NewRez's Motion to Dismiss (Dkt. 72) or otherwise appeared in connection with the present motion practice. The recent Notice of Joinder filed at Dkt. 73 was filed by Defendant Clear Recon Corp., not by Defendant SLS.

### C. Procedural consequence

The pending Motion to Dismiss does not — and cannot — seek dismissal of any claim against any party not represented by the moving counsel. *See, e.g., LCR 11(a)(2)* (admission and authority requirements for filings). Accordingly, even if the Motion is granted in full, the Third Amended Complaint will remain pending against Defendant SLS, and Defendant SLS's responsive obligations under Fed. R. Civ. P. 12(a) are unaffected by NewRez's motion practice.

## VI. LEGAL BASIS

(1) Fed. R. Civ. P. 12(a). Each defendant served with a complaint must serve an answer or otherwise respond within the times provided.

(2) Fed. R. Civ. P. 55(a). Where a defendant has failed to plead or otherwise defend, the clerk must enter that party's default upon a showing by affidavit or otherwise.

(3) W.D. Wash. LCR 11(a)(2). Filings may be made only by parties or their counsel of record duly authorized to appear before this Court.

(4) General principles of party-defendant joinder. A motion is binding only as to its movants; absent express joinder, a co-defendant retains its own pleading obligations and substantive defenses. *Cf. Carrera v. Bayer Corp.*, 727 F.3d 300, 305 (3d Cir. 2013) (motion practice is movant-specific absent joinder).

## VII. APPLICATION

The record reflects no joinder, motion, or appearance by Defendant SLS in connection with the pending Motion to Dismiss. Plaintiff does not, by this Notice, seek any ruling against SLS at this time. Plaintiff seeks only that the Court (a) take notice of the procedural status above, (b) confirm that the Motion does not affect the Third Amended Complaint's pendency as to SLS, and (c) preserve Plaintiff's right to seek FRCP 55(a) relief should the record reflect a failure by SLS to respond timely.

## VIII. RESERVATION OF RIGHTS

This Notice is filed without waiver of any rights, remedies, or defenses, all of which are expressly reserved. Plaintiff does not, by filing this Notice, concede any element of any pending motion, any factual contention by any Defendant, or the validity of any procedural posture asserted by any Defendant. Plaintiff reserves the right to seek any and all relief the record supports, including but not limited to entry of default under Fed. R. Civ. P. 55(a), should circumstances warrant.

## IX. CONCLUSION

For the reasons set forth above, Plaintiff respectfully requests that the Court (a) take notice of the procedural status of Defendant SLS, (b) confirm that the operative Third Amended Complaint remains pending against SLS regardless of the disposition of the NewRez-only Motion to Dismiss, and (c) preserve all rights of Plaintiff to seek further relief consistent with this Notice.

Dated: May 12, 2026.

## X. SIGNATURE BLOCK

Victoria Diane McCandlish (formerly: Heacock)
*Plaintiff, in propria persona, sui juris*
2700 Caples Avenue, #2441
Vancouver, WA 98661-9998
Telephone: (360) 634-2299
Email: grantor1drop@pm.me

## XI. CERTIFICATE OF SERVICE

I certify under penalty of perjury that on the date of filing I caused the foregoing Plaintiff's Notice of Status as to Defendant Specialized Loan Servicing LLC to be filed with the Clerk of the Court [via CM/ECF, which will send notification of filing to all counsel of record / via the Clerk's pro se filing portal — strike inapplicable].

I further certify that on the same date a true and correct copy was served by electronic mail upon:

- Gregor A. Hensrude, Klinedinst PC (Attorney for Defendant NewRez LLC) — ghensrude@klinedinstlaw.com
- Chancelor K. Eagle, Klinedinst PC (Attorney for Defendant NewRez LLC) — ceagle@klinedinstlaw.com
- Patricia Army, Aldridge Pite LLP (Attorney for Defendant Clear Recon Corp., per Notice of Joinder, Dkt. 73) — parmy@aldridgepite.com
- Peter Salmon, Aldridge Pite LLP (Attorney for Defendant Clear Recon Corp.) — psalmon@aldridgepite.com

and by United States Postal Service, First-Class Mail, to:

- Specialized Loan Servicing LLC, c/o Registered Agent, 6200 S. Quebec Street, Suite 300, Greenwood Village, Colorado 80111

Victoria Diane McCandlish, *in propria persona, sui juris*

— End of Notice —