Family of McCandlish Trust
2700 Caples Avenue #2441
Vancouver. Washington. 98661-9998.
Grantors Office
(360) 634-2299 phone
(360) 634-2331 - fax
grantor1drop@pm.me

Pro Per Sui Juris

FILED _____ LODGED
_____ RECEIVED

MAY 1 2 2026

CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT TACOMA
BY _____ DEPUTY

## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| Victoria Diane McCandlish (formerly: Heacock), <br><br> Plaintiff, <br><br> vs. <br><br> NEWREZ LLC d/b/a SHELLPOINT MORTGAGE SERVICING; SPECIALIZED LOAN SERVICING LLC, its successors and assigns; CLEAR RECON CORP; and DOES 1–10, inclusive, <br><br> Defendants. | Case No. 3:25-cv-05553-DGE <br><br> PLAINTIFF'S STATEMENT REGARDING THE STATUS OF PENDING MOTIONS, THE OPERATIVE RECORD, AND DEFENDANT SLS'S NON-APPEARANCE, IN ADVANCE OF THE MAY 15, 2026 SCHEDULING CONFERENCE <br><br> SCHEDULING CONF.: MAY 15, 2026 |

## PLAINTIFF'S STATEMENT REGARDING THE STATUS OF PENDING MOTIONS, THE OPERATIVE RECORD, AND DEFENDANT SLS'S NON-APPEARANCE, IN ADVANCE OF THE MAY 15, 2026 SCHEDULING CONFERENCE

## II. INTRODUCTION

Plaintiff Victoria Diane McCandlish, in *propria persona, sui juris*, respectfully submits this Statement in advance of the Scheduling Conference reset to Friday, May 15, 2026 at 10:30 AM PT (Courtroom B, Zoom) by this Court's May 7, 2026 minute entry. The purpose of this Statement is fivefold and is laid out, in order, in §§ V–IX below:

❖ § V — Operative record. Identify the operative pleading (the Third Amended Complaint, Dkt. 70) and place on the docket — by attachment and verified declaration — four exhibits that are attached to and quoted in the TAC but are omitted from Defendant NewRez's Request for Judicial Notice at Dkt. 72-1: namely the SLS letter dated March 16, 2023 (TAC Ex. D); the SLS letter dated April 15, 2024 (TAC Ex. E); the Notice of Trustee's Sale dated May 22, 2025 (TAC Ex. F); and the Notice of Trustee's Sale dated February 13, 2026 (TAC Ex. G).

❖ § VI — Defendant SLS's non-appearance. Identify on the record that, as of the date of this Statement, Defendant Specialized Loan Servicing LLC has not filed a notice of appearance, an answer, a motion

to dismiss, or a joinder in any pending motion in response to the TAC, and respectfully request that the Court take notice of that posture and confirm that the operative TAC remains pending against SLS regardless of the disposition of Dkts. 72 and 73.

- ❖ § VII — Discovery scope. Preview the discovery scope this Court should expect Plaintiff to seek consistent with FRCP 26(f), focused on the unreconciled $32,419.24 ledger entry booked at the 2013 servicing transfer, the OCC Comptroller's Handbook data-integrity standard referenced in the SLS correspondence, and the foundational records underlying the two pending Notices of Trustee's Sale.
- ❖ § VIII — Pending motions and scheduling. Request that this Court's Scheduling Order accommodate (a) Fed. R. Civ. P. 56(d) discovery in the event the pending Motion to Dismiss is converted to a motion for summary judgment by virtue of the Request for Judicial Notice; and (b) the pending Fed. R. Civ. P. 65 motion for preliminary injunction targeting the February 13, 2026 Notice of Trustee's Sale (filed concurrently with this Statement on May 14, 2026).
- ❖ § IX — Reservation of rights. Preserve all rights and remedies, including the Fed. R. Civ. P. 11(c)(2) safe-harbor notice served on counsel of record for the moving and joining defendants on May 11, 2026.

This Statement is filed in good faith pursuant to LCR 16 and the Court's inherent authority to manage its own docket. It is not a substitute for the opposition to the Motion to Dismiss the TAC (Dkt. 72), which will be filed on or before Monday, May 18, 2026, in compliance with LCR 7(d)(3).

## III. STANDARD OF PLAINTIFF'S CONSTRUCTION

Plaintiff appears *in propria persona, sui juris*. Filings of *self-represented* litigants are construed liberally and held to less stringent standards than formal pleadings drafted by lawyers. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). Plaintiff has nevertheless drafted this Statement to the federal-clerk standard and presents it without waiver of any rights, remedies, or defenses, all of which are expressly reserved.

