Family of McCandlish Trust
2700 Caples Avenue #2441
Vancouver. Washington. 98661-9998.
Grantors Office
(360) 634-2299 phone
(360) 634-2331 - fax
grantor1drop@pm.me

Pro Per Sui Juris

FILED _____ LODGED
_____ RECEIVED

MAY 1 2 2026

CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT TACOMA
BY _____ DEPUTY

## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| Victoria Diane McCandlish (formerly: Heacock), | Case No. 3:25-cv-05553-DGE |
| Plaintiff, | PLAINTIFF'S CROSS-MOTION FOR PRELIMINARY INJUNCTION (Fed. R. Civ. P. 65(a)) |
| vs. | |
| NEWREZ LLC d/b/a SHELLPOINT MORTGAGE SERVICING; SPECIALIZED LOAN SERVICING LLC, its successors and assigns; CLEAR RECON CORP; and DOES 1–10, inclusive, Defendants. | |

# PLAINTIFF'S CROSS-MOTION FOR PRELIMINARY INJUNCTION
## (Fed. R. Civ. P. 65(a))

## I. INTRODUCTION

Plaintiff Victoria Diane McCandlish moves under Fed. R. Civ. P. 65(a) for a preliminary injunction restraining Defendants NewRez LLC, Specialized Loan Servicing LLC, and Clear Recon Corp, and any of their successors, agents, employees, attorneys, and persons acting in concert or participation with them, from prosecuting, advancing, or completing any non-judicial trustee's sale of the real property located at 7100 NE 151st Circle, Vancouver, WA 98686 ("the Property") arising from or predicated on (a) the Notice of Trustee's Sale issued on or about May 22, 2025 (Trustee Sale No. 13310-WA, attached as Exhibit F to the Third Amended Complaint), (b) the Notice of Trustee's Sale issued on or about February 13, 2026 (attached as Exhibit G to the Third Amended Complaint), or (c) any successor or amended notice issued during the pendency of this action and predicated on the disputed $32,419.24 arrears balance.

Plaintiff has met each prong of the four-factor test of *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 20 (2008): (1) likelihood of success on the merits; (2) irreparable harm absent the injunction; (3) the balance of equities tips in Plaintiff's favor; and (4) an injunction is in the public interest. Each is established below.

## IV. RELIEF REQUESTED

Plaintiff respectfully requests that the Court enter an Order:

(1) enjoining Defendants and their successors, agents, employees, attorneys, and persons acting in concert or participation with them from prosecuting, advancing, scheduling, conducting, or completing any non-judicial trustee's sale of the Property arising from or predicated on the Notices of Trustee's Sale dated May 22, 2025 (TAC Ex. F) and February 13, 2026 (TAC Ex. G), and any successor or amended notice issued during the pendency of this action that relies on the disputed $32,419.24 arrears balance;

(2) enjoining Defendants from issuing any new Notice of Trustee's Sale during the pendency of this action that relies on the disputed $32,419.24 arrears balance;

(3) setting a modest bond under Fed. R. Civ. P. 65(c), commensurate with Plaintiff's *propria persona* status and the homestead nature of the Property; and

(4) such further relief as the Court deems just.

## V. STATEMENT OF FACTS

The operative facts are pleaded in the Third Amended Complaint (Dkt. 70) and verified in the contemporaneously filed Declaration of Victoria Diane McCandlish in Support of Cross-Motion for Preliminary Injunction. They are summarized here only to the extent necessary to support the *Winter* analysis:

1. Origination. Plaintiff executed the Note (face amount $584,000) and Deed of Trust on April 12, 2007 against the Property. (TAC ¶ 12.)
2. 2013 servicing transfer with phantom arrears. On December 1, 2013, SLS became servicer. At or shortly after that transfer, an "arrears" balance exceeding $32,000 was applied to Plaintiff's account that did not correspond to any missed principal or interest payment evidenced by Plaintiff's records. (TAC ¶¶ 13–14.)
3. 2022–2024 disputes. Plaintiff submitted multiple Qualified Written Requests and Notices of Error from May 2022 through 2024 demanding a life-of-loan reconciliation. SLS responded in writing on July 8, July 29, August 29, December 19, 2022; February 2, March 6, March 16, 2023; and April 15, 2024. (TAC ¶¶ 15–22 and Exs. A–E.) The March 16, 2023 letter (Ex. D) admits prior responses on July 8, 22, August 26, 2022 and itemizes $288.01 in suspense and $3,780.41 in escrow against the alleged $32,000-plus default — an unreconciled ledger.
4. 2025 / 2026 Notices of Trustee's Sale. Defendant Clear Recon Corp issued a Notice of Trustee's Sale on May 22, 2025 (Trustee Sale No. 13310-WA; TAC Ex. F) and a successor Notice of Trustee's Sale on February 13, 2026 (TAC Ex. G), both predicated on the disputed $32,419.24 arrears balance. (TAC ¶¶ 43, 45, 49(b).)
5. Pending litigation. Plaintiff filed the original Complaint on June 23, 2025, and the operative Third Amended Complaint on April 13, 2026, pleading violations of RESPA, FDCPA, breach of contract / implied covenant, and IIED, and seeking declaratory and injunctive relief.
6. Imminent foreclosure absent injunction. Under Washington's non-judicial foreclosure statute, RCW 61.24.040, a sale must be set not less than 90 days from the recording of the Notice. The May 22,

2025 NOTS scheduled a sale; the February 13, 2026 NOTS, if not enjoined, will result in a sale during the pendency of this action.

