SIGNER VERIFICATION BEFORE FILING (Court fills on entry)

# Field Value
1 Bond amount set under Fed. R. Civ. P. 65(c) $_____
2 Date of entry _____
3 Sale date set under Feb 13, 2026 NOTS (TAC Ex. G), if confirmed at hearing _____
4 Hearing date held on Plaintiff's Motion _____
5 Effective date of Order (entry / service / other) _____

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

| | | |
|---|---|---|
| Victoria Diane McCandlish (formerly: Heacock), | : : | Case No. 3:25-cv-05553-DGE |
| Plaintiff, | : : : | [PROPOSED] ORDER GRANTING PLAINTIFF'S CROSS-MOTION FOR PRELIMINARY |
| vs. | : : | INJUNCTION (Fed. R. Civ. P. 65(a)) |
| NEWREZ LLC d/b/a SHELLPOINT MORTGAGE SERVICING; SPECIALIZED LOAN SERVICING LLC, its successors and assigns; CLEAR RECON CORP; and DOES 1–10, inclusive, | : : : : : : | |
| Defendants. | : : | |

# [PROPOSED] ORDER GRANTING PLAINTIFF'S CROSS-MOTION FOR PRELIMINARY INJUNCTION (Fed. R. Civ. P. 65(a))

## I. INTRODUCTION

THIS MATTER having come before the Court on Plaintiff Victoria Diane McCandlish's Cross-Motion for Preliminary Injunction filed on or around May 12, 2026 (the "Motion"), pursuant to Federal Rule of Civil Procedure 65(a) and Local Civil Rule 65; the Court having considered:

(1) the Motion and Plaintiff's supporting Memorandum of Law;

(2) the Declaration of Victoria Diane McCandlish in Support of Cross-Motion for Preliminary Injunction;

(3) the Third Amended Complaint filed April 13, 2026 (Dkt. 70) and exhibits thereto, including without limitation Exhibits D, E, F, and G;

(4) any response in opposition filed by Defendants, and any reply filed by Plaintiff;

(5) the records and files in this action; and

(6) argument of the parties at the hearing held on the date in § 4 of the entry block above;

and the Court being fully advised in the premises,

THE COURT FINDS as set forth in § II below, AND ORDERS as set forth in §§ III through VII below.

## II. FINDINGS UNDER FEDERAL RULE OF CIVIL PROCEDURE 65 AND *WINTER v. NATURAL RESOURCES DEFENSE COUNCIL, INC.*, 555 U.S. 7 (2008)

The Court finds, on the record before it:

### A. Likelihood of Success on the Merits

Plaintiff has demonstrated a likelihood of success on the merits — or, at minimum, serious questions going to the merits under *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131–32 (9th Cir. 2011) — as to one or more of the claims pleaded in the Third Amended Complaint, including Plaintiff's claims arising under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq.; the Real Estate Settlement Procedures Act, 12 U.S.C. § 2605 and 12 C.F.R. § 1024.35–.36; breach of contract and breach of the implied covenant of good faith and fair dealing under Washington law; and the related claims pleaded in the Third Amended Complaint.

### B. Likelihood of Irreparable Harm

Plaintiff has demonstrated a likelihood of irreparable harm absent preliminary relief. The Property is Plaintiff's homestead; the loss of a unique parcel of real property through a non-judicial trustee's sale predicated on a disputed, unreconciled accounting cannot be adequately remedied by money damages. *See Sundance Land Corp. v. Cmty. First Fed. Sav. & Loan Ass'n*, 840 F.2d 653, 661 (9th Cir. 1988); *Park Vill. Apartment Tenants Ass'n v. Mortimer Howard Tr.*, 636 F.3d 1150, 1159 (9th Cir. 2011).

### C. Balance of the Equities

The balance of the equities tips in Plaintiff's favor. The hardship to Plaintiff from the loss of her homestead pending adjudication on the merits substantially outweighs the hardship to Defendants from a temporary restraint on a non-judicial sale based on the disputed $32,419.24 arrears balance pending resolution of the underlying claims.

### D. Public Interest

The public interest is served by the issuance of preliminary relief. The federal interest in the enforcement of FDCPA and RESPA; the State of Washington's interest in the orderly and lawful operation of its non-judicial foreclosure regime under RCW 61.24 et seq.; and the public interest in the orderly resolution of disputed real-property claims, all favor temporary preservation of the status quo pending merits adjudication.

