Family of McCandlish Trust

2700 Caples Avenue #2441

Vancouver. Washington. 98661-9998.

Grantors Office

(360) 634-2299 phone

(360) 634-2331 - fax

grantor1drop@pm.me

Pro Per Sui Juris

_____ FILED _____ LODGED
_____ RECEIVED

MAY 1 8 2026

CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT TACOMA
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON

Victoria Diane McCandlish
   (formerly: Heacock),

            Plaintiff,

      vs.

NEWREZ LLC d/b/a
SHELLPOINT MORTGAGE SERVICING;
SPECIALIZED LOAN SERVICING LLC, its
successors and assigns; CLEAR RECON CORP;
and DOES 1–10, inclusive,

            Defendants.

:
:
:
:
:
:
:
:
:
:
:
:
:
:

Case No. 3:25-cv-05553-DGE

PLAINTIFF'S OPPOSITION TO DEFENDANT
NEWREZ'S REQUEST FOR JUDICIAL
NOTICE

NOTING DATE: MAY 18, 2026

## PLAINTIFF'S OPPOSITION TO DEFENDANT NEWREZ'S REQUEST FOR JUDICIAL NOTICE

### I. INTRODUCTION

Defendants' Request for Judicial Notice (Dkt. 72-1) ("RJN") asks this Court to do three things the Ninth Circuit has held it cannot do at the pleading stage. It asks the Court to (1) read judicially noticed documents *for the truth of disputed facts*; (2) accept three of at least seven items of correspondence in a pleaded series, while ignoring the items most damaging to the moving party's narrative; and (3) use the noticed material *to defeat* the operative pleading rather than to test its plausibility. *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 998–1003 (9th Cir. 2018), forbids each of these uses. *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003), forbids the selective-attachment that lies at the heart of the RJN.

Plaintiff respectfully requests that the Court deny the RJN in its entirety. In the alternative, if the Court accepts any portion of the RJN in a manner that converts the Motion to Dismiss to a motion for summary judgment under Fed. R. Civ. P. 12(d), Plaintiff has filed a contemporaneous Fed. R. Civ. P. 56(d) Declaration identifying ten categories of discovery presently unavailable to her and necessary to oppose any converted motion.

//

## II. RELIEF REQUESTED

Plaintiff respectfully requests that the Court:

(1) DENY the Request for Judicial Notice (Dkt. 72-1) in its entirety; or, alternatively,

(2) decline to consider the noticed materials *for the truth of disputed facts* (limiting any acceptance to the bare existence of the documents, *Khoja*, 899 F.3d at 1002–03);

(3) decline to convert the Motion to Dismiss to a motion for summary judgment under Fed. R. Civ. P. 12(d) without first granting Plaintiff a reasonable opportunity to conduct the discovery identified in the contemporaneously filed Fed. R. Civ. P. 56(d) Declaration; and

(4) grant such further relief as the Court deems just.

## III. STATEMENT OF DEFECTS IN THE RJN

### A. The RJN seeks notice of three SLS letters, expressly to defeat the TAC

The RJN attaches:

- Exhibit A — Specialized Loan Servicing letter dated July 8, 2022
- Exhibit B — Specialized Loan Servicing letter dated July 29, 2022
- Exhibit C — Specialized Loan Servicing letter dated August 29, 2022

(Dkt. 72-1 at 1.) The RJN asks the Court to take notice of each "to the extent it evidences a substantive response validating the Plaintiff's loan obligation and illustrates the lack of any conclusive evidence of acknowledgement by Defendants, as alleged in Plaintiff's Third Amended Complaint." (Dkt. 72-1 at 2.) That stated purpose is the heart of the impropriety: Defendants ask the Court to use the documents *for the truth of disputed factual contentions* — namely, that the letters "validate" the loan obligation and that Defendants did not "acknowledge" the dispute.

### B. The Third Amended Complaint references at least seven items of SLS correspondence; the RJN attaches three

The Third Amended Complaint references and quotes at minimum the following items of SLS / Defendant correspondence:

- Ex. A — SLS letter dated December 19, 2022
- Ex. B — SLS letter dated February 2, 2023
- Ex. C — SLS letter dated March 6, 2023
- Ex. D — SLS letter dated March 16, 2023 — the letter that, per its terms as quoted in the TAC, *admits* prior responses on July 8, 22, and August 26, 2022 and *itemizes* $288.01 in suspense and $3,780.41 in escrow against an alleged $32,000-plus default
- Ex. E — SLS letter dated April 15, 2024
- Ex. F — Notice of Trustee's Sale dated May 22, 2025
- Ex. G — Notice of Trustee's Sale dated February 13, 2026

(TAC ¶¶ 9–22, 43, 45.) The RJN attaches none of TAC Exs. A through G. The three letters the RJN attaches (July 8, July 29, August 29, 2022) are *predecessors* in the same correspondence series — letters Defendants issued *before* the dispositive March 16, 2023 letter. The omission is not random. The omitted letter contradicts the RJN's stated purposes.

