Family of McCandlish Trust
2700 Caples Avenue #2441
Vancouver. Washington. 98661-9998.
Grantors Office
(360) 634-2299 phone
(360) 634-2331 - fax
grantor1drop@pm.me

Pro Per Sui Juris



FILED _____ LODGED
_____ RECEIVED

MAY 1 8 2026

CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT TACOMA
BY                                    DEPUTY

## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| Victoria Diane McCandlish (formerly: Heacock), <br><br> Plaintiff, <br><br> vs. <br><br> NEWREZ LLC d/b/a SHELLPOINT MORTGAGE SERVICING; SPECIALIZED LOAN SERVICING LLC, its successors and assigns; CLEAR RECON CORP; and DOES 1–10, inclusive, <br><br> Defendants. | Case No.  3:25-cv-05553-DGE <br><br> FOR JUDICIAL NOTICE AND CONDITIONAL SERVICING; SPECIALIZED LOAN SERVICING REQUEST FOR DISCOVERY PURSUANT FED. R. CIV. P. 56(d) <br><br> NOTING DATE: MAY 18, 2026 |

## FOR JUDICIAL NOTICE AND CONDITIONAL SERVICING; SPECIALIZED LOAN SERVICING REQUEST FOR DISCOVERY PURSUANT FED. R. CIV. P. 56(d)

I, Victoria Diane McCandlish, declare under penalty of perjury under the laws of the United States of America (28 U.S.C. § 1746):

### A. PERSONAL KNOWLEDGE

1. I am the Plaintiff in this action, appearing *in propria persona, sui juris*. I am over the age of eighteen years and competent to testify to the matters set forth in this Declaration. I make this Declaration of personal knowledge.

### B. PURPOSE OF DECLARATION

2. I make this Declaration in support of (a) my Opposition to Defendant NewRez's Request for Judicial Notice (Dkt. 72-1) filed concurrently herewith, and (b) my conditional request for discovery pursuant to Fed. R. Civ. P. 56(d), in the event the Court accepts any portion of the Request for Judicial Notice in a manner that converts the Motion to Dismiss to a motion for summary judgment under Fed. R. Civ. P. 12(d).

## C. THE FACTS DEFENDANTS WOULD HAVE THE COURT NOTICE ARE DISPUTED

3.   Defendants' Request for Judicial Notice attaches three letters from Defendant Specialized Loan Servicing LLC ("SLS") dated July 8, 2022 (Ex. A); July 29, 2022 (Ex. B); and August 29, 2022 (Ex. C). Defendants ask the Court to notice these documents as "evidenc[ing] a substantive response validating the Plaintiff's loan obligation and illustrat[ing] the lack of any conclusive evidence of acknowledgement by Defendants" (Dkt. 72-1 at 2).

4.   Whether the three SLS letters "validate the loan obligation" or "evidence the lack of acknowledgement" is precisely the disputed factual issue at the heart of the Third Amended Complaint. I dispute Defendants' characterization. The contents and effect of the SLS correspondence are central, contested issues that cannot be resolved on judicial notice.

5.   Defendants attached three of at least seven items of correspondence in the SLS series referenced in the Third Amended Complaint, omitting (among others):

- the SLS letter dated December 19, 2022 (Exhibit A to the Third Amended Complaint);
- the SLS letter dated February 2, 2023 (Exhibit B to the Third Amended Complaint);
- the SLS letter dated March 6, 2023 (Exhibit C to the Third Amended Complaint);
- the SLS letter dated March 16, 2023 (Exhibit D to the Third Amended Complaint), which (per its terms as quoted in the Third Amended Complaint) admits prior responses on July 8, July 22, and August 26, 2022 and itemizes $288.01 held in suspense and $3,780.41 held in escrow against an alleged $32,000-plus default; and
- the SLS letter dated April 15, 2024 (Exhibit E to the Third Amended Complaint); and
- the May 11, 2026 correspondence from Chancelor K. Eagle (Klinedinst PC, counsel for Defendant NewRez LLC) responding to my Rule 11(c)(2) Safe-Harbor Notice of the same date. In that correspondence, counsel represented in writing that the contents of TAC Exhibit D (the SLS letter of March 16, 2023) include (i) a suspense-account balance of $288.01 and (ii) an escrow balance of $3,780.41, both recorded against an account "due for February 1, 2023, as well as each payment that came due after," with a then-stated principal balance of $331,577.89. A true and correct copy of the May 11, 2026 correspondence is attached as Exhibit 1 to this Declaration. The factual representation in the Motion to Dismiss at page 6 — that "nothing in the … correspondence acknowledges a disputed $32,000 arrears charge" — cannot be reconciled with counsel's May 11, 2026 itemization of the same letter.

