Family of McCandlish Trust
2700 Caples Avenue #2441
Vancouver. Washington. 98661-9998.
Grantors Office
(360) 634-2299 phone
(360) 634-2331 - fax
grantor1drop@pm.me

Pro Per Sui Juris

_____FILED _____LODGED
_____RECEIVED

MAY 1 8 2026

CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT TACOMA
BY_____DEPUTY

## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WASHINGTON

| | | |
|---|---|---|
| Victoria Diane McCandlish (formerly: Heacock), | : | Case No. 3:25-cv-05553-DGE |
| Plaintiff, | : | DECLARATION OF VICTORIA DIANE |
| | : | MCCANDLISH IN SUPPORT OF PLAINTIFF'S |
| vs. | : | CROSS-MOTION FOR PRELIMINARY |
| | : | INJUNCTION |
| NEWREZ LLC d/b/a | : | |
| SHELLPOINT MORTGAGE SERVICING; | : | NOTING DATE: MAY 18, 2026 |
| SPECIALIZED LOAN SERVICING LLC, its | : | |
| successors and assigns; CLEAR RECON CORP; | : | |
| and DOES 1–10, inclusive, | : | |
| Defendants. | : | |

# DECLARATION OF VICTORIA DIANE MCCANDLISH IN SUPPORT OF PLAINTIFF'S CROSS-MOTION FOR PRELIMINARY INJUNCTION

I, Victoria Diane McCandlish, declare under penalty of perjury under the laws of the United States of America (28 U.S.C. § 1746):

## A. IDENTITY, CAPACITY, AND PERSONAL KNOWLEDGE

1.  I am the Plaintiff in the above-captioned action, appearing *in propria persona, sui juris*. I am over the age of eighteen years, of sound mind, and competent to testify to the matters set forth in this Declaration. I make this Declaration of personal knowledge except where stated on information and belief, and as to those matters I believe them to be true.

2.  I make this Declaration in support of Plaintiff's Cross-Motion for Preliminary Injunction filed on May 12, 2026, pursuant to Fed. R. Civ. P. 65(a). The facts stated below are within my personal knowledge based on my and occupancy of the subject property, my role as borrower under the Note and Deed of

Trust at issue, and my personal review and retention of the correspondence, notices, and account records referenced herein.

## B. THE PROPERTY AND ITS HOMESTEAD CHARACTER

3. I acquired the Property in or about June 2003, as reflected in a Warranty Deed recorded with the Clark County Auditor on or about June 6, 2003. A prior loan was in place against the Property during the period from on or about that 2003 acquisition through April 12, 2007. On April 12, 2007, I executed the current Note (face amount $584,000) and the current Deed of Trust encumbering the Property; the proceeds of that April 12, 2007 transaction satisfied and refinanced the prior loan, and the prior security instrument was released of record.

4. The April 12, 2007 Note and Deed of Trust, and their execution date, are pleaded at paragraph 12 of the [TAC]. The Property has been continuously held in my name since the June 2003 Warranty Deed. The April 12, 2007 Note and Deed of Trust are the operative loan instruments and the only loan instruments to which the disputed $32,419.24 arrears, the December 1, 2013 SLS servicing transfer, and the May 22, 2025 and February 13, 2026 Notices of Trustee's Sale relate.

## C. THE DISPUTED $32,419.24 ARREARS

5. On December 1, 2013, Defendant Specialized Loan Servicing LLC ("SLS") became the servicer of my loan. At or shortly after that servicing transfer, an "arrears" balance in excess of $32,000 was applied to my account. That figure does not correspond to any missed scheduled principal-and-interest payment evidenced by the payment records I have personally retained. I have, since 2013, sought a complete life-of-loan reconciliation that would tie that figure to specific missed payments, fees, advances, or charges. No such reconciliation has ever been produced to me. These facts are pleaded at paragraphs 13–14 of the TAC.

6. The figure now used by Defendants as the predicate for non-judicial foreclosure is $32,419.24 in arrears. I dispute that figure. The burden of establishing authority to appear and act rests solely with the party asserting it. To this day, no defendant has produced documentation tying the $32,419.24 to any specific missed scheduled payment or to any reconciled fee or advance.

## D. THE QWR / NOE CORRESPONDENCE CHRONOLOGY (2022–2024)

7. Beginning in 2022 I submitted multiple written inquiries to SLS qualifying as Qualified Written Requests and Notices of Error under the Real Estate Settlement Procedures Act (12 U.S.C. § 2605) and Regulation X. SLS responded in writing on each of the following dates, each of which appears in the documentary record before the Court as an exhibit to the TAC:

    (a) July 8, 2022 (TAC Ex. A);

    (b) July 22, 2022 (referenced in TAC Ex. D);

    (c) August 26, 2022 (referenced in TAC Ex. D);

    (d) December 19, 2022 (TAC Ex. A series);

    (e) February 2, 2023 (TAC Ex. B);

    (f) March 6, 2023 (TAC Ex. C);

    (g) March 16, 2023 (TAC Ex. D); and

    (h) April 15, 2024 (TAC Ex. E).

