The Honorable David G. Estudillo

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

VICTORIA DIANE MCCANDLISH (formerly: Heacock),

Plaintiff,

v.

NEWREZ LLC d/b/a SHELLPOINT MORTGAGE SERVICING; SPECIALIZED LOAN SERVICING LLC, its successors and assigns; CLEAR RECON CORP; and DOES 1-10, inclusive,

Defendants.

Civil Action No. 3:25-cv-05553-DGE

DEFENDANTS' RESPONSE OPPOSING PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION

## I.    INTRODUCTION

Defendants NewRez and SLS, by and through their undersigned counsel of record, hereby submit this Response Opposing Plaintiff's Motion for Preliminary Injunction.

## II.    FACTUAL AND PROCEDURAL BACKGROUND

The factual predicate for this motion is minimal.

On or about April 12, 2007, Victoria McCandlish executed a promissory note ("Note") in an amount of $584,000.00.[1] The Note is secured by a deed of trust ("Deed of Trust") for real property commonly known as 7100 NE 151st Circle, Vancouver, Washington 98686 (the

---

[1] Dkt. 70, ¶ 12.

DEFENDANTS' RESPONSE OPPOSING PLAINTIFF'S MOTION
FOR PRELIMINARY INJUNCTION - 1

Case No. 3:25-cv-05553-DGE

KLINEDINST PC
1325 Fourth Avenue, Suite 1335
Seattle, Washington 98101
(206) 672-4400

"Property").[2]

In 2013, loan servicing was transferred to Specialized Loan Servicing, LLC ("SLS").[3] At such time, as alleged by Ms. McCandlish, an arrears balance was applied to the home loan account.[4]

On June 23, 2025, Plaintiff filed the original complaint in this action. McCandlish filed the First Amended Complaint on September 29, 2025.[5] The First Amended Complaint was later dismissed.

On September 30, 2025, Plaintiff filed an "Emergency Notice and Motion for Injunction, Request for Expedited Pretrial Conference, and Related Relief."[6] The Court denied her motion and relief request on October 7, 2025.[7]

On December 1, 2025, Plaintiff filed a Second Amended Complaint.[8] This Court entered an order granting Defendants' Motion to Dismiss the Second Amended Complaint on March 24, 2026.

On April 13, 2026, Plaintiff filed her Third Amended Complaint.

Now she brings another meritless motion, once more requesting injunctive relief to which she is not entitled.

### III.    ARGUMENT AND AUTHORITY

Facing foreclosure and dismissal of her Third Amended Complaint, Victoria McCandlish seemingly makes a last-ditch effort to restrain a properly grounded and noticed trustee's sale by way of moving this Court for an order granting preliminary injunction. Unfortunately for her, such relief is not available for multiple reasons. The present motion should accordingly be

---

[2] *Id.*

[3] Dkt. 70, ¶ 13.

[4] *Id.*, at ¶ 14.

[5] Dkt. 1 and 24.

[6] Dkt. 25.

[7] Dkt. 32.

[8] Dkt. 50.

DEFENDANTS' RESPONSE OPPOSING PLAINTIFF'S MOTION
FOR PRELIMINARY INJUNCTION - 2

KLINEDINST PC
1325 Fourth Avenue, Suite 1335
Seattle, Washington 98101
(206) 672-4400

Case No. 3:25-cv-05553-DGE

denied.

**A.      Requisites to Granting Preliminary Injunctive Relief**

In determining whether a preliminary injunction is appropriate, courts apply the same standard as that for issuing a temporary restraining order. *Juarez v. Asher*, 556 F. Supp. 3d 1181, 1186 (W.D. Wash. 2021) (citing *New Motor Vehicle Bd. Of Cal. V. Orrin W. Fox Co.*, 434 U.S. 1345, 1347 n.2, 98 S. Ct. 359, 54 L. Ed. 2d 439 (1977)). Injunctive relief is an extraordinary remedy, "never awarded as of right." *Winter*, at 24. Injunctive relief should not be granted unless the movant makes a clear showing that they are entitled to such relief. *Id.*, at 22 (citing *Mazurek v. Armstrong*, 520 U.S. 968, 972, 117 S. Ct. 1865, 138 L. Ed. 2d 162 (1997)).

