Family of McCandlish Trust
2700 Caples Avenue #2441
Vancouver. Washington. 98661-9998.
Grantors Office
(360) 634-2299 phone
(360) 634-2331 - fax
grantor1drop@pm.me

Pro Per Sui Juris

FILED _____ LODGED
_____ RECEIVED

JUN 03 2026

CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT TACOMA
BY _____ DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

Victoria Diane McCandlish
  (formerly: Heacock),

              Plaintiff,

              vs.

NEWREZ LLC d/b/a
SHELLPOINT MORTGAGE SERVICING;
SPECIALIZED LOAN SERVICING LLC, its
successors and assigns;
CLEAR RECON CORP; and
DOES 1–10, inclusive,

              Defendants.

Case No. 3:25-cv-05553-DGE

PLAINTIFF'S REPLY IN SUPPORT OF
CROSS-MOTION FOR PRELIMINARY
INJUNCTION (Fed. R. Civ. P. 65(a))

## PLAINTIFF'S REPLY IN SUPPORT OF CROSS-MOTION FOR

## PRELIMINARY INJUNCTION (Fed. R. Civ. P. 65(a))

## I. INTRODUCTION

Defendants' Response (Dkt. 89) misframes Plaintiff's motion. It spends its argument

attacking the two claims that do not anchor the requested injunction FDCPA and RESPA and

largely ignores the two that do: Plaintiff's claims under Washington's Deeds of Trust Act

("DTA") for wrongful foreclosure and for breach of contract / the implied covenant of good faith

and fair dealing. Injunctive relief restraining a trustee's sale is the paradigmatic remedy the DTA

itself authorizes. RCW 61.24.130(1). Defendants' "monetary-relief-only" argument is therefore beside the point: Plaintiff does not seek an injunction to enforce the FDCPA or RESPA; she seeks it to prevent the irreversible loss of her homestead while this Court adjudicates a contested, unreconciled debt.

Defendants' lead procedural argument that no proof of the RCW 61.24.130(2) five-day notice to the trustee appears on the docket has been mooted. Plaintiff has now served Clear Recon Corp with the statutory Notice and has filed the required Proof of Service. The remaining arguments either contest the merits (which the *Winter* standard does not require Plaintiff to win now) or rest on a misreading of what the operative complaint pleads.

## II. ARGUMENT

A. The RCW 61.24.130(2) notice-to-trustee requirement has been satisfied; in any event it does not divest this Court of its Rule 65 authority.

Defendants argue that "the docket reflects that no such proof has been provided" of the five-day notice to the trustee required by RCW 61.24.130(2). (Dkt. 89 at 7.) Plaintiff has cured any such gap: contemporaneously with this Reply, Plaintiff has served Clear Recon Corp the trustee with a Notice to Trustee of Application for Preliminary Injunction Pursuant to RCW 61.24.130(2) stating the time, place, and judge before whom the application is to be made, accompanied by copies of the pleadings, and has filed the Proof of Service required by the statute, evidenced by the declaration of a competent non-party. (Dkts. ___ and ___.) The statutory condition Defendants invoke is met.

Two further points. First, RCW 61.24.130(2) is a notice provision designed to protect the trustee; it is satisfied by service and proof, both of which Plaintiff has now supplied. It is not a substantive bar to relief. Second, this Court's authority to enjoin a sale pending adjudication of the borrower's claims arises independently from Fed. R. Civ. P. 65 and the Court's equitable power; the Washington statute supplies an additional, state-law basis for pre-sale relief, not a ceiling on the federal court's. *See* RCW 61.24.130(1) (the enumerated procedure "shall be the only means by which a grantor may preclude a sale," addressing the *grantor's* state-law avenue, not the federal court's Rule 65 jurisdiction).

### B. The requested injunction is of the "same general character" as the relief available on the claims actually pleaded.

