Family of McCandlish Trust
2700 Caples Avenue #2441
Vancouver. Washington. 98661-9998.
Grantors Office
(360) 634-2299 phone
(360) 634-2331 - fax
grantor1drop@pm.me

Pro Per Sui Juris

FILED — LODGED
RECEIVED
JUN 03 2026
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT TACOMA
DEPUTY

## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| Victoria Diane McCandlish (formerly: Heacock), **Plaintiff,** vs. NEWREZ LLC d/b/a SHELLPOINT MORTGAGE SERVICING; SPECIALIZED LOAN SERVICING LLC, its successors and assigns; CLEAR RECON CORP; and DOES 1–10, inclusive, **Defendants.** | Case No. 3:25-cv-05553-DGE PLAINTIFF'S RESPONSE OPPOSING DEFENDANT SLS' JOINDER IN NEWREZ'S MOTION TO DISMISS THE THIRD AMENDED COMPLAINT (Dkt. 85) |

# PLAINTIFF'S RESPONSE OPPOSING DEFENDANT SLS' JOINDER IN NEWREZ'S MOTION TO DISMISS THE THIRD AMENDED COMPLAINT (Dkt. 85)

## II. INTRODUCTION

On May 26, 2026, Defendant Specialized Loan Servicing LLC ("SLS") filed a one-paragraph Joinder (Dkt. 85) adopting in full NewRez's Motion to Dismiss the Third Amended Complaint (Dkt. 72). Plaintiff opposes the Joinder for the reasons stated in her Opposition to that Motion (Dkt. 78), which she incorporates by reference, and for two reasons specific to SLS that NewRez's brief does not address and cannot cure by adoption.

## III. ARGUMENT

### A. The arguments SLS adopts by reference are answered in Plaintiff's filed Opposition (Dkt. 78).

By adopting NewRez's Motion "in full," SLS adopts not only its arguments but its evidentiary record and its defects. Plaintiff's Opposition (Dkt. 78) responds to each of the Motion's contentions — the RESPA law-of-the-case argument, the limitations argument, the Rule 12(b)(6) "failure to state a claim" arguments, and the selective Request for Judicial Notice (Dkt. 72-1). Those responses apply with equal force to SLS and are incorporated here as though fully set forth.

### B. The Motion's central FDCPA argument is *weaker* as to SLS, not stronger.

NewRez's Motion argues that Defendants are not "debt collectors" because a party that acquires servicing before default is outside the FDCPA, relying on the nonjudicial-foreclosure line of authority. (Dkt. 72; Dkt. 89 at 3–4.) Whatever the force of that argument as to NewRez, it does not fit SLS. The Third Amended Complaint pleads that **SLS acquired servicing of this loan on December 1, 2013 with the disputed $32,000-plus arrears already booked** — that is, the loan

is alleged to have been *in default at the time SLS acquired it.* (TAC ¶¶ 13–14.) Under the controlling test, a servicer that takes a loan already in default is a "debt collector." *Henson v. Santander Consumer USA Inc.*, 137 S. Ct. 1718, 1721 (2017); *Schlegel v. Wells Fargo Bank, N.A.*, 720 F.3d 1204, 1208–09 (9th Cir. 2013). Accepted as true at the pleading stage, *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008), that allegation places SLS squarely within the FDCPA. SLS cannot escape that result by borrowing an argument tailored to a differently situated co-defendant.

## C. SLS' own Corporate Disclosure underscores the confusion about the capacity in which it appears.

The Joinder is filed by Klinedinst PC, which simultaneously filed a "Corporate Disclosure Statement" captioned for SLS that, in its body and signature block, speaks only for **NewRez** and asserts — without any supporting documentation — that "NewRez LLC dba Shellpoint Mortgage Servicing **fka** Specialized Loan Servicing LLC." (Dkt. 69.) That document does not disclose SLS' own corporate parents or affiliates as Fed. R. Civ. P. 7.1 requires, and its unsupported "fka" assertion conflates two entities the Third Amended Complaint pleads were distinct servicers operating under separate letterhead, addresses, and NMLS registrations across 2013–2024. (TAC ¶¶ 13–25 & Exs. A–E.) At a minimum, this confirms that the capacity in which SLS purports to join — and whether it is appearing as a distinct defendant or being folded into NewRez — is unresolved on the present record. Plaintiff does not ask the Court to resolve that corporate-identity question on this Response; she notes only that the Joinder's adoption of NewRez's record cannot supply the entity-specific analysis the FDCPA "debt collector" question requires as to SLS.

# IV. CONCLUSION

For the reasons stated in Plaintiff's Opposition to the Motion to Dismiss (Dkt. 78), incorporated by reference, and for the SLS-specific reasons above, Plaintiff respectfully requests that the Court deny the Motion as to SLS and decline to dismiss the Third Amended Complaint as against Specialized Loan Servicing LLC.

Executed on _June 3 rd_ , 2026, at Vancouver, Washington.

Respectfully submitted,

Victoria Diane McCandlish (formerly: Heacock)
*Plaintiff, in propria persona, sui juris*
2700 Caples Avenue, #2441
Vancouver, WA 98661-9998
Telephone: (360) 634-2299
Email: grantor1drop@pm.me

# V. CERTIFICATE OF SERVICE

I certify under penalty of perjury that on the date of filing I caused the foregoing **Plaintiff's Response Opposing Defendant SLS' Joinder** to be filed with the Clerk of the Court and served by electronic mail upon:

- Gregor A. Hensrude — ghensrude@klinedinstlaw.com
- Chancelor K. Eagle — ceagle@klinedinstlaw.com
- *(counsel for Defendants NewRez LLC and Specialized Loan Servicing LLC)*
- Peter Salmon — psalmon@aldridgepite.com *(counsel for Defendant Clear Recon Corp)*

**Victoria Diane McCandlish,** *in propria persona, sui juris*