The Honorable David G. Estudillo

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| VICTORIA DIANE MCCANDLISH (formerly: Heacock),<br><br>        Plaintiff,<br><br>        v.<br><br>NEWREZ LLC d/b/a SHELLPOINT MORTGAGE SERVICING; SPECIALIZED LOAN SERVICING LLC, its successors and assigns; CLEAR RECON CORP; and DOES 1-10, inclusive,<br><br>        Defendants. | Civil Action No. 3:25-cv-05553-DGE<br><br>DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS |

## I.      INTRODUCTION

Defendants NewRez LLC dba Shellpoint Mortgage Servicing ("NewRez") and

Specialized Loan Servicing LLC ("SLS"), by and through their undersigned counsel of record,

hereby submit this reply supporting the pending Motion to Dismiss.[1]

---

[1] As a preliminary matter, counsel for Defendants recognizes this reply brief is overdue and accordingly requests the Court's indulgence in considering this reply. Counsel offers his sincerest apologies to the Court. The delay was caused by 1) internal calendaring problems that resulted in the deadline not being properly captured and escalated on counsel's docketing system and 2) counsel was in the process of moving residences, causing a temporary disruption to counsel's work routines and further contributing to the delay. Upon recognizing the issue, counsel promptly confirmed the deadline pursuant to the Court's docket and met with counsel's legal assistant to address the calendaring issues and implement measures to prevent recurrence.

DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS - 1

Case No. 3:25-cv-05553-DGE

KLINEDINST PC
1325 Fourth Avenue, Suite 1335
Seattle, Washington 98101
(206) 672-4400

## II. ARGUMENT AND AUTHORITY

The matter at bar is straightforward. In 2007, a Victoria McCandlish signed and executed a deed of trust secured by real property to repay her home loan. Servicing rights were transferred to SLS in 2013, and a purportedly "phantom" arrears charge was added to the balance of the loan shortly thereafter. A decade later, McCandlish sends written correspondence—to an improper address—demanding, among other things, that the outstanding balance on her home loan be discharged. Even construing the facts alleged in the Third Amended Complaint as true and in her favor, McCandlish does not set forth information sufficient to survive a 12(b)(6) motion to dismiss.

### A. McCandlish's Response Does Not Alleviate the Third Amended Complaint's Deficiencies

The Third Amended Complaint is exactly the type of pleading that is subject to dismissal because it simply proffers recitations of each cause of action's elements. *See Chavez v. United States*, 683 F.3d 1102, 1008 (9th Cir. 2012). At the outset, the exhibits appended to the Third Amended Complaint contradict McCandlish's allegations, as follows:

- Exhibit A, correspondence from SLS dated December 19, 2022, shows the account being due for the November 1, 2022 payment in the amount of $2,920.00;

- Exhibit B, correspondence from SLS dated February 2, 2023, shows the account being due for the January 1, 2023 payment in the amount of $2,817.33;

- Exhibit C, correspondence from SLS dated March 6, 2023, shows the account being due for the February 1, 2023 payment in the amount of $2,817.33;

- Exhibit D, correspondence from SLS dated March 16, 2023, shows the account being due for the February 1, 2023 payment in the amount of $2,817.33;

- Exhibit E, correspondence from SLS dated April 15, 2024, shows the account being due for the April 1, 2024 payment in the amount of $2,960.21; and

- Exhibit F, the Notice of Trustee's Sale recorded in Clark County Official Records

DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS
- 2

Case No. 3:25-cv-05553-DGE

KLINEDINST PC
1325 Fourth Avenue, Suite 1335
Seattle, Washington 98101
(206) 672-4400

under Recording No. 6251137, identifies the default amount as $28,403.42.

Nothing in these exhibits indicate there was a $32,000 arrears charge applied to her account, let alone a default accruing additional interest and charges since 2013. Indeed, the amount to cure the default set forth in the first Notice of Trustee's Sale is thousands of dollars *less than* what McCandlish avers.

### 1. The RESPA claim

In relation to her RESPA claim, even if this Court's prior ruling did not apply, her claim still fails because she does not plead any factual matter that occurred within the limitations period. RESPA sets forth that an action brought "pursuant to the provisions of section 2605, 2607, or 2608 of this title may be brought… within 3 years in the case of a violation of section 2605 of this title and 1 year in the case of a violation of section 2607 or 2608 of this title." 12 U.S.C. § 2614.

Further, the exhibits appended to the Third Amended Complaint show that Defendants nevertheless substantively responded to McCandlish's purported qualified written requests. To the extent she asserts that the two recorded Notices of Trustee's Sale somehow save her claim, she is wrong. These are not acts that would trigger any duty under RESPA because they are not qualified written requests. *See generally* 15 U.S.C. § 2605; 12 CFR §§ 1024.35, 1024.36, and 1024.41. Indeed, a loan servicer's RESPA obligations are born from a borrower's inquiry, not a trustee's notice of sale.

