The Honorable David G. Estudillo

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

VICTORIA DIANE MCCANDLISH
(formerly: Heacock),

Plaintiff,

v.

NEWREZ LLC d/b/a SHELLPOINT
MORTGAGE SERVICING; SPECIALIZED
LOAN SERVICING LLC, its successors and
assigns; CLEAR RECON CORP; and DOES
1-10, inclusive,

Defendants.

Civil Action No. 3:25-cv-05553-DGE

DEFENDANTS' REPLY SUPPORTING
REQUEST FOR JUDICIAL NOTICE

Defendants NewRez and SLS, by and through their undersigned counsel of record, hereby submit their reply supporting the request for judicial notice, at Docket No. 72-1.

## I.    INTRODUCTION

Plaintiff's Opposition to Defendants' Request for Judicial Notice fundamentally misunderstands the incorporation by reference doctrine. While she argues that Defendants selectively attach documents in an attempt to improperly resolve disputed facts, the reality is that Defendants merely seek to introduce the very letters Plaintiff explicitly references in her Third Amended Complaint—that she strategically failed to attach. Under well-established Ninth Circuit precedent, this Court may consider these documents to evaluate the plausibility of Plaintiff's claims.

DEFENDANTS' REPLY SUPPORTING REQUEST FOR
JUDICIAL NOTICE - 1

Case No. 3:25-cv-05553-DGE

KLINEDINST PC
1325 Fourth Avenue, Suite 1335
Seattle, Washington 98101
(206) 672-4400

## II.     ARGUMENT AND AUTHORITY

Victoria McCandlish's argument is based on her flawed understanding of the incorporation by reference doctrine. As pointed out by Defendants' counsel, the "omitted" documents (including the March 16, 2023 letter) were attached as exhibits to Plaintiff's own Third Amended Complaint. The Request for Judicial Notice ("RJN") at issue simply completes the record relied upon by Plaintiff.

### A.     Defendants' Request for Judicial Notice Completes the Record

Plaintiff's averments that Defendants are selectively attaching documents (the July 8, July 29, and August 29, 2022 letters), while omitting purportedly "dispositive" documents is entirely illogical and unsupported by both relevant legal authority and this Court's docket. As emphasized by counsel, the documents she claims were omitted are already attached as exhibits to Plaintiff's Third Amended Complaint. *See* Dkt. 70-1. Defendants do not need to request judicial notice of documents that are already attached to the operative pleading; to do so would be surplusage.

The incorporation by reference doctrine treats documents as though they are part of the complaint itself in order to "prevent[] **plaintiffs** from selecting only portions of documents that support their claims, while omitting portions of those very documents that weaken—or doom—their claims." *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1002 (9th Cir. 2018) (emphasis added).[1] The request for judicial notice at issue simply provides the *earlier* letters in the exact correspondence series that Plaintiff explicitly references—and form the basis of her claims—in the Third Amended Complaint, but chose not to attach. Plaintiff's argument is without any basis and Defendants' Request for Judicial Notice should be permitted accordingly.

### B.     The Documents Test the Legal Sufficiency of the Pleadings

Plaintiff's claim that the RJN violates *Khoja* by asking the Court to accept the truth of the letters that validate the debt is similarly unsupported. The RJN asks this Court to notice the

---

[1] Plaintiff's Opposition relies on three separate quotes from the *Khoja* decision. Dkt 79 at 3. Defendants note that it appears only one of the three proffered quotes actually appears in the court's decision.

DEFENDANTS' REPLY SUPPORTING REQUEST FOR
JUDICIAL NOTICE - 2

Case No. 3:25-cv-05553-DGE

KLINEDINST PC
1325 Fourth Avenue, Suite 1335
Seattle, Washington 98101
(206) 672-4400

actual contents and existence of the responses SLS previously provided to McCandlish. Indeed, these letters not only help form the basis of McCandlish's meritless claims, but show on their face that SLS provided substantive responses, along with copies of the promissory note, deed of trust, and payment history. This is precisely what the doctrine is designed to do—prevent artful pleading by plaintiffs. *See Khoja*, at 1003. Furthermore, the incorporation by reference doctrine specifically permits courts to "treat such [documents] as part of the complaint, and thus may assume that [the] contents are true for purposes of a motion to dismiss under Rule 12(b)(6)." *Davis v. HSBC Bank Nevada, N.A.*, 691 F.3d 1152, 1160 (9th Cir. 2012) (quoting *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003)).

