Family of McCandlish Trust
2700 Caples Avenue #2441
Vancouver. Washington. 98661-9998.
Grantors Office
(360) 634-2299 phone
(360) 634-2331 - fax
grantor1drop@pm.me

_____

Pro Per Sui Juris

FILED _____ LODGED
_____ RECEIVED

JUN 1 0 2026

CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT TACOMA
BY _____ DEPUTY

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WASHINGTON

Victoria Diane McCandlish
(formerly: Heacock),

        Plaintiff,

vs.

NEWREZ LLC d/b/a
SHELLPOINT MORTGAGE SERVICING;
SPECIALIZED LOAN SERVICING LLC, its
successors and assigns;
CLEAR RECON CORP; and
DOES 1–10, inclusive,

        Defendants.

Case No.  3:25-cv-05553-DGE

PLAINTIFF'S SURREPLY RE
DEFENDENTS' REPLY SUPPORTING
REQUEST FOR JUDICIAL NOTICE [LCR
7(g)]

## PLAINTIFF'S SURREPLY RE DEFENDENTS' REPLY SUPPORTING REQUEST FOR JUDICIAL NOTICE [LCR 7(g)]

## I. RELIEF REQUESTED

Pursuant to Local Civil Rule 7(g), Plaintiff respectfully requests that the Court strike two items of material contained in Defendants' Reply Supporting Request for Judicial Notice (Dkt. 94, filed June 4, 2026) ("Reply"):

1. The new factual assertion, at Reply page 3, that the SLS letters "show on their face that SLS provided substantive responses, along with copies of the promissory note, deed of trust, and payment history"; and

2. Footnote 1 of the Reply (at page 2).

Consistent with LCR 7(g)(2), this Surreply is strictly limited to that request to strike.

## II. ARGUMENT

A. The Reply's new factual assertion about what the letters "show on their face" must be stricken.

For the first time in reply, Defendants assert that the SLS letters "show on their face that SLS provided substantive responses, along with copies of the promissory note, deed of trust, and payment history." (Reply at 3.) That assertion should be stricken for two independent reasons.

First, it asks this Court to accept the truth of disputed documentary contents at the pleading stage — the precise use the Ninth Circuit forbids. Whether the SLS correspondence "provided substantive responses" or instead acknowledged an unreconciled discrepancy and failed to supply the life-of-loan reconciliation Plaintiff requested is the disputed factual question at the heart of the Third Amended Complaint. A document may be noticed for its existence, but "a court cannot take judicial notice of disputed facts contained in such public records." *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 999 (9th Cir. 2018). What the letters purportedly "show on their face" is the merits — not a matter for Rule 12.

Second, it is a new factual contention raised for the first time in reply, to which Plaintiff has had no opportunity to respond. New matter first advanced in reply is improper and should not be considered. The specificity now offered — "copies of the promissory note, deed of trust, and payment history" — appears nowhere in the Request for Judicial Notice (Dkt. 72-1) and is precisely the kind of reply-stage factual expansion LCR 7(g) exists to police.

B. Footnote 1 should be stricken as improper and inaccurate.

Footnote 1 asserts that "it appears only one of the three proffered quotes actually appears in the court's decision." (Reply at 2 n.1.) That footnote should be stricken.

It is, first, new argument injected into a reply footnote. It is, second, inaccurate: each of the three propositions Plaintiff advanced is in *Khoja*. In candor to the Court, Plaintiff corrects two inadvertent typographical transpositions in her pin cites and confirms the holdings:

- The statement that "a court cannot take judicial notice of disputed facts contained in such public records" is verbatim in *Khoja* at 899 F.3d 999 (the Opposition inadvertently cited page 1003).
- The principle that "it is improper to assume the truth of an incorporated document if such assumptions only serve to dispute facts stated in a well-pleaded complaint" appears at 899 F.3d 1003 (the Opposition inadvertently cited page 1002).
- The principle that these procedures may not be deployed "to defeat what would otherwise constitute adequately stated claims at the pleading stage" appears at 899 F.3d 998, as cited.

Each proposition is therefore squarely supported by the decision. The only inaccuracy is two transposed page numbers, which Plaintiff corrects here; the premise of footnote 1 — that the holdings are absent from the decision — is itself incorrect.

C. Defendants' own authority confirms the defect in the Request.

The very passage Defendants quote — that the doctrine exists to "prevent[] plaintiffs from selecting only portions of documents that support their claims, while omitting portions of those very documents that weaken—or doom—their claims," *Khoja*, 899 F.3d at 1002 (Reply at 2) — condemns the Request. Defendants attached the three earliest, generic 2022 letters and omitted the dispositive March 16, 2023 SLS letter (TAC Ex. D) and the February 13, 2026 Notice of Trustee's Sale (TAC Ex. G) — the documents that weaken their narrative. The principle Defendants invoke is the principle they violate.

## III. RESERVATION

This Surreply is filed without waiver of Plaintiff's objection that the Reply was filed June 4, 2026, after the deadline set by LCR 7(d)(3), which Plaintiff addresses by separate filing. All rights are reserved.

## IV. CONCLUSION

The Court should strike the material identified in Parts III.A and III.B and deny the Request for Judicial Notice for the reasons stated in Plaintiff's Opposition.

Executed on ⎯June /6ᵗʰ⎯⎯⎯⎯⎯, 2026, at Vancouver, Washington.

Respectfully submitted,

Victoria Diane McCandlish (formerly: Heacock)
*Plaintiff, in propria persona, sui juris*
2700 Caples Avenue, #2441
Vancouver, WA 98661-9998
Telephone: (360) 634-2299
Email: grantor1drop@pm.me

# CERTIFICATE OF SERVICE

I certify under penalty of perjury that on June 10, 2026, I caused the foregoing Plaintiff's Surreply to be filed with the Clerk of the Court, and that a true and correct copy was served by electronic mail upon:

- Gregor A. Hensrude — ghensrude@klinedinstlaw.com
- Chancelor K. Eagle — ceagle@klinedinstlaw.com
- Peter Salmon — psalmon@aldridgepite.com
- Patricia Army-parmy@aldridgepite.com

**Victoria Diane McCandlish**, *in propria persona, sui juris*

— End of Notice —