UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| VICTORIA DIANE MCCANDLISH,<br><br>Plaintiff,<br>v.<br><br>NEWREZ LLC et al.,<br><br>Defendants. | CASE NO. 3:25-cv-05553-DGE<br><br>ORDER GRANTING MOTION TO DISMISS THIRD AMENDED COMPLAINT (DKT. NO. 72) |

Before the Court is Defendant NewRez LLC's ("NewRez") motion to dismiss[1] (Dkt. No. 72) Plaintiff's third amended complaint (Dkt. No. 70) for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). For the following reasons, the Court GRANTS NewRez's motion to dismiss.

[1] Defendants Clear Recon Corp. and Specialized Loan Servicing LLC ("SLS") moved to join the motion to dismiss. (Dkt. Nos. 73, 85.)

## I BACKGROUND

On April 13, 2026, Plaintiff filed a third amended complaint. (Dkt. No. 70.) She alleges that on April 12, 2007, she executed a promissory note and deed of trust encumbering the real property located at 7100 NE 151st Circle, Vancouver, Washington 98686 ("the Property"). (Dkt. No. 70 at 3.) On December 1, 2013, SLS became the servicer of the loan. (*Id.*) Plaintiff alleges that at the time of the transfer, or shortly thereafter, an arrears balance in excess of $32,000 was applied to Plaintiff's account, and the balance "did not correspond to any missed principal or interest payments[.]" (*Id.*)

Between 2022 and 2024, Plaintiff sent multiple written inquiries to SLS disputing the validity of the alleged $32,419.24 arrears and requesting a transactional history. (*Id.* at 4.) Plaintiff alleges she sent seven written inquiries to SLS between July 8, 2022 and March 6, 2023. (*Id.*) Although SLS responded to each inquiry, Plaintiff alleges SLS failed to provide a "reconciliation that tracked the disputed $32,000 to any actual default event." (*Id.*)

Plaintiff further alleges Defendants continued to report Plaintiff as delinquent to credit reporting agencies while the account was in active dispute, and leveraged the "unverified $32,000 balance" to threaten foreclosure and demand "inflated monthly payments[.]" (*Id.* at 5–6.) As a direct result of Defendants' actions, Plaintiff alleges she suffered: payment of unauthorized fees and interest; lower credit scores; severe anxiety resulting from the threat of losing her home; and out-of-pocket expenses for certified mail, research, and forensic auditing. (*Id.* at 6.) Plaintiff brings four causes of action for (1) violation of the Real Estate Settlement Procedures Act ("RESPA"); (2) violation of the Fair Debt Collection Practices Act ("FDCPA"); (3) breach of contract and the implied covenant of good faith and fair dealing; and (4) intentional infliction of emotional distress. (*Id.* at 6–10.)

In its motion to dismiss, NewRez argues Plaintiff's RESPA claim should be dismissed pursuant to the Court's March 24, 2026 order, in which the Court dismissed the claim without leave to amend. (Dkt. No. 72 at 3) (citing Dkt. No. 69 at 7). NewRez further argues that Plaintiff's remaining claims are time-barred under the applicable statutes of limitations. (Dkt. No. 72 at 4–5.) Alternatively, NewRez contends Plaintiff's claims each fail as a matter of law because: (1) NewRez is not a debt collector for purposes of the FDCPA, (2) the terms of the deed of trust explicitly allow NewRez to hold funds in separate accounts, and (3) Plaintiff fails to allege any extreme or outrageous conduct for purposes of intentional infliction of emotional distress. (*Id.* at 6–7.) In response, Plaintiff argues the May 22, 2025 and February 13, 2026 notices of trustee's sale does not foreclose her RESPA claim because the alleged violations occurred after the Court's March 24, 2026 order. (Dkt. No. 78 at 4.) Similarly, Plaintiff argues that the two notices of trustee's sale fall within the statute of limitations for the FDCPA. (*Id.* at 4–5.)

## II LEGAL STANDARD

Federal Rule of Civil Procedure 12(b) motions to dismiss may be based on either the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacifica Police Dep't.*, 901 F.2d 696, 699 (9th Cir. 1988). Material allegations are taken as admitted and the complaint is liberally construed in the plaintiff's favor. *Keniston v. Roberts*, 717 F.2d 1295, 1300 (9th Cir. 1983). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted). "Factual allegations must be

enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (internal citations omitted). The complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. "The court need not, however, accept as true allegations that contradict matters properly subject to judicial notice or by exhibit. Nor is the court required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir.), *opinion amended on denial of reh'g*, 275 F.3d 1187 (9th Cir. 2001) (internal citation omitted).

## III DISCUSSION

### A. RESPA

As NewRez correctly points out, the Court previously dismissed Plaintiff's RESPA claim without leave to amend. (Dkt. No. 69 at 6–8.) Plaintiff's RESPA claims premised on the alleged failure to conduct a reasonable investigation into the arrears discrepancy identified in Plaintiff's notices of error dated May, June, and July 2022 (Dkt. No. 70 at 6–7) fall outside the statute of limitations and are barred. (*See* Dkt. No. 69 at 7) (identifying that Plaintiff "did not amend her complaint to bring these specific causes of action until December 1, 2025," which was past the applicable statute of limitations). Thus, the RESPA claims based on Plaintiffs' notices of errors dated May, June, and July 2022 are DISMISSED with prejudice.