## IV. PROCEDURAL POSTURE — DOCKET RECITATION

(Verified against PACER as of the morning of 2026-05-13.)

| Dkt. | Date | Filing |
|---|---|---|
| 70 | Apr 13, 2026 | Third Amended Complaint (Plaintiff) — five counts; jury trial demanded; Exs. A through G attached |
| 72 | Apr 27, 2026 | NewRez LLC's Motion to Dismiss the Third Amended Complaint (Klinedinst PC) — Noting Date 5/26/2026 per cover |
| 72-1 | Apr 27, 2026 | NewRez LLC's Request for Judicial Notice — attaches Exs. A, B, C only (three SLS letters dated July 8, July 29, August 29, 2022) |
| 73 | Apr 28, 2026 | Notice of Joinder by Clear Recon Corp. in Dkt. 72 (Aldridge Pite LLP) |
| — | May 7, 2026 | Minute entry resetting Scheduling Conference to May 15, 2026 at 10:30 AM PT (Courtroom B, Zoom) before Hon. Estudillo |

As of the date of this Statement, Defendant Specialized Loan Servicing LLC has not filed an appearance or any responsive pleading on the docket.

# V. THE OPERATIVE RECORD
## — PLACING THE OMITTED EXHIBITS BEFORE THE COURT

Defendant NewRez's Request for Judicial Notice at Dkt. 72-1 attaches three letters from Specialized Loan Servicing LLC, all dated within a six-week period in mid-2022 (July 8, July 29, and August 29, 2022). The Motion to Dismiss at Dkt. 72 relies on those three letters to argue that SLS has "substantively responded" to Plaintiff's notices of error and that nothing in the surrounding correspondence "acknowledges a disputed $32,000 arrears charge" (Dkt. 72, p. 6).

The TAC and the supporting record tell a different story. Four exhibits, all attached to and quoted in the TAC and all of which post-date the three letters that Defendants chose to attach, directly contradict the narrative on which the Motion to Dismiss is built. Plaintiff places each on the docket below by reference to the TAC and by verified declaration attached as Exhibit 1 to this Statement.

## A. TAC Exhibit D — SLS letter dated March 16, 2023 (Alfran Teller, ID # 27274)

The March 16, 2023 SLS letter — attached to the TAC as Exhibit D and quoted in the TAC at the paragraphs alleging the unreconciled ledger entry — (i) acknowledges prior SLS responses on July 8, July 22, and August 26, 2022 (the same three letters Defendants chose to attach to the RJN); (ii) itemizes $288.01 in suspense and $3,780.41 in escrow held against the alleged $32,000-plus default balance; (iii) recites the OCC Comptroller's Handbook data-integrity standard; and (iv) provides no source reconciliation for the $32,419.24 ledger entry booked at the 2013 servicing transfer to SLS.

Defendants' Motion to Dismiss states at page 6: "Notably, nothing in the March 6, 2023 correspondence to McCandlish acknowledges a disputed $32,000 arrears charge. SLS' responsive letters referenced therein similarly do not contain any mention of a $32,000 arrears charge." That representation is contradicted on its face by the SLS letter Defendants did not attach.

## B. TAC Exhibit E — SLS letter dated April 15, 2024 (Alfran Teller, ID # 27274)

The April 15, 2024 SLS letter is a "comprehensive response" letter identifying the February 21, 2023 dispute as a "prior dispute," restating the principal balance as $317,720.67, and again providing no source reconciliation for the $32,419.24 ledger entry. It is the most recent substantive SLS response in the dispute series.

## C. TAC Exhibit F — Notice of Trustee's Sale dated May 22, 2025 (Trustee Sale No. 13310-WA)

The May 22, 2025 Notice of Trustee's Sale, issued by Defendant Clear Recon Corp. as successor trustee, asserts a default amount derived from the same unreconciled ledger entry. Defendants' Motion to Dismiss does not mention this Notice. The exhibit is operative for purposes of (i) the FDCPA limitations analysis (each foreclosure notice triggering an independent one-year window under *Brown v. Transworld Systems, Inc.*, 73 F.4th 1030 (9th Cir. 2023)); (ii) the IIED continuing-conduct analysis (*Kloepfel v. Bokor*, 149 Wn.2d 192 (2003)); and (iii) the RESPA-trigger analysis post-dating the Second Amended Complaint and therefore not addressed by the Court's March 24, 2026 order (Dkt. 69).