## VI. LEGAL BASIS

A preliminary injunction is appropriate where (1) the plaintiff is likely to succeed on the merits, (2) the plaintiff is likely to suffer irreparable harm absent preliminary relief, (3) the balance of equities tips in the plaintiff's favor, and (4) an injunction is in the public interest. *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). The Ninth Circuit also recognizes a "sliding scale" formulation: where the balance of equities tips sharply in the plaintiff's favor, "serious questions going to the merits" suffice. *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131–32 (9th Cir. 2011).

## VII. APPLICATION

### A. Likelihood of Success on the Merits

Plaintiff has pleaded — and the docket exhibits document — at minimum the following meritorious claims:

*1. FDCPA — Defendants are "debt collectors" under Henson; the 2025 / 2026 NOTS are within the limitations window. The Ninth Circuit and the Supreme Court have held that a servicer is a "debt collector" under 15 U.S.C. § 1692a(6) when the loan is in default at the time it was acquired.* Henson v. Santander Consumer USA Inc., *137 S. Ct. 1718, 1721 (2017);* Schlegel v. Wells Fargo Bank, N.A., *720 F.3d 1204, 1208–09 (9th Cir. 2013). The TAC pleads that SLS acquired the loan on December 1, 2013 with the disputed $32,000-plus arrears already booked (TAC ¶¶ 13–14). That allegation places SLS — and NewRez, which acquired servicing with knowledge of the active dispute (TAC ¶ 25) — within* Henson. *The 1-year limitations period under 15 U.S.C. § 1692k(d) runs from each violation,* Brown v. Transworld Sys., Inc.*, 73 F.4th 1030, 1041–43 (9th Cir. 2023); the May 22, 2025 NOTS (Ex. F) and the February 13, 2026 NOTS (Ex. G) are each within the 1-year window measured from the TAC filing date of April 13, 2026.

2. Breach of contract / implied covenant — continuing breach within the 6-year window. Each new servicing decision to misapply payments, withhold suspense funds, or pursue foreclosure on the unreconciled balance is a discrete contractual breach. *1000 Virginia Ltd. P'ship v. Vertecs Corp.*, 158 Wn.2d 566, 575 (2006). The 6-year period under RCW 4.16.040(1), measured from the TAC filing, reaches every act after April 13, 2020 — including Exs. D, E, F, and G.

3. Wrongful foreclosure under the Washington Deeds of Trust Act. Washington courts have held that prosecution of non-judicial foreclosure on a contested or unverified debt — particularly where the trustee or servicer fails to exercise good faith — is actionable beyond contract. *Klem v. Wash. Mut. Bank*, 176 Wn.2d 771, 791 (2013); *Bain v. Metro. Mortg. Grp., Inc.*, 175 Wn.2d 83, 119 (2012); *Frias v. Asset Foreclosure Servs., Inc.*, 181 Wn.2d 412, 429 (2014). The TAC pleads each predicate: a contested ledger, failure to reconcile, simultaneous suspense-fund retention, and the prosecution of foreclosure on the disputed balance.

4. RESPA — post-SAC NOTS events generate fresh duties. Each new Notice of Trustee's Sale and each new servicing communication generates fresh obligations under 12 U.S.C. § 2605 and Reg. X (12 C.F.R.

§§ 1024.35, 1024.36, 1024.41). To the extent the Court reads its March 24, 2026 Order (Dkt. 69) as foreclosing the SAC's specific RESPA theory, Count I in the TAC pleads new RESPA-trigger events post-dating the SAC. *Catalan v. RBC Mortgage Co.*, 716 F. Supp. 2d 728, 737–38 (N.D. Ill. 2010); *Berneike v. CitiMortgage, Inc.*, 708 F.3d 1141, 1148 (10th Cir. 2013).

These claims are well-pleaded, anchored in the documentary record, and supported by binding Ninth Circuit and Washington Supreme Court authority. They are at minimum "serious questions going to the merits" under *Cottrell*, 632 F.3d at 1131–32.