//

//

//

### E. Bond Under Fed. R. Civ. P. 65(c)

Having considered Plaintiff's status as a propria-persona litigant and the homestead character of the Property, and exercising the discretion conferred by Fed. R. Civ. P. 65(c) and *Save Our Sonoran, Inc. v. Flowers*, 408 F.3d 1113, 1126 (9th Cir. 2005), the Court finds the appropriate security to be the amount set in § 1 of the entry block above.

## III. INJUNCTIVE RELIEF — RESTRAINTS

IT IS HEREBY ORDERED that, effective on the date in § 5 of the entry block above and continuing during the pendency of this action until further order of the Court:

(1) Defendants NewRez LLC d/b/a Shellpoint Mortgage Servicing, Specialized Loan Servicing LLC, Clear Recon Corp, and DOES 1–10, and their officers, agents, servants, employees, attorneys, successors, assigns, and any other persons who are in active concert or participation with them who receive actual notice of this Order by personal service or otherwise, are ENJOINED from prosecuting, advancing, scheduling, conducting, completing, or causing to be conducted any non-judicial trustee's sale of the real property commonly known as the Property identified in the Third Amended Complaint to the extent any such sale arises from or is predicated upon the Notices of Trustee's Sale dated May 22, 2025 (Trustee Sale No. 13310-WA; TAC Ex. F) and February 13, 2026 (TAC Ex. G), or any successor or amended notice issued during the pendency of this action that relies on the disputed $32,419.24 arrears balance described in the Third Amended Complaint.

(2) Defendants and the persons described in § III (1) are further ENJOINED from issuing, recording, or causing to be recorded any new Notice of Trustee's Sale during the pendency of this action to the extent any such notice relies on the disputed $32,419.24 arrears balance.

(3) For the avoidance of doubt, this Order does not enjoin Defendants from accepting payments tendered by Plaintiff in the ordinary course or from servicing the loan in a manner consistent with applicable law; this Order restrains only the prosecution and completion of a non-judicial trustee's sale predicated on the disputed balance during the pendency of this action.

## IV. BOND

Pursuant to Fed. R. Civ. P. 65(c), Plaintiff shall post security in the amount set in § 1 of the entry block above. Plaintiff shall post the bond, or deposit the cash equivalent with the Clerk of the Court, within fourteen (14) days of entry of this Order. This Order shall not take effect as to the parties to be enjoined until the bond is posted or the cash deposit made, except that the restraints in § III shall be immediately effective upon entry as against any non-judicial trustee's sale set to occur within fourteen (14) days of entry.

## V. SCOPE, DURATION, AND DISSOLUTION

This Order shall remain in full force and effect during the pendency of this action until (1) entry of a final judgment, (2) entry of a further order of this Court modifying, dissolving, or extending this Order, or (3) Defendants' production of a verified, contemporaneous life-of-loan reconciliation in conformity with 12 C.F.R. § 1024.35(e)(1)(i) demonstrating, by competent business-record evidence, that the disputed

$32,419.24 arrears balance is supported by missed principal or interest payments. Any motion to modify or dissolve this Order shall be noted in accordance with Local Civil Rule 7.

## VI. SERVICE AND PRESERVATION DUTIES

(1) Plaintiff shall serve a true and correct copy of this Order on each Defendant by the means by which such Defendant has appeared, or, if no appearance has been entered, by United States Postal Service, Certified Mail, Return Receipt Requested, addressed to the Defendant's last known service address.

(2) Defendants shall preserve all electronically stored and physical records relating to the loan account, the disputed $32,419.24 arrears balance, the responses to Plaintiff's Qualified Written Requests and Notices of Error referenced in TAC Exs. A–E, and the issuance of the Notices of Trustee's Sale at TAC Exs. F and G, until further order of the Court.

## VII. RESERVATIONS

The Court's findings in § II are made for purposes of this Order only and do not constitute findings on the merits for any other purpose. Plaintiff's claims, Defendants' defenses, and all jurisdictional, procedural, and substantive objections of every party are preserved.

## VIII. CONCLUSION

IT IS SO ORDERED.

Dated this _____ day of _____, 2026.

_____

The Honorable David G. Estudillo
United States District Judge Western District of Washington