## IV. LEGAL BASIS

### A. *Khoja* — incorporation-by-reference and judicial notice cannot be used "to defeat the complaint" or to import "the truth of disputed facts"

The Ninth Circuit has set out the controlling rule in three sentences:

> *"[J]udicial notice and incorporation-by-reference ... may be improper when used to defeat allegations of the complaint." Khoja, 899 F.3d at 998.*

> *"[I]t is improper to ... treat[] the incorporated documents as evidence to dispute the truth of the allegations." Id. at 1002.*

> *"[A] court 'cannot take judicial notice of disputed facts contained in such public records.'" Id. at 1003.*

The RJN walks into each of these prohibitions on its face. Whether the SLS letters "validate the loan obligation" or "evidence the lack of acknowledgement" of the disputed $32,000 arrears is the disputed factual issue *at the heart of the case*. The RJN is asking this Court to resolve that factual issue at the pleading stage, on selectively attached documentary evidence, against the Plaintiff. *Khoja* is to the contrary.

### B. *Ritchie* — incorporation operates "in full"; selective attachment is improper

When a plaintiff's complaint references documents, the defendant cannot select favorable subsets for notice. The Ninth Circuit has held that incorporation-by-reference operates "in full." *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003). Where a complaint references a correspondence series, the defendant must produce the full series — or none of it. The RJN attaches three of seven, omitting the dispositive March 16, 2023 letter. That is not incorporation; it is curation. *Ritchie* forbids it.

### C. Fed. R. Civ. P. 12(d) — conversion requires opportunity for discovery

If "matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." Fed. R. Civ. P. 12(d). The Ninth Circuit has been emphatic: when defendants smuggle disputed material into a 12(b)(6) motion through judicial-notice or incorporation-by-reference, "the result is reversal" if the court relies on it without conversion and discovery. *Khoja*, 899 F.3d at 998 (collecting reversals).

If — despite the foregoing — the Court is inclined to consider any of the RJN's exhibits for any purpose beyond their bare existence, conversion under Rule 12(d) is required, and Plaintiff's contemporaneously filed Fed. R. Civ. P. 56(d) Declaration identifies ten categories of discovery (correspondence file; internal

ledger entries; data-migration records; identification of every SLS/NewRez employee with knowledge; pooling and servicing agreement; OCC/CFPB complaint records; full Notices of Trustee's Sale and underlying ledger documentation; life-of-loan reconciliation; corporate-advance contracts; internal communications about the $32K balance) presently unavailable to her and necessary to oppose any converted motion.

## V. APPLICATION

### A. The RJN's stated purposes are precisely the uses *Khoja* prohibits

The RJN expressly seeks judicial notice of the SLS letters "to the extent it evidences a substantive response validating the Plaintiff's loan obligation and illustrates the lack of any conclusive evidence of acknowledgement by Defendants, as alleged in Plaintiff's Third Amended Complaint." (Dkt. 72-1 at 2.) Both stated purposes — "validating the loan obligation" and "lack of acknowledgement" — are factual conclusions about the meaning, effect, and completeness of the SLS correspondence. The TAC pleads precisely the opposite: that the SLS correspondence *acknowledged* the dispute and *failed* to provide a life-of-loan reconciliation. Whether the documents do what Defendants assert or what the TAC alleges is the disputed factual issue. *Khoja* prohibits its resolution at this stage.

### B. The selective attachment violates *Ritchie* and reflects the documents' actual content

If the RJN attached the full SLS correspondence series — including TAC Ex. D (March 16, 2023) — the Court would see that:

- SLS *admits* receipt of prior disputes on July 8, 22, and August 26, 2022;
- SLS *itemizes* $288.01 in suspense and $3,780.41 in escrow against an alleged $32,000-plus default; and
- SLS *fails* to provide the life-of-loan reconciliation Plaintiff requested.

Counsel's correspondence of May 11, 2026 confirms the foregoing. Asked to either supplement the Request for Judicial Notice with the omitted SLS correspondence or withdraw it, counsel declined to do either, responding: "the documents and correspondence purportedly omitted from the request for judicial notice are already attached to your complaint, including the March 16th letter that you claim is 'most damaging' to our client's defense. I fail to see why we would need to request those documents be judicially noticed." (See Declaration of Plaintiff in Support of Opposition, 56(d) Decl. Ex. 1.)