## D. SPECIFIC FACTS UNAVAILABLE WITHOUT DISCOVERY (Fed. R. Civ. P. 56(d))

6.   If the Court accepts any portion of the Request for Judicial Notice in a manner that converts Defendants' Motion to Dismiss to a motion for summary judgment under Rule 12(d), I respectfully submit that the following facts — material to opposing such a converted motion — are presently unavailable to me, are within Defendants' exclusive control, and require discovery to develop:

(a) The full SLS / NewRez correspondence file for loan account ending 7725 (April 12, 2007 origination through present). The three letters Defendants selectively attached are a tiny fraction of the documented correspondence. I have only those letters that I have personally retained. The complete file resides on Defendants' servers and in their archives. Without that file, the question of whether a "substantive response validating the loan obligation" was ever made cannot be evaluated.

(b) Internal SLS and NewRez ledger entries reflecting the December 1, 2013 servicing transfer and the booking of the disputed $32,419.24 arrears. The Third Amended Complaint alleges that this arrears figure was generated at the time of the SLS servicing transfer and does not correspond to any missed principal-and-interest payment. The internal posting records that would either confirm or refute that allegation are exclusively in Defendants' possession.

(c) The identity of every SLS and NewRez employee with personal knowledge of (i) the 2013 servicing transfer; (ii) the $32,419.24 arrears booking; (iii) the suspense and escrow account postings; and (iv) the responses to my 2022–2024 written inquiries. Each individual whose name appears on an SLS letter — including but not limited to "Michelle, ID #18467" (July 8, 2022 letter); "Jezriah, ID #23167" (December 19, 2022 letter); "Anna, ID #15224" (February 2, 2023 letter); "Joseph, ID #18802" (March 6, 2023 letter); "Alfran Teller, ID #27274" (March 16, 2023 and April 15, 2024 letters) — is a witness whose deposition is necessary to test whether the documents say what Defendants represent they say.

(d) The pooling and servicing agreement between SLS, NewRez, and the Note holder identified in the SLS July 8, 2022 letter as "HSBC Bank USA, National Association, as Trustee for the Holders of the Deutsche Alt-A Securities, Inc. Mortgage Loan Trust, Mortgage Pass-Through Certificates Series 2007-OA4." That agreement governs how arrears are to be applied and is exclusively in Defendants' possession.

(e) The internal data-migration records reflecting the transfer of loan data from Countrywide Bank, N.A. (the original creditor identified in the SLS July 8, 2022 letter) to SLS in 2013. The pleading alleges that the $32,419.24 arrears is the product of a "dirty data" transfer; the documentary evidence of that transfer is in Defendants' systems.

(f) Records of any complaints filed against SLS or NewRez with the Office of the Comptroller of the Currency, the Consumer Financial Protection Bureau, or the Washington Department of Financial Institutions concerning servicing of the subject loan or similar accounts. These are essential to evaluating the "pattern or practice" allegation in Count I.

(g) The full Notices of Trustee's Sale issued by Defendant Clear Recon Corp on or about May 22, 2025 (Trustee Sale No. 13310-WA) and February 13, 2026 (reissued), including the underlying default and itemization documentation provided to Clear Recon Corp by NewRez or SLS. The "default amount" of $61,236.11 stated on the most recent Notice of Trustee's Sale must be traced to its source ledger to test Defendants' assertion that the loan is properly in default.

(h) Records sufficient to identify, for each month from December 1, 2013 through present, (i) Plaintiff's scheduled payment, (ii) Plaintiff's actual payment, (iii) the application of that payment as between principal, interest, escrow, and suspense, and (iv) any fees or charges added to the account. This is the "life-of-loan reconciliation" Plaintiff has demanded since 2022 and that has never been produced.

(i) The contracts under which Defendants compensate or are compensated for "corporate advances" charged to the account. The pleading alleges that the $32,419.24 figure is comprised in part of "uncurated corporate advances and fees"; documentation of those advances is needed to test the allegation.