8. The SLS letter dated March 16, 2023 (TAC Ex. D) is the single document on which I most rely for the proposition that Defendants have themselves never reconciled the disputed arrears. In that letter, SLS itemizes $288.01 held in suspense and $3,780.41 held in escrow against the alleged default in excess of $32,000. Those two figures (suspense + escrow) account for, at most, $4,068.42 — less than

thirteen percent (13%) of the $32,000-plus arrears Defendants assert. The balance has never been itemized, reconciled, or substantiated in any communication received by me.

## E. THE TWO NOTICES OF TRUSTEE'S SALE (2025 AND 2026)

9. On or about May 22, 2025, Defendant Clear Recon Corp issued and caused to be recorded a Notice of Trustee's Sale concerning the Property, bearing Trustee Sale No. 13310-WA. A true and correct copy of that Notice is attached to the TAC as Exhibit F and is incorporated into this Declaration by docket reference as Exhibit 1 hereto. That Notice is predicated on the disputed $32,419.24 arrears figure.

10. On or about February 13, 2026, Defendant Clear Recon Corp issued and caused to be recorded a successor Notice of Trustee's Sale concerning the same Property. A true and correct copy of that Notice is attached to the TAC as Exhibit G and is incorporated into this Declaration by docket reference as Exhibit 2 hereto. That Notice is likewise predicated on the disputed $32,419.24 arrears figure. The sale date set in that Notice is approaching during the pendency of this action.

11. I have personally reviewed both Notices. Each identifies Clear Recon Corp as the trustee and each rests on the same disputed arrears balance that has been the subject of my QWR/NOE correspondence with SLS since 2022. The burden of establishing authority to appear and act rests solely with the party asserting it; no defendant has produced to me, the Court, or any administrative regulator a reconciled itemization of the $32,419.24 figure that anchors both Notices.

## F. IRREPARABLE HARM

12. If the trustee's sale noticed under TAC Exhibit F or TAC Exhibit G proceeds to completion, I will lose my homestead. The Property is unique. It is not fungible with any other parcel. It is the family residence I have occupied as my primary home since 2003. Once a non-judicial trustee's sale is conducted under Washington's Deeds of Trust Act, my interest in the Property is extinguished and cannot be restored by an award of money damages.

13. Money damages are inadequate to remedy the loss of my homestead. No subsequent ruling in my favor on the merits can restore possession of the Property after a completed trustee's sale; no monetary award can replace the unique characteristics of the home, the neighborhood, the years of occupancy, or the family-residence character of the dwelling. The harm is irreparable in the most literal sense: it cannot be undone.

14. The harm is also imminent. The February 13, 2026 Notice of Trustee's Sale (Decl. Ex. 2 / TAC Ex. G) has set the foreclosure machinery in motion. Absent an injunction, the sale will occur during the pendency of this action and before the Court rules on the dispositive motions now before it.

## G. ABSENCE OF ALTERNATIVE REMEDY

15. I have, since 2022, exhausted every administrative avenue available to me to obtain a reconciled itemization of the disputed arrears: written QWRs and NOEs; certified-mail submissions; repeated requests for life-of-loan reconciliation; documentation of my willingness to cure upon receipt of a verified balance. None has produced a reconciled accounting. The non-judicial foreclosure procedure under RCW Chapter 61.24 does not, as applied by Defendants here, afford me a forum to test the disputed figure before the sale occurs. The only forum capable of preserving the *status quo* during merits adjudication is this Court.

## H. BOND UNDER FED. R. CIV. P. 65(c)

16. I am appearing *in propria persona, sui juris*. I am defending the homestead. I have personally borne the costs of pleading, filing, and document preparation in this matter. I respectfully request that any bond imposed under Fed. R. Civ. P. 65(c) be set in a modest sum commensurate with my financial circumstances and the homestead character of the Property, consistent with Ninth Circuit authority recognizing the trial court's broad discretion in setting bond and approving nominal bond where the equities favor the moving party. *See Save Our Sonoran, Inc. v. Flowers*, 408 F.3d 1113, 1126 (9th Cir.

2005); *Johnson v. Couturier*, 572 F.3d 1067, 1086 (9th Cir. 2009). The specific bond amount I propose is set forth in the Signer Verification table above and is to be entered by me on signing.

## I. AUTHENTICATION OF EXHIBITS

17. Attached as Exhibits 1 and 2 are true and correct copies of the May 22, 2025 and February 13, 2026 Notices of Trustee's Sale as filed with the Third Amended Complaint at Dkt. 70, Exs. F and G, and incorporated into this Declaration by docket reference.

## J. RESERVATION OF RIGHTS

18. This Declaration is made without waiver of any rights, remedies, or defenses, all of which are expressly reserved. I do not, by submitting this Declaration, concede the propriety of any factual contention asserted by any Defendant, the propriety of the non-judicial foreclosure procedures invoked by Defendants, or any procedural posture asserted by any Defendant. I reserve the right to supplement this Declaration with additional exhibits and testimony as the record develops.

## K. ATTESTATION UNDER 28 U.S.C. § 1746

19. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge.

Executed this *18* day of May, 2026, at Vancouver, Washington.

Victoria Diane McCandlish (formerly: Heacock)
*Plaintiff, in propria persona, sui juris*
2700 Caples Avenue, #2441
Vancouver, WA 98661-9998
Telephone: (360) 634-2299
Email: grantor1drop@pm.me