Plaintiffs seeking a preliminary injunction must establish four things: (1) that they are likely to succeed on the merits; (2) that they are likely to suffer irreparable harm in the absence of such relief; (3) the balance of equities tips in their favor; and (4) that an injunction is in the public interest. *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20, 129 S. Ct. 365, 374, 172 L. Ed. 2d 249 (2008) (citations omitted). "If the party fails to show any one of these elements, the court must deny the injunction." *Bellevue Square, LLC v. Whole Foods Mkt. Pac. Nw., Inc.*, 6 Wash. App. 2d 709, 715, 432 P.3d 426, 429 (2018) (citing *Kucera v. Dep't of Transp.*, 140 Wash.2d 200, 209-210, 995 P.2d 63 (2000)). The moving party bears the burden of proving each element. *Klein v. City of San Clemente*, 584 F.3d 1196, 1201 (9th Cir. 2009).

**B.      The Present Request Lacks Substantive Merit and Fails to Establish Any Likelihood of Success**

Plaintiff McCandlish fails to establish a likelihood of success going to the merits of her claims that would support granting the relief she seeks. At the outset, this Court has already denied her request for a temporary restraining order and dismissed her causes of action multiple times. Notwithstanding the foregoing, the present motion should be denied. Plaintiff fails to meet the burden, most notably because she has no likelihood of success on her underlying claims.

1.      <u>Her FDCPA claim has no likelihood of success and only provides for monetary relief.</u>

DEFENDANTS' RESPONSE OPPOSING PLAINTIFF'S MOTION
FOR PRELIMINARY INJUNCTION - 3

KLINEDINST PC
1325 Fourth Avenue, Suite 1335
Seattle, Washington 98101
(206) 672-4400

Case No. 3:25-cv-05553-DGE

In relation to her FDCPA claim, the Third Amended Complaint alleges that servicing rights were transferred to SLS in 2013, and shortly thereafter, an arrears balance was purportedly charged to the loan account. Dkt. 70, at ¶ 14. It is well-established law that an entity that obtains the right to service a debt before it is in default is not a "debt collector" in the purview of the FDCPA. *Vien-Phuong Thi Ho v. ReconTrust Co.*, 858 F.3d 568, 571 (9th Cir. 2017) (finding that "the object of a non-judicial foreclosure is to retake and resell the security, not to collect money from the borrower"); *see also De Dios v. Int'l Realty & Investments*, 641 F.3d 1071, 1074 (9th Cir. 2011) (holding that "a debt not yet payable cannot be in default"); *Henson v. Santander Consumer USA Inc.*, 582 U.S. 79, 87, 137 S. Ct. 1718, 1724, 198 L. Ed. 2d 177 (2017) (finding that "the statute surely excludes from the debt collector definition certain persons who acquire a debt before default…"). As alleged in the operative complaint, McCandlish's default occurred after SLS acquired servicing rights.

Further, McCandlish bases her claim on routine monthly mortgage statements and written dispute responses. However, the Third Amended Complaint attaches SLS' responses, accompanied by copies of the Note, Deed of Trust, and payment history. As such, she utterly fails to allege or otherwise identify any specific facts showing Defendants used false, deceptive, or misleading representations in connection with the collection of a debt. Additionally, the FDCPA provides only for the award of monetary damages, not injunctive relief. *See* 15 U.S.C. § 1692k.

2.    <u>There is no likelihood of success for her RESPA claim, which similarly only provides for monetary relief</u>.

The present RESPA claim is equally unfounded. As a preliminary matter, this Court already dismissed McCandlish's RESPA claim with prejudice on March 24, 2026. Even if her renewed claim were to be considered, there is no likelihood of success. Much like FDCPA claims, RESPA does not provide for the relief McCandlish seeks. Indeed, RESPA provides only for monetary relief for violations of its notice requirements. *See* 12 U.S.C. § 2605(f). Moreover, she failed to trigger any statutory duties to respond because she failed to send her written