Defendants invoke *De Beers Consol. Mines v. United States*, 325 U.S. 212 (1945), and *Pacific Radiation Oncology, LLC v. Queen's Medical Center*, 810 F.3d 631 (9th Cir. 2015), for the proposition that an injunction must rest on claims "pled in the complaint." (Dkt. 89 at 6–7.) That rule helps Plaintiff, not Defendants. The Third Amended Complaint (Dkt. 70) pleads breach of contract and the implied covenant of good faith and fair dealing (Count III) and expressly seeks declaratory and injunctive relief arising from Defendants' prosecution of a non-judicial foreclosure on a disputed, unreconciled balance. An order restraining that very sale is the relief "of the same general character" that could be awarded on those claims at final judgment. *Pac. Radiation*, 810 F.3d at 636. Defendants' characterization of "wrongful foreclosure" as a wholly "new" claim ignores that the DTA supplies the substantive standard for the equitable relief the TAC already requests on its pleaded contract and good-faith theories. *See Frias v. Asset Foreclosure Servs., Inc.*, 181 Wn.2d 412, 429 (2014) (DTA does not insulate servicer/trustee misconduct from liability and equitable remedies).

C. Likelihood of success: the injunction rests on claims for which equitable relief is available, and Defendants' "monetary-only" argument does not reach them.

Defendants are correct that the FDCPA (15 U.S.C. § 1692k) and RESPA (12 U.S.C. § 2605(f)) sound principally in damages. That is why Plaintiff's motion anchors the injunction on her DTA wrongful-foreclosure and breach/implied-covenant theories, for which injunctive relief is expressly available. (Mot. § VII.A.2–3.)

1. Wrongful foreclosure under the DTA. Washington recognizes pre-sale claims to restrain a trustee's sale where the beneficiary or trustee proceeds without good faith or on a contested debt. *Klem v. Wash. Mut. Bank*, 176 Wn.2d 771, 790–91 (2013); *Bain v. Metro. Mortg. Grp., Inc.*, 175 Wn.2d 83, 119 (2012); *Frias*, 181 Wn.2d at 429. The TAC pleads each predicate: an arrears balance booked at the 2013 servicing transfer that corresponds to no missed principal or interest payment; a years-long refusal to reconcile it despite repeated written requests; the simultaneous retention of Plaintiff's own funds ($288.01 in suspense and $3,780.41 in escrow, per the March 16, 2023 SLS letter, TAC Ex. D); and the issuance of two Notices of Trustee's Sale on that disputed balance. These allegations present, at minimum, "serious questions going to the merits." *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131–32 (9th Cir. 2011).

2. Breach of contract / implied covenant. Defendants quote the Deed of Trust's clause permitting the lender to "hold such unapplied funds" (Dkt. 89 at 6) but that clause authorizes *holding* an insufficient payment; it does not authorize *manufacturing* a default by booking unverified charges and then foreclosing on them. The implied covenant constrains the manner in which contractual discretion is exercised. *Rekhter v. State, Dep't of Soc. & Health*

*Servs.*, 180 Wn.2d 102, 112–13 (2014). Notably, *Badgett v. Security State Bank*, 116 Wn.2d 563, 569 (1991) the very authority Defendants cite (Dkt. 89 at 6) confirms that the implied covenant prohibits a party from exercising discretion to frustrate the other party's reasonable expectations under the contract.

3. Defendants' "not in default" framing misstates the dispute. Defendants repeat that Plaintiff "has not alleged that she is not in default." (Dkt. 89 at 7, 9.) Plaintiff's claim is not that no loan exists; it is that the $32,419.24 arrears figure is unreconciled and unverified the precise question this litigation will resolve. Defendants' own counsel, in correspondence dated May 11, 2026, itemized the contents of the disputed March 16, 2023 letter, confirming the suspense and escrow holds recorded against that alleged default. A party may not foreclose on a number it has declined to substantiate and then defeat a stay by assuming the number is correct.