### 2. The Third Amended Complaint's claim for violations of the FDCPA fails for multiple reasons.

McCandlish's FDCPA claim similarly remains factually insufficient to survive dismissal. The Third Amended Complaint's own timeline establishes that SLS obtained its servicing role before any alleged default. Dkt. 70 at ¶¶ 13-14. Her reliance on the Supreme Court's decision in *Henson v. Santander Consumer USA Inc.*, is immaterial here. *See Henson v. Santander Consumer USA Inc.*, 582 U.S. 79, 87, 137 S. Ct. 1718, 1724, 198 L. Ed. 2d 177 (2017) (holding that "while the statute surely excludes from the debt collector definition certain persons who

DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS
- 3

Case No. 3:25-cv-05553-DGE

KLINEDINST PC
1325 Fourth Avenue, Suite 1335
Seattle, Washington 98101
(206) 672-4400

acquire a debt before default, it doesn't necessarily follow that the definition must include anyone who regularly collects debts acquired after default."). Moreover, McCandlish's Opposition is at odds with the operative complaint's allegations. While her response attempts to reclassify the loan as being in default prior to when SLS obtained servicing rights, the operative complaint expressly alleges that the alleged arrears balance was applied to her account at the time, or shortly after, servicing rights were transferred to SLS. Dkt. 70, ¶ 14.

Furthermore, a plausible FDCPA claim requires more than the assertion that the borrower disagrees with the loan's accounting or believes the presentment is wrong. Instead, it requires identifying actual representations made by the defendant and pleading facts showing that representation was false or misleading. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964-65, 167 L. Ed. 2d 929 (2007) ("a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]" (internal quotations omitted)); *see also Papasan v. Allain*, 478 U.S. 265, 286, 106 S. Ct. 2932, 92 L. Ed. 2d 209 (1986) (finding that while courts are required to accept factual allegations as true, "they are not bound to accept as true a legal conclusion couched as a factual allegation."). The Third Amended Complaint grounds the alleged FDCPA violations on an asserted attempt to collect a $32,000 arrears balance, but does not identify any specific monthly statements at issue, their dates, challenges to the language used, or the particular figures that were allegedly false. Instead, it relies on a generalized allegation that monthly mortgage statements attempted to collect an arrears balance. These bare-bones assertions are insufficient to satisfy the requisite pleading standard. *Gossen v. JPMorgan Chase Bank*, 819 F. Supp. 2d 1162, 1170 (W.D. Wash. 2011) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1950, 173 L. Ed. 2d 868 (2009)). "Factual allegations must be enough to raise a right to relief above the speculative level[.]" *Bell v. Twombly*, at 555. Because the Third Amended Complaint does not identify any concretely false or misleading representation, there is no predicate for liability under the FDCPA.

3. McCandlish fails to plausibly allege severe emotional distress.

DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS - 4

Case No. 3:25-cv-05553-DGE

KLINEDINST PC
1325 Fourth Avenue, Suite 1335
Seattle, Washington 98101
(206) 672-4400

A claim for IIED requires emotional distress that is not merely real or understandable, but severe; a defendant's conduct must be outrageous and extreme. *Grimsby v. Samson*, 85 Wn.2d 52, 59, 530 P.2d 291, 295 (1975). McCandlish does not point to any specific fact that purportedly shows how Defendants engaged in extreme and outrageous conduct. "Without an example of behavior that goes beyond the possible bounds of decency, [courts] cannot reach the other elements of this claim." *21st Mortgage Corp. v. Nicholls*, 25 Wn. App. 2d 795, 813, 525 P.3d 962, 972 (2023) (citing *Dicomes v. State*, 113 Wn.2d 612, 630, 782 P.2d 1002, 1012 (1989)). Further, the operative allegations at bar—anxiety, sleep deprivation, generalized pain and suffering, loss of enjoyment of life, and the moral injury from being labeled a defaulter—are presented at a high level of generality. They do not supply this Court with the kind of concrete, particularized facts that would allow the Court to infer distress of an extreme degree rather than the ordinary emotional upset that accompanies an alleged mortgage-servicing dispute and pending trustee's sale in the purview of Washington law. *See In re Residential Capital, LLC*, 531 B.R. 1, 21, *on reconsideration in part*, 537 B.R. 161 (Bankr. S.D.N.Y. 2015) (where the court considered IIED claims in connection with Washington law, noting that "[s]everal Washington courts have dismissed claims for intentional infliction of emotional distress on a motion to dismiss for plaintiff's failure to plead facts supporting a reasonable inference of sufficiently outrageous conduct relating to the foreclosure process." (internal citations omitted)); *see also Dowers v. Nationstar Mortgage, LLC*, 852 F.3d 964, 971-72 (9th Cir. 2017).

In sum, McCandlish alleges generalized distress without any factual detail illustrating severity, functional impairment, or treatment. Under the severe-anguish framework set forth in *Grimsby*, and taking her allegations as true for purposes of this argument, the Third Amended Complaint cannot support a cause of action for IIED.