### C. Consideration of Incorporated Documents Does Not Require Conversion

Plaintiff's sole remaining argument wrongly asserts that, should this Court consider the documents in the RJN, the motion must be converted to one for summary judgment and permit her access to discovery. Ninth Circuit authority explicitly permits courts to "look beyond the pleadings" and consider documents incorporated by reference "without converting the Rule 12(b)(6) motion into one for summary judgment." *Davis v. HSBC Bank Nevada, N.A.*, at 1160 (quoting *Van Buskirk v. Cable News Network, Inc.*, 284 F.3d 977, 980 (9th Cir. 2002)); *see also, Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006) (observing that a court may consider evidence that is incorporated by reference); *Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005) (finding that the incorporation by reference doctrine permits a court to consider extrinsic documents); *United States v. Ritchie*, at 908 (explaining that a document may be incorporated by reference into a complaint if the plaintiff refers to it extensively or if it forms the basis of the plaintiff's claims).

### III. CONCLUSION

Defendants Request for Judicial Notice does not selectively curate the record; it completes it by supplying the portions of the correspondence series that Victoria McCandlish conveniently omitted when filing her Third Amended Complaint. The Court should accordingly grant RJN and consider the documents appended therein in conjunction with the exhibits already

DEFENDANTS' REPLY SUPPORTING REQUEST FOR
JUDICIAL NOTICE - 3

Case No. 3:25-cv-05553-DGE

KLINEDINST PC
1325 Fourth Avenue, Suite 1335
Seattle, Washington 98101
(206) 672-4400

attached to the operative complaint in order to properly evaluate the facial plausibility of

Plaintiff's claims.

DATED this 4th day of June, 2026.          KLINEDINST PC

I certify that this memorandum contains 817 words, in compliance with Local Civil Rules.

*/s/ Chancelor K. Eagle*
Gregor A. Hensrude, WSBA No. 45918
Chancelor K. Eagle, WSBA No. 60914
1325 4th Avenue, Suite 1335
Seattle, WA 98121
206-672-4400
ghensrude@klinedinstlaw.com
ceagle@klinedinstlaw.com

Attorneys for Defendants Specialized Loan Servicing LLC and NewRez, LLC d/b/a Shellpoint Mortgage Servicing

DEFENDANTS' REPLY SUPPORTING REQUEST FOR
JUDICIAL NOTICE - 4

KLINEDINST PC
1325 Fourth Avenue, Suite 1335
Seattle, Washington 98101
(206) 672-4400

Case No. 3:25-cv-05553-DGE

CERTIFICATE OF SERVICE

I, Arielle N. Armstrong, hereby certify that on the date below, I served a true and correct copy of the foregoing document via CM/ECF e-service or if not opted in then via email, upon the following:

| *Plaintiff pro se* | *Attorney for Defendants Clear Recon Corp. and Monica Chavez* |
|---|---|
| Victoria D. McCandlish (fka Heacock)<br>2700 Caples Ave<br>Vancouver, WA 98661-9998<br>360-634-2299<br>grantor1drop@pm.me | Peter Salmon, WSBA #31382<br>Aldridge Pite LLP<br>3333 Camino del Rio South, Suite 225<br>San Diego, CA 92108<br>206-707-9603 / 858-750-7600<br>psalmon@aldridgepite.com |

DATED this 4th day of June, 2026, at Seattle, Washington.

/s/ Arielle N. Armstrong
Arielle N. Armstrong
Legal Assistant
Klinedinst PC
1325 Fourth Avenue, Suite 1335
Seattle, WA 98101
206-672-4400
aarmstrong@klinedinstlaw.com

31026396.1

DEFENDANTS' REPLY SUPPORTING REQUEST FOR
JUDICIAL NOTICE - 5

KLINEDINST PC
1325 Fourth Avenue, Suite 1335
Seattle, Washington 98101
(206) 672-4400

Case No. 3:25-cv-05553-DGE