Plaintiff, however, asserts in her response that the two recorded notices of trustee's sale dated May 22, 2025 and February 13, 2026 independently support RESPA violations. (Dkt. No. 78 at 3–4.) However, nowhere in the third amended complaint does Plaintiff identify how these the notices of trustee's sale violate any provision RESPA. On its face, the third amended complaint does not allege a RESPA violation based on the notices of trustee's sale.

**B.** Accordingly, as presently presented, the third amended complaint fails to state a RESPA claim. **FDCPA**

Plaintiff contends Defendants violated 15 U.S.C. § 1692e(2)(A) by falsely representing the amount of a debt and violated 15 U.S.C. § 1692f(1) by attempting to collect a debt not contractually owed. (Dkt. No. 70 at 7–8.) However, "every alleged FDCPA violation triggers its own one-year statute of limitations[.]" *Brown v. Transworld Sys., Inc.*, 73 F.4th 1030, 1040 (9th Cir. 2023). There is no discovery rule for FDCPA claims, so "absent the application of an equitable doctrine, the statute of limitations in [15 U.S.C. § 1692k(d)] begins to run on the date on which the alleged FDCPA violation occurs, not the date on which the violation is discovered." *Rotkiske v. Klemm*, 589 U.S. 8, 10 (2019). Even assuming that Defendants falsely represented the amount of the debt and unlawfully attempted to collect the debt, Plaintiff pleads that SLS's last communication to her was dated April 15, 2024. (Dkt. No. 70 at 4.) Thus, Plaintiff had until April 15, 2025 to bring forth a claim; Plaintiff did not allege a claim for violations of the FDCPA until December 1, 2025. (Dkt. No. 50.) Because Plaintiff's claim falls outside the statute of limitations, the Court DISMISSES Plaintiff's claim under the FDCPA with prejudice based on any communications occurring prior to November 30, 2024—which is one year before asserting an FDCPA claim.[2]

---

[2] Again, Plaintiff argues that the two notices of trustee's sales—dated May 22, 2025 and February 13, 2026—fall within the one year statute of limitations. (Dkt. No. 78 at 4–5.) The complaint explicitly states Defendants violated the FDCPA by "asserting, reporting, and attempting to collect a $32,419.24 arrears balance that they knew—or were willfully blind to knowing—was unverified and mathematically unsupported." (Dkt. No. 70 at 7.) Nowhere in the complaint does Plaintiff allege Defendants also violated the FDCPA by sending notices of trustee's sale.

### C. Remaining State Law Claims

Because Plaintiff has not stated a cause of action under federal law, the Court must decide whether to retain jurisdiction over Plaintiff's remaining state law claims for breach of contract/implied covenant of good faith and fair dealings, and intentional infliction of emotional distress. "The decision whether to continue to exercise supplemental jurisdiction over state law claims after all federal claims have been dismissed lies within the district court's discretion." *Foster v. Wilson*, 504 F.3d 1046, 1051 (9th Cir. 2007). Factors to be considered when making the decision are economy, convenience, fairness, and comity. *Carnegie–Mellon Univ. v. Cohill,* 484 U.S. 343, 351 (1988). Generally, when "all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine . . . will point toward declining to exercise jurisdiction over the remaining state law claims." *Id.* at 350, n.7*; see also Oliver v. Ralphs Grocery Co.,* 654 F.3d 903, 911 (9th Cir. 2011) (holding district court did not abuse its discretion in dismissing state law claims where the balance of relevant pendent jurisdiction factors did not tip in favor of retaining the state law claims after dismissal of the ADA claim).

The Court declines to exercise supplemental jurisdiction over Plaintiff's remaining state law claims and DISMISSES them without prejudice.

## IV CONCLUSION

For the reasons addressed above, the Court GRANTS NewRez's motion to dismiss. (Dkt. No. 72.) Plaintiff's third amended complaint is DIMISSED with prejudice as to (1) Plaintiff's RESPA claims premised on Plaintiff's notices of error dated May, June, and July 2022 and (2) Plaintiff's FDCPA claims that are based on communications occurring prior to November 30, 2024.

Plaintiff's remaining state law claims are DISMISSED without prejudice as the Court declines to exercise supplemental jurisdiction at this time.

Notwithstanding, Plaintiff is GRANTED one last opportunity to file an amended complaint to attempt to assert an RESPA or FDCPA violation that are not barred by the statute of limitations.[3]

The new amended complaint shall be filed **no later than August 24, 2026**. The Clerk is directed to calendar this event.

Finally, because Plaintiff's complaint is dismissed, Plaintiff's motion for preliminary injunction (Dkt. No. 76) is necessarily DENIED as moot. *See Turner v. Brown*, Case No. 1:18-cv-01574-DAD-GSA, 2019 WL 10303566, at *1 (E.D. Cal. Aug. 30, 2019) (denying motions for preliminary injunctive relief as moot because operative complaint was dismissed); *Mester v. Martel*, No. 2:17-cv-1712-KJM-AC, 2018 WL 1567833, at *4 (E.D. Cal. Mar. 30, 2018) ("Because the complaint is being dismissed with leave to amend, there are currently no claims pending and the motion for preliminary injunction will therefore be denied as moot.").

Dated this 27th day of July, 2026.

David G. Estudillo
United States District Judge

[3] Plaintiff filed a surreply (Dkt. No. 96) seeking to strike from Defendant's reply supporting request for judicial notice (Dkt. No. 94) "a new factual assertion" found on page three and footnote one located on page 2. Because the Court did not consider Defendant's request for judicial notice for purposes of this Order, Plaintiff's request to strike is DENIED as moot.