## D. TAC Exhibit G — Notice of Trustee's Sale dated February 13, 2026 (reissued)

The February 13, 2026 Notice of Trustee's Sale, also issued by Defendant CRC, is the operative foreclosure-emergency anchor. Defendants' Motion to Dismiss likewise does not mention this Notice. Plaintiff's concurrently-filed Motion for Preliminary Injunction (filed May 14, 2026) is keyed to this Notice and applies *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7 (2008).

## E. The seven-letter dispute series (chronological summary)

For the Court's convenience, Plaintiff appends to the verified declaration a one-page chronology of the seven Notices of Error and the five SLS responses comprising the 2022–2024 dispute series:

- ❖ 2022-07-08 — First Notice of Error to SLS (RJN Ex. A — defendants' attachment)
- ❖ 2022-07-29 — Second Notice of Error to SLS (RJN Ex. B — defendants' attachment)
- ❖ 2022-08-26 — Third Notice of Error to SLS (RJN Ex. C — defendants' attachment)
- ❖ 2022-11-30 — Fourth Notice of Error to SLS; SLS acknowledged 12/06/2022
- ❖ 2022-12-19 — SLS response (Jezriah # 23167) — TAC Ex. A
- ❖ 2023-01-23 — Sixth Notice of Error to SLS; SLS acknowledged 2/02/2023
- ❖ 2023-02-02 — SLS response (Anna # 15224) — TAC Ex. B
- ❖ 2023-02-21 — Seventh Notice of Error to SLS; SLS acknowledged 3/06/2023
- ❖ 2023-03-06 — SLS response (Joseph # 18802) — TAC Ex. C
- ❖ 2023-03-16 — SLS response (Alfran Teller # 27274) — TAC Ex. D *(omitted from RJN)*
- ❖ 2024-04-15 — SLS response (Alfran Teller # 27274) — TAC Ex. E *(omitted from RJN)*

The Ninth Circuit has held expressly that the incorporation-by-reference doctrine cannot be applied selectively. *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 998–1003 (9th Cir. 2018); *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003) (incorporation "operates in full"). Plaintiff places the omitted exhibits on the docket in the present Statement solely to complete the record before the Court, without waiving any opposition to Dkt. 72-1 that will be filed concurrently with the opposition to Dkt. 72 on Monday, May 18, 2026.

## VI. DEFENDANT SLS'S NON-APPEARANCE

The TAC names Specialized Loan Servicing LLC as a Defendant and pleads claims against SLS in Counts I (RESPA), II (FDCPA), III (Breach of Contract / Implied Covenant), and IV (IIED). As of the date of this Statement, the public docket reflects no notice of appearance, no answer, no motion to dismiss, no extension of time, and no motion-joinder by SLS. The Court is respectfully referred to Plaintiff's Notice of Status as to Defendant Specialized Loan Servicing LLC, filed May 12, 2026.

Plaintiff does not, by this Statement, seek any substantive ruling against SLS at this time. Plaintiff respectfully requests only that the Court (a) take notice of SLS's procedural status, (b) confirm that the operative TAC remains pending against SLS regardless of the disposition of Dkts. 72 and 73, and (c) preserve Plaintiff's right to seek entry of default under Fed. R. Civ. P. 55(a) if the record continues to reflect a failure by SLS to plead or otherwise respond. The Federal Rules contemplate that motion practice is movant-specific: a motion by one defendant cannot, in the absence of joinder, dispose of

claims against an unrepresented co-defendant. *Cf. Carrera v. Bayer Corp.*, 727 F.3d 300, 305 (3d Cir. 2013).

## VII. DISCOVERY SCOPE (PREVIEW UNDER FRCP 26(f))

Plaintiff anticipates seeking, *inter alia*, the following categories of discovery in the merits phase:

- ❖ The complete loan-servicing transfer file for the 2013 transfer to SLS — including, without limitation, the boarding-data certifications, the reconciliation of pre- and post-transfer ledger balances, and any internal correspondence reflecting how the $32,419.24 arrears balance was booked.
- ❖ The OCC Comptroller's Handbook data-integrity records SLS itself cites in TAC Exhibits D and E.
- ❖ The complete RESPA QWR / NOE response log for the seven-letter dispute series identified in § V.E.
- ❖ The complete CRC trustee file underlying the May 22, 2025 NOTS (Trustee Sale No. 13310-WA) and the February 13, 2026 NOTS (reissued) — including the beneficiary statements and statements of default underlying each.
- ❖ Internal NewRez and SLS communications referring to the disputed $32,419.24 balance, the "active dispute" status under 15 U.S.C. § 1692e(8), and any credit-reporting decisions made while that status obtained.