## B. Irreparable Harm

The threatened harm is the loss of Plaintiff's homestead. The Ninth Circuit has held — repeatedly — that loss of one's home is *per se* irreparable harm sufficient to support preliminary injunctive relief. *Park Vill. Apt. Tenants Ass'n v. Mortimer Howard Tr.*, 636 F.3d 1150, 1159 (9th Cir. 2011) ("loss of home ... constitutes irreparable injury"); *Sundance Land Corp. v. Cmty. First Fed. Sav. & Loan Ass'n*, 840 F.2d 653, 661 (9th Cir. 1988) (same principle). Real property is unique; once a non-judicial trustee's sale is conducted under Washington's Deeds of Trust Act, the borrower's interest in the specific property is extinguished and cannot be restored by money damages alone.

The harm is also imminent. The May 22, 2025 NOTS already noticed a sale; the February 13, 2026 NOTS, if not enjoined, will result in a sale on the date specified in that notice (per § 1 of the Signer Verification block above). Without injunctive relief, the very property at the center of this case may be lost before the Court rules on the pleading-stage motion.

## C. Balance of Equities

The balance tips decisively in Plaintiff's favor. Defendants will suffer no cognizable harm from a temporary stay of the trustee's sale: Defendants retain the lien, retain all rights to enforce upon a final judgment in their favor, and continue to receive any payments Plaintiff makes. Plaintiff, by contrast, faces the irretrievable loss of her homestead. *Sundance Land*, 840 F.2d at 661; *Park Vill.*, 636 F.3d at 1159.

If Defendants ultimately prevail on the merits, the only consequence of a stay is delay in the sale date. If Defendants are wrong about the disputed $32,419.24 arrears — as the TAC pleads and as the documentary record supports — then absent a stay, Plaintiff loses her homestead while the merits are still being adjudicated. The asymmetry is decisive.

## D. Public Interest

The public interest favors the injunction. Washington's Deeds of Trust Act expressly authorizes courts to halt non-judicial foreclosure where the borrower has a colorable claim. RCW 61.24.130 (codifying pre-sale injunction relief). Federal courts sitting in Washington apply that statute consistent with state-law principles. *See Frias*, 181 Wn.2d at 429 (DTA does not insulate servicer misconduct from common-law claims). The public interest is served by adjudicating disputed mortgage-servicing claims on the merits — not by allowing irreversible foreclosure during the pendency of pleading-stage motions.

//

## E. Bond

Fed. R. Civ. P. 65(c) requires a bond in such sum "as the court considers proper." The Ninth Circuit has held that bond amounts are within the trial court's broad discretion and that a nominal bond may be appropriate where the plaintiff is indigent or the public interest favors injunctive relief. *Johnson v. Couturier*, 572 F.3d 1067, 1086 (9th Cir. 2009); *Save Our Sonoran, Inc. v. Flowers*, 408 F.3d 1113, 1126 (9th Cir. 2005). Plaintiff is appearing *in propria persona, sui juris*, defending the homestead, and has been bearing the costs of pleading and discovery. A nominal bond — or such other amount as the Court considers proper — is appropriate.

## VIII. RESERVATION OF RIGHTS

This Cross-Motion is filed without waiver of any rights, remedies, or defenses, all of which are expressly reserved. Plaintiff does not, by filing this Motion, concede any element of any pending motion, any factual contention by any Defendant, or any procedural posture asserted by any Defendant. Plaintiff reserves the right to convert this Motion to a temporary restraining order under Fed. R. Civ. P. 65(b) upon any showing that a sale is scheduled within fourteen (14) days; to file additional declarations and exhibits in support of the four-factor analysis; and to seek any further relief the record supports.

## IX. CONCLUSION

For the reasons set forth above, Plaintiff respectfully requests that the Court enter the requested preliminary injunction restraining Defendants from prosecuting any non-judicial trustee's sale of the Property predicated on the disputed $32,419.24 arrears balance during the pendency of this action.

Dated: May ___, 2026.

## X. SIGNATURE BLOCK

Victoria Diane McCandlish (formerly: Heacock) *Plaintiff, in propria persona, sui juris* 2700 Caples Avenue, #2441 Vancouver, WA 98661-9998 Telephone: (360) 634-2299 Email: grantor1drop@pm.me

# XI. CERTIFICATE OF SERVICE

I certify under penalty of perjury that on the date of filing I caused the foregoing Plaintiff's Cross-Motion for Preliminary Injunction, together with the supporting Declaration of Victoria Diane McCandlish and any exhibits, to be filed with the Clerk of the Court [via CM/ECF / via the Clerk's pro se filing portal — strike inapplicable], which will send notification of filing to all counsel of record.

I further certify that on the same date a true and correct copy was served by electronic mail upon:

- Gregor A. Hensrude — ghensrude@klinedinstlaw.com
- Chancelor K. Eagle — ceagle@klinedinstlaw.com
- Peter Salmon — psalmon@aldridgepite.com

and by United States Postal Service, First-Class Mail, to:

- Specialized Loan Servicing LLC, c/o Registered Agent, 6200 S. Quebec Street, Suite 300, Greenwood Village, Colorado 80111

Victoria Diane McCandlish, *in propria persona, sui juris*

— End of Cross-Motion —