Counsel's position is precisely the practice the Ninth Circuit forbids. Where a complaint references a correspondence series, defendants must produce the full series — or none of it — under the same evidentiary frame. *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003); *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1002–03 (9th Cir. 2018). Defendants cannot ask this Court to read three letters in the series "for the truth" of a "validation" narrative while leaving the contradicting letters in the operative pleading where they do not bear the same evidentiary weight at the Rule 12(b)(6) stage. The cure offered to Defendants — supplementation or withdrawal — was declined in writing on May 11, 2026, and the Request for Judicial Notice as filed is the same selective record the *Khoja* doctrine prohibits.

The omitted documents do not "validate" the loan obligation. They acknowledge a serious accounting discrepancy and document the failure to address it. Defendants' counsel — by selecting only the three earliest, generic-form letters in the series and omitting the substantive correspondence that follows — has performed exactly the curation *Ritchie* prohibits.

### C. The RJN, even if granted, cannot establish what Defendants need it to establish

The Motion to Dismiss relies on the RJN's noticed materials to assert *as a fact* that "nothing in the March 6, 2023 correspondence to McCandlish acknowledges a disputed $32,000 arrears charge" and that "SLS' responsive letters … similarly do not contain any mention of a $32,000 arrears charge." (Dkt. 72 at 6.) Even on Defendants' own RJN, those assertions cannot be drawn from the three letters attached: the RJN does not attach the March 6, 2023 letter (TAC Ex. C), does not attach the March 16, 2023 letter (TAC Ex. D), and does not attach the April 15, 2024 letter (TAC Ex. E). The Motion's factual assertions therefore have no documentary support even if the RJN is granted.

### D. Conditional 56(d) relief

In the event the Court is inclined to grant any portion of the RJN in a manner that would convert the Motion under Rule 12(d), Plaintiff respectfully directs the Court to her contemporaneously filed Fed. R. Civ. P. 56(d) Declaration. The categories of discovery identified there are necessary to test the very assertions Defendants seek to import through the RJN. Conversion without that discovery would be an abuse of discretion. *Burlington N. Santa Fe R.R. Co. v. Assiniboine & Sioux Tribes*, 323 F.3d 767, 773–74 (9th Cir. 2003) (Rule 56(d) relief "almost always granted" when properly filed by a party appearing in propria persona, sui juris).

## VI. RESERVATION OF RIGHTS

This Opposition is filed without waiver of any rights, remedies, or defenses, all of which are expressly reserved. Plaintiff does not, by filing this Opposition, concede the propriety of any portion of the RJN, the propriety of conversion under Rule 12(d), or the truth of any factual contention asserted by Defendants. Plaintiff reserves the right to file a motion for sanctions under Fed. R. Civ. P. 11(c) at the close of the safe-harbor period upon Defendants' failure to withdraw or correct the RJN consistent with this Opposition.

Plaintiff further reserves all challenges to opposing counsel's authority to invoke Fed. R. Evid. 201 on behalf of any named Defendant. The burden of establishing authority to appear and act rests solely with the party asserting it.

## VII. CONCLUSION

The Request for Judicial Notice should be denied in its entirety. The TAC pleads disputed factual issues about the meaning and effect of the SLS correspondence; *Khoja* and *Ritchie* prohibit their resolution against the Plaintiff at the pleading stage; and the very purposes Defendants articulate for the RJN — to "validate the loan obligation" and to demonstrate "lack of acknowledgement" — are precisely the impermissible uses the Ninth Circuit has identified.

If the Court is inclined to take notice of any of the attached materials, that notice should be limited to the bare existence of the documents and should not extend to their contested substance, and any further consideration should occur only after Plaintiff has been afforded the discovery identified in her concurrent Fed. R. Civ. P. 56(d) Declaration.

Dated: May 18, 2026.

## VIII. SIGNATURE BLOCK

Victoria Diane McCandlish (formerly: Heacock)
*Plaintiff, in propria persona, sui juris*
2700 Caples Avenue, #2441
Vancouver, WA 98661-9998
Telephone: (360) 634-2299
Email: grantor1drop@pm.me

## IX. CERTIFICATE OF SERVICE

I certify under penalty of perjury that on the date of filing I caused the foregoing Plaintiff's Opposition to Defendant NewRez's Request for Judicial Notice, together with the concurrently filed Fed. R. Civ. P. 56(d) Declaration, to be filed with the Clerk of the Court [via CM/ECF / via the Clerk's filing portal for self-represented parties — strike inapplicable], which will send notification of filing to all counsel of record.

I further certify that on the same date a true and correct copy was served by electronic mail upon:

- Gregor A. Hensrude — ghensrude@klinedinstlaw.com
- Chancelor K. Eagle — ceagle@klinedinstlaw.com
- Peter Salmon — psalmon@aldridgepite.com

Victoria Diane McCandlish, *in propria persona, sui juris*

//

//

//

//

//

— End of Opposition —