(j) Internal communications among SLS / NewRez personnel concerning the $32,419.24 arrears figure, including any discussions of its origin, accuracy, or response to Plaintiff's disputes. These

communications, if they exist, will conclusively resolve whether Defendants knew the figure was unverified at the time they communicated it.

(k) The complete unredacted version of the March 16, 2023 SLS letter referenced as TAC Exhibit D, including any enclosures, attachments, or annotations referenced therein. Defendants' counsel's May 11, 2026 correspondence states that "the letter at issue is the one you attached to the complaint" and "if that is not the complete letter, then that is news to me." The corresponding production from Defendants is necessary to test (i) whether the version Defendants will rely upon at any subsequent stage is the same version attached to the Third Amended Complaint, (ii) whether there are unredacted internal versions in Defendants' files referencing the source of the disputed $32,419.24 arrears, and (iii) whether any internal correspondence accompanying the letter records the basis on which $288.01 was placed in suspense and $3,780.41 was retained in escrow against the alleged default.

7. None of the foregoing facts can be developed without discovery, including but not limited to (i) Rule 30(b)(6) depositions of corporate representatives of SLS and NewRez; (ii) Rule 34 document requests directed to SLS and NewRez; (iii) third-party subpoenas to the OCC, the CFPB, and the Note holder; (iv) Rule 36 requests for admission directed to each Defendant.

8. I have not yet had the opportunity to conduct any of this discovery. The Court has not yet entered a Rule 16 scheduling order. The Rule 26(f) conference has not yet occurred.

## E. RELIEF REQUESTED

9. I respectfully request that the Court:

(1) Deny Defendants' Request for Judicial Notice (Dkt. 72-1) in its entirety, on the grounds set forth in the Opposition to the Request for Judicial Notice filed concurrently herewith;

(2) In the alternative, if the Court inclines toward accepting any portion of the Request for Judicial Notice in a manner that would convert the Motion to Dismiss to a motion for summary judgment under Fed. R. Civ. P. 12(d), defer ruling until I have had a reasonable opportunity to conduct the discovery identified in Paragraphs 6(a) through 6(k) above, pursuant to Fed. R. Civ. P. 56(d); and

(3) Such further relief as the Court deems just.

## F. RESERVATION OF RIGHTS

10. This Declaration is made without waiver of any rights, remedies, or defenses, all of which are expressly reserved. I do not, by submitting this Declaration, concede the propriety of any portion of Defendants' Request for Judicial Notice, the propriety of conversion under Rule 12(d), or the truth of any factual contention asserted by Defendants. I reserve the right to expand the discovery list above as the record develops. I further reserve all challenges to opposing counsel's authority to appear and act on behalf of any named Defendant. The burden of establishing authority to appear and act rests solely with the party asserting it.

## G. EXHIBITS

The following true and correct copies are attached to this Declaration and incorporated herein:

Exhibit 1. Email from Chancelor K. Eagle (Klinedinst PC, counsel for Defendant NewRez LLC) to Plaintiff dated May 11, 2026, 4:32 PM PDT, re: Rule 11 Safe-Harbor / TAC Exhibit D admissions. (4 pages)

Exhibit 2. Plaintiff's Rule 11(c)(2) Safe-Harbor Notice, dated May 11, 2026, served by electronic mail and USPS Certified Mail, Return Receipt Requested, on Klinedinst PC and Aldridge Pite LLP. (8 pages)

Exhibit 3. Specialized Loan Servicing letter dated March 16, 2023, signed by Alfran Teller, ID #27274, addressed to Plaintiff, referenced in the Third Amended Complaint as Exhibit D. (extracted standalone from TAC, page-cited)

Exhibit 4. Specialized Loan Servicing letter dated April 15, 2024, signed by Alfran Teller, ID #27274, addressed to Plaintiff, referenced in the Third Amended Complaint as Exhibit E. (extracted standalone from TAC, page-cited)

Exhibit 5. Notice of Trustee's Sale dated May 22, 2025 (Trustee Sale No. 13310-WA), issued by Defendant Clear Recon Corp, referenced in the Third Amended Complaint as Exhibit F.

Exhibit 6. Notice of Trustee's Sale dated February 13, 2026 (reissued), issued by Defendant Clear Recon Corp, referenced in the Third Amended Complaint as Exhibit G.

---

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on May 18, 2026, at Vancouver, Washington.

Victoria Diane McCandlish (formerly: Heacock)
*Plaintiff, in propria persona, sui juris*

— End of Declaration —