DEFENDANTS' RESPONSE OPPOSING PLAINTIFF'S MOTION
FOR PRELIMINARY INJUNCTION - 4

Case No. 3:25-cv-05553-DGE

KLINEDINST PC
1325 Fourth Avenue, Suite 1335
Seattle, Washington 98101
(206) 672-4400

correspondence to SLS' designated notice address as the statute requires. 12 U.S.C. § 2605(e)(1)(A). Such failure to do so is fatal to any RESPA claim. *See, e.g., Roth v. CitiMortgage Inc.*, 756 F.3d 178, 181 (2d Cir. 2014) (concluding that "the district court properly dismissed [the RESPA claims] on the basis that her lawyer's letters were not sent to CitiMortgage's designated QWR address, and the requests are thus not QWRs under RESPA."); *Berneike v. CitiMortgage, Inc.*, 708 F.3d 1141, 1149 (10th Cir. 2013) (holding that "[f]ailure to send the QWR to the designated address for receipt and handling of QWRs does not trigger the servicer's duties under RESPA."); *Vien-Phuong Thi Ho v. Recontrust Co.*, 669 F. App'x 857, 858 (9th Cir. 2016) (ruling that there is no claim when a borrower fails to send a QWR to the address specified by their loan servicer). To the extent she asserts that the two Notices of Trustee's Sale renew defendants' statutory obligations, and thereby tolling the statute of limitations, she is wrong. A loan servicer's statutory duties are triggered when there is a sale or transfer of the servicing for a loan, or when a servicer receives a notice of error or a qualified written request from a borrower—neither of which are alleged to have occurred here. *See generally* 15 U.S.C. § 2605; 12 CFR §§ 1024.35, 1024.36, and 1024.41. Further still, RESPA sets forth that an action brought "pursuant to the provisions of section 2605, 2607, or 2608 of this title may be brought… within 3 years in the case of a violation of section 2605 of this title and 1 year in the case of a violation of section 2607 or 2608 of this title." 12 U.S.C. § 2614. The Third Amended Complaint sets forth that each letter (regardless of whether such written correspondence amounted to a Qualified Written Request that would trigger Defendants' statutory duties or whether such correspondence was sent to a correct address) was sent in 2022; yet McCandlish failed to assert any claim for RESPA violations until December 1, 2025, when she filed her Second Amended Complaint. Notably, and as this Court has already ruled, this is outside the limitations period. Accordingly, there is no likelihood of success in connection with her RESPA claim.

3. <u>McCandlish's breach of contract claim similarly fails to establish a likelihood of success.</u>

At the outset, her breach of contract claim is barred by the six-year statute of limitations

DEFENDANTS' RESPONSE OPPOSING PLAINTIFF'S MOTION
FOR PRELIMINARY INJUNCTION - 5

Case No. 3:25-cv-05553-DGE

KLINEDINST PC
1325 Fourth Avenue, Suite 1335
Seattle, Washington 98101
(206) 672-4400

because she relies the purported application of an approximately $32,000 arrears charge in 2013. McCandlish's reliance on the ruling in *1000 Virginia Ltd. P'ship v. Vertecs Corp.*, is misplaced. There, the court considered the statute of limitations in relation to a construction project, finding that the period begins to run at the time of breach, not upon discovery. *See generally 1000 Virginia Ltd. P'ship v. Vertecs Corp.*, 158 Wn.2d 566, 146 P.3d 423 (2006), *as corrected* (Nov. 15, 2006). Notably, nothing in the *1000 Virginia* ruling even attempts to implicate whether monthly mortgage statements function as a discrete breach capable of tolling the limitations period. Instead, the *1000 Virginia* court considered whether the discovery rule applied in actions for breach of construction contracts where latent defects were alleged. *Id*.

Furthermore, while she alleges that SLS failed to properly apply payments, the terms of the Deed of Trust are clear: "Lender may accept any payment or partial payment insufficient to bring the Loan current…but Lender is not obligated to apply such payments at the time such payments are accepted." The Deed of Trust further provides that, "Lender may hold such unapplied funds until Borrower makes payment to bring the Loan current." Dkt. 50 at 16 (Ex. A § 1); and at 30-37. Even if she were correct (she is not), SLS nevertheless acted in good faith by repeatedly providing transparent accounting; including itemized suspense and escrow balances in its letters responding to McCandlish. Dkt. 70-1. Additionally, Plaintiff is incapable of showing damages (if any) because of her own non-performance—she defaulted on her repayment obligation. To the extent she relies on unilateral settlement/estoppel notices to demand a lien release, these do not constitute contractual performance or discharge of the debt. *Badgett v. Sec. State Bank*, 116 Wn.2d 563, 569, 807 P.2d 356, 360 (1991).