4. FDCPA/RESPA limited role. Even on the damages claims, Defendants overstate. Under *Henson v. Santander Consumer USA Inc.*, 137 S. Ct. 1718 (2017), a servicer that acquires a loan already in default is a "debt collector"; the TAC pleads SLS acquired servicing in 2013 with the arrears already booked. And each new Notice of Trustee's Sale is a discrete act for limitations purposes. *Brown v. Transworld Sys., Inc.*, 73 F.4th 1030, 1041–43 (9th Cir. 2023). These claims need not carry the injunction; they confirm that Plaintiff's challenge to the debt is substantial, not frivolous.

## D. Irreparable harm, balance of equities, and the public interest
## is not seriously contested.

Defendants offer no answer to the controlling irreparable-harm authority: the loss of one's home is *per se* irreparable injury. *Park Village Apartment Tenants Ass'n v. Mortimer Howard Tr.*, 636 F.3d 1150, 1159 (9th Cir. 2011); *Sundance Land Corp. v. Cmty. First Fed. Sav. & Loan Ass'n*, 840 F.2d 653, 661 (9th Cir. 1988). Once a non-judicial sale is conducted, Plaintiff's interest in the unique Property is extinguished and cannot be restored in damages.

The equities are asymmetric. A stay costs Defendants only delay; they retain the lien and every right to enforce it if they prevail. *Sundance*, 840 F.2d at 661. Plaintiff, by contrast, loses the homestead irretrievably if the sale proceeds before the merits are reached. And the public interest favors adjudicating disputed mortgage-servicing claims on the merits rather than permitting an irreversible sale on a contested ledger. The DTA itself codifies that interest by authorizing pre-sale injunctive relief. RCW 61.24.130(1); *Cox v. Helenius*, 103 Wn.2d 383, 387 (1985) (the Act must afford an adequate opportunity to prevent wrongful foreclosure).

## E. Bond.

A nominal bond is appropriate. The Court has broad discretion to set a minimal bond where the applicant is of limited means and the public interest favors relief. *Johnson v. Couturier*, 572 F.3d 1067, 1086 (9th Cir. 2009); *Save Our Sonoran, Inc. v. Flowers*, 408 F.3d 1113, 1126 (9th Cir. 2005). Plaintiff proceeds *in propria persona* and defends her homestead.

## III. CONCLUSION

The five-day notice to the trustee has been served and proven. The injunction rests on Plaintiff's pleaded DTA and contract claims, for which equitable relief is available; Defendants' "monetary-only" argument does not reach them. The irreparable-harm, equities, and public-interest factors are established and largely unrebutted. Plaintiff respectfully requests that the Court grant the Cross-Motion and enjoin any trustee's sale of the Property predicated on the disputed $32,419.24 arrears balance during the pendency of this action, and should any sale be set within fourteen (14) days enter a temporary restraining order under Fed. R. Civ. P. 65(b) to preserve the status quo.

Executed on _June 3ʳᵈ_, 2026, at Vancouver, Washington.

Respectfully submitted,

Victoria Diane McCandlish (formerly: Heacock)
*Plaintiff, in propria persona, sui juris*
2700 Caples Avenue, #2441
Vancouver, WA 98661-9998
Telephone: (360) 634-2299
Email: grantor1drop@pm.me

## V. CERTIFICATE OF SERVICE

I certify under penalty of perjury that on the date of filing I caused the foregoing Plaintiff's Reply in Support of Cross-Motion for Preliminary Injunction to be filed with the Clerk of the Court and served upon the following:

- Gregor A. Hensrude, ghensrude@klinedinstlaw.com
- Chancelor K. Eagle, ceagle@klinedinstlaw.com
- *(counsel for Defendants NewRez LLC and Specialized Loan Servicing LLC)*
- Peter Salmon  psalmon@aldridgepite.com *(counsel for Defendant and Trustee Clear Recon Corp)*

and, consistent with RCW 61.24.130(2), upon Clear Recon Corp, as trustee, at its business address of record.

Victoria Diane McCandlish, *in propria persona, sui juris*