4. The operative complaint's claim for breach of contract is factually insufficient and untenable under Washington law.

McCandlish's claim for breach of contract is couched in 1) the alleged $32,000 arrears charge after servicing rights were transferred to SLS in 2013 and 2) how payments were applied

DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS
- 5

Case No. 3:25-cv-05553-DGE

KLINEDINST PC
1325 Fourth Avenue, Suite 1335
Seattle, Washington 98101
(206) 672-4400

to the loan. At the outset, the operative complaint alleges that Defendants materially breached the terms of the Deed of Trust when the approximately $32,000 arrears charge was applied to the loan account in 2013. To such extent, her claim is precluded by the six-year statute of limitations for breach of contract claims. RCW 4.16.040(1).

Substantively, however, her claim fails for multiple reasons. The Deed of Trust's terms set forth that "Lender may accept any payment or partial payment insufficient to bring the Loan current…but Lender is not obligated to apply such payments at the time such payments are accepted." The Deed of Trust also sets forth that "Lender may hold such unapplied funds until Borrower makes payment to bring the Loan current." Dkt. 50 at 16 (Ex. A § 1). Defendants were wholly entitled to hold unapplied funds in a suspense account. To the extent McCandlish attempts to assert that Defendants somehow "[held] suspense funds while certifying default" or "[misapplied] payments contrary to the Order of Priority" is, again, contradicted by the exhibits attached to the Third Amended Complaint. As highlighted *supra*, as of April 15, 2024, there were no funds being held in a suspense account. Dkt. 70-1 at 9-10. Similarly, the duty of good faith requires only that parties perform in good faith in effectuating the obligations imposed by their agreement. *Badgett v. Sec. State Bank*, 116 Wn.2d 563, 569, 807 P.2d 356 (1991). Here, that is the repayment of the loan.

The only facts identified in Third Amended Complaint and Plaintiff's response are entirely conclusory in nature. Unquestionably, McCandlish fails to identify any factual matter that supports her claims breach of contract and the duty of good faith.

## IV.    CONCLUSION

The Third Amended Complaint is factually insufficient and should be dismissed in its entirety. In hopes of surviving dismissal of her newly minted complaint, McCandlish relies on her own conclusory allegations framed as facts. Her pleadings and exhibits, however, betray her. Even if her errant conclusions were taken as true, the present complaint should nevertheless be dismissed because the "facts" she identifies remain insufficient to sustain a cause of action.

Based upon the foregoing, Defendants respectfully request this Court dismiss the Third

DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS
- 6

Case No. 3:25-cv-05553-DGE

KLINEDINST PC
1325 Fourth Avenue, Suite 1335
Seattle, Washington 98101
(206) 672-4400

Amended Complaint with prejudice.

DATED this 4th day of June, 2026.          KLINEDINST PC

I certify that this memorandum contains 1,931 words in compliance with Local Civil Rules.

/s/ Chancelor K. Eagle

Gregor A. Hensrude, WSBA No. 45918
Chancelor K. Eagle, WSBA No. 60914
1325 4th Avenue, Suite 1335
Seattle, WA 98121
206-672-4400
ghensrude@klinedinstlaw.com
ceagle@klinedinstlaw.com

Attorneys for Defendants NewRez, LLC d/b/a Shellpoint Mortgage Servicing and Specialized Loan Servicing, LLC

DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS - 7

Case No. 3:25-cv-05553-DGE

KLINEDINST PC
1325 Fourth Avenue, Suite 1335
Seattle, Washington 98101
(206) 672-4400

CERTIFICATE OF SERVICE

I, Arielle N. Armstrong, hereby certify that on the date below, I served a true and correct copy of the foregoing document via CM/ECF e-service or if not opted in then via email, upon the following:

| ***Plaintiff pro se*** | ***Attorney for Defendants Clear Recon Corp. and Monica Chavez*** |
|---|---|
| Victoria D. McCandlish (fka Heacock)<br>2700 Caples Ave<br>Vancouver, WA 98661-9998<br>360-634-2299<br>grantor1drop@pm.me | Peter Salmon, WSBA #31382<br>Aldridge Pite LLP<br>3333 Camino del Rio South, Suite 225<br>San Diego, CA 92108<br>206-707-9603 / 858-750-7600<br>psalmon@aldridgepite.com |

DATED this 4th day of June, 2026, at Seattle, Washington.

*/s/ Arielle N. Armstrong*
Arielle N. Armstrong
Legal Assistant
Klinedinst PC
1325 Fourth Avenue, Suite 1335
Seattle, WA 98101
206-672-4400
aarmstrong@klinedinstlaw.com

30957528.1

DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS
- 8

Case No. 3:25-cv-05553-DGE

KLINEDINST PC
1325 Fourth Avenue, Suite 1335
Seattle, Washington 98101
(206) 672-4400