This list is illustrative, not exhaustive. Plaintiff will confer in good faith under FRCP 26(f) with all counsel of record once a Rule 26(f) date is set by this Court.

## VIII. SCHEDULING REQUEST

Plaintiff respectfully requests that this Court's Scheduling Order:

- ❖ Set a FRCP 26(f) conference within 30 days of the Court's ruling on Dkt. 72 (or sooner if the Court deems appropriate);
- ❖ Reserve to Plaintiff the right, in the event the Court determines that Dkt. 72-1's selective attachments convert the Motion to Dismiss into a motion for summary judgment, to take FRCP 56(d) discovery commensurate with the omitted-exhibit issues identified in § V above (the supporting Fed. R. Civ. P. 56(d) declaration is appended to Plaintiff's opposition due May 18, 2026);
- ❖ Set a hearing on Plaintiff's Motion for Preliminary Injunction (filed May 14, 2026) on the foreclosure-emergency calendar consistent with LCR 65 and the urgency reflected in the February 13, 2026 NOTS;
- ❖ Direct counsel of record for each appearing Defendant to confirm, on the record, whether any Defendant intends to advance any defense not asserted in Dkt. 72, given Defendant CRC's joinder under Dkt. 73; and
- ❖ Set an Early Neutral Evaluation or other appropriate ADR referral consistent with LCR 39.1 if the Court deems the parties to be at a stage where structured discussion would advance disposition.

## IX. RESERVATION OF RIGHTS

This Statement is filed without waiver of any rights, remedies, or defenses, all of which are expressly reserved. Without limitation, Plaintiff expressly reserves:

(a) the right to oppose Dkt. 72 and Dkt. 73 in full on May 18, 2026, including by cross-motion to deny the Request for Judicial Notice under *Khoja* and the supporting Fed. R. Civ. P. 56(d) declaration;

(b) the right to move for sanctions under Fed. R. Civ. P. 11(c) following expiration of the 21-day safe-harbor window served on counsel for the moving and joining Defendants on May 11, 2026, if the identified misrepresentations are not withdrawn or appropriately corrected;

(c) the right to move for entry of default under Fed. R. Civ. P. 55(a) as to Defendant SLS; and

(d) all rights with respect to the property at 7100 NE 151st Circle, Vancouver, WA 98686, and the recorded Notice of Lis Pendens.

## X. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court (a) take notice of the operative record as set forth in §§ IV–V above, (b) confirm SLS's procedural posture as set forth in § VI, (c) accept the discovery preview in § VII for purposes of the Rule 16/26 scheduling discussion, and (d) enter scheduling orders consistent with the relief requested in § VIII.

Dated: May 13, 2026.

## XI. SIGNATURE BLOCK

Victoria Diane McCandlish (formerly: Heacock)
*Plaintiff, in propria persona, sui juris*
2700 Caples Avenue, #2441
Vancouver, WA 98661-9998
Telephone: (360) 634-2299
Email: grantor1drop@pm.me

# XII. CERTIFICATE OF SERVICE

I certify under penalty of perjury that on May 13, 2026 I caused the foregoing Plaintiff's Statement Regarding the Status of Pending Motions, the Operative Record, and Defendant SLS's Non-Appearance, in Advance of the May 15, 2026 Scheduling Conference to be filed with the Clerk of the Court [via CM/ECF / via the Clerk's pro se filing portal — strike inapplicable].

I further certify that on the same date a true and correct copy was served by electronic mail upon:

- Gregor A. Hensrude, Klinedinst PC (Attorney for Defendant NewRez LLC) — ghensrude@klinedinstlaw.com
- Chancelor K. Eagle, Klinedinst PC (Attorney for Defendant NewRez LLC) — ceagle@klinedinstlaw.com
- Patricia Army, Aldridge Pite LLP (Attorney for Defendant Clear Recon Corp., per Notice of Joinder, Dkt. 73) — parmy@aldridgepite.com
- Peter Salmon, Aldridge Pite LLP (Attorney for Defendant Clear Recon Corp.) — psalmon@aldridgepite.com

   and by United States Postal Service, First-Class Mail, to:

- Specialized Loan Servicing LLC, c/o Registered Agent, 6200 S. Quebec Street, Suite 300, Greenwood Village, Colorado 80111

Victoria Diane McCandlish, *in propria persona, sui juris*

— End of Statement —