4. <u>The newly introduced wrongful foreclosure claim, even if considered, does not establish a likelihood of success.</u>

Further, McCandlish's motion attempts to introduce a new cause of action for wrongful foreclosure and obtain emergency relief on claims not pleaded in the operative complaint. Her present motion should be denied because preliminary injunctions must be of the same general character as the relief that could be awarded on finality. *De Beers Consol. Mines v. United*

DEFENDANTS' RESPONSE OPPOSING PLAINTIFF'S MOTION
FOR PRELIMINARY INJUNCTION - 6

Case No. 3:25-cv-05553-DGE

KLINEDINST PC
1325 Fourth Avenue, Suite 1335
Seattle, Washington 98101
(206) 672-4400

*States*, 325 U.S. 212, 220, 65 S. Ct. 1130, 1134, 89 L. Ed. 1566 (1945); *see also Pac. Radiation Oncology, LLC v. Queen's Med. Ctr.*, 810 F.3d 631, 633 (9th Cir. 2015) (holding that "[w]hen a plaintiff seeks injunctive relief based on claims not pled in the complaint, the court does not have the authority to issue an injunction."). Even if considered, the motion should nevertheless be denied for two reasons. First, she has not complied with the statutory requirement to provide the trustee with notice of a motion for injunction. "RCW 61.24.130 sets forth the only means by which a grantor may preclude a sale once foreclosure has begun with receipt of the notice of sale and foreclosure." *Cox v. Helenius*, 103 Wn.2d 383, 388, 693 P.2d 683, 686 (1985). The pertinent statute provides:

> No court may grant a restraining order or injunction to restrain a trustee's sale unless the person seeking the restraint gives five days notice to the trustee of the time when, place where, and the judge before whom the application for the restraining order or injunction is to be made. This notice shall include copies of all pleadings and related documents to be given to the judge. No judge may act upon such application unless it is accompanied by proof, evidenced by return of a sheriff, the sheriff's deputy, or by any person eighteen years of age or over who is competent to be a witness, that the notice has been served on the trustee.

> RCW 61.24.130(2).

The docket reflects that no such proof has been provided. Second, she has not shown she is entitled to the extraordinary relief she seeks. Paramount to this Court's determination is that McCandlish does not show how or why foreclosure would be impermissible. McCandlish executed a promissory note, secured by a deed of trust, with a promise to repay the debt obligation in monthly installments. Section 22 of the deed of trust expressly provides that, "…failure to cure the default on or before the date specified in the notice may result in acceleration of the sums secured by this Security Instrument and sale of the Property at public auction…" Dkt. 50 at 23 (Ex. A § 22). Critically, McCandlish has not alleged that she is not in default or that she has repaid her debt obligation, only that Defendants failed to respond to her purported qualified written requests and notices of error.

     5.     <u>McCandlish is equally unlikely to succeed in connection with her IIED claim because the conduct at issue is standard loan servicing.</u>

DEFENDANTS' RESPONSE OPPOSING PLAINTIFF'S MOTION
FOR PRELIMINARY INJUNCTION - 7

KLINEDINST PC
1325 Fourth Avenue, Suite 1335
Seattle, Washington 98101
(206) 672-4400

Case No. 3:25-cv-05553-DGE

Finally, SLS' conduct—sending monthly statements, providing documentary support for the debt, proceeding with nonjudicial foreclosure notices—is standard loan servicing. It does not begin to approach the utterly intolerable standard for intentional infliction of emotional distress claims under Washington law. *Dicomes v. State*, 113 Wn.2d 612, 630, 782 P.2d 1002, 1012 (1989). In *Dicomes*, the court considered an employee's discharge in connection with the plaintiff's claim for the tort of outrage. Ultimately, the court held that it was the manner of conduct in effectuating the discharge that might constitute outrageous conduct, not the fact of the discharge itself. Here, the manner of conduct in servicing McCandlish's loan does not come close to satisfying this extremely high bar; again, the only conduct she alleges in connection with her IIED claim is that of a routine loan servicer. Even if her assertions were true, it would thusly not constitute outrageous conduct. Furthermore, the Third Amended Complaint alleges that McCandlish has suffered anxiety, sleep deprivation, and "moral injury," but fails to identify any medical or therapy treatment, out-of-pocket costs, or concrete manifestations of symptomology. Her generalized distress—inherent to the foreclosure process—does not meet the heightened threshold for claims involving severe emotional distress. *Grimsby v. Samson*, 85 Wn.2d 52, 59, 530 P.2d 291, 295 (1975) (holding that a defendant's conduct must be outrageous and extreme, it is not enough that actions are made with a tortious, or even criminal, intent or that emotional distress was intended to be afflicted. Specifically, the court held that "[l]iability exists only where the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." (internal quotations omitted)).

As a consequence of her failure to show any likelihood of success in connection with any of her claims, Plaintiff's motion for preliminary injunction should be denied.

**C.    A Preliminary Injunction Does Not Comport With the Policy Goals of the Deed of Trust Act**

Washington's Deed of Trust Act ("DTA") should be construed to further three basic objectives. *Bain v. Metropolitan Mortg. Group, Inc.*, 285 P.3d 34, 39, 174 Wash.2d 83, 94

DEFENDANTS' RESPONSE OPPOSING PLAINTIFF'S MOTION
FOR PRELIMINARY INJUNCTION - 8

KLINEDINST PC
1325 Fourth Avenue, Suite 1335
Seattle, Washington 98101
(206) 672-4400

Case No. 3:25-cv-05553-DGE

(2012). First, to maintain an efficient and inexpensive nonjudicial foreclosure process. *Cox v. Helenius*, at 387 (1985). Second, the process should provide adequate opportunity for interested parties to prevent wrongful foreclosure. *Id*. Third, the process should promote the stability of land titles. *Id*. Here, despite being unlikely to succeed on the merits, McCandlish seeks a preliminary injunction to restrain a future foreclosure auction. She has not pleaded that the loan is not in default or that she has repaid her debt. Such posture is directly at odds with the first objective of the DTA. Accordingly, her motion should be denied.

## IV.    CONCLUSION

Based upon the foregoing, Defendants respectfully request this Court deny Plaintiff's motion for preliminary injunction.

DATED this 1st day of June, 2026.        KLINEDINST PC


/s/ Chancelor K. Eagle
Gregor A. Hensrude, WSBA No. 45918
Chancelor K. Eagle, WSBA No. 60914
1325 4th Avenue, Suite 1335
Seattle, WA 98121
206-672-4400
ghensrude@klinedinstlaw.com
ceagle@klinedinstlaw.com

Attorneys for Defendants NewRez, LLC d/b/a
Shellpoint Mortgage Servicing and Specialized
Loan Servicing, LLC

DEFENDANTS' RESPONSE OPPOSING PLAINTIFF'S MOTION
FOR PRELIMINARY INJUNCTION - 9

Case No. 3:25-cv-05553-DGE

KLINEDINST PC
1325 Fourth Avenue, Suite 1335
Seattle, Washington 98101
(206) 672-4400

CERTIFICATE OF SERVICE

I, Arielle N. Armstrong, hereby certify that on the date below, I served a true and correct copy of the foregoing document via CM/ECF e-service or if not opted in then via email, upon the following:

*Plaintiff pro se*

Victoria D. McCandlish (fka Heacock)
2700 Caples Ave
Vancouver, WA 98661-9998
360-634-2299
grantor1drop@pm.me

*Attorney for Defendants Clear Recon Corp. and Monica Chavez*

Peter Salmon, WSBA #31382
Aldridge Pite LLP
3333 Camino del Rio South, Suite 225
San Diego, CA 92108
206-707-9603 / 858-750-7600
psalmon@aldridgepite.com

DATED this 1st day of June, 2026, at Seattle, Washington.

/s/ Arielle N. Armstrong
Arielle N. Armstrong
Legal Assistant
Klinedinst PC
1325 Fourth Avenue, Suite 1335
Seattle, WA 98101
206-672-4400
aarmstrong@klinedinstlaw.com

30957529.1

DEFENDANTS' RESPONSE OPPOSING PLAINTIFF'S MOTION
FOR PRELIMINARY INJUNCTION - 10

Case No. 3:25-cv-05553-DGE

KLINEDINST PC
1325 Fourth Avenue, Suite 1335
Seattle, Washington 98